UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| v. | **INDICTMENT** |
| CODY L. PRATER, | 18 U.S.C. § 1462 |
| Defendant. | 18 U.S.C. §§ 1466A(a)(1) & (d)(4) |
| | 18 U.S.C. §§ 1466A(b)(1) & (d)(4) |
| | 18 U.S.C. §§ 2252(a)(2) & (b)(1) |
| | 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2) |
| | **FORFEITURE ALLEGATIONS** |

FILED
RICHARD W. NAGEL
CLERK OF COURT

APR 10 2025 11:11 A

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-COLUMBUS

**THE GRAND JURY CHARGES:**

## COUNT ONE
(Receipt of Child Pornography)

1. On or about September 6, 2023, in the Southern District of Ohio, the defendant, **CODY L. PRATER**, having been previously convicted of an offense under the laws of Ohio relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – did knowingly receive one or more visual depictions using any means and facility of interstate and foreign commerce, including the internet, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such conduct, to wit: digital files depicting prepubescent and toddler-aged or infant children engaged in

sex acts with adults, including oral sex, and subjected to sadistic and masochistic abuse, and the lascivious exhibition of their genitalia, anus, and pubic region.

**In violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1).**

## COUNT TWO
(Transportation of Obscene Matters)

2. On or about June 14, 2024, in the Southern District of Ohio, the defendant, **CODY L. PRATER**, did knowingly transport or receive in interstate or foreign commerce, via an interactive computer service, an obscene matter, to wit: visual depictions of child mutilation and torture.

**In violation of 18 U.S.C. § 1462.**

## COUNT THREE
(Receipt of Obscene Visual Representation of Child Sexual Abuse)

3. Between August 2023 and July 11, 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **CODY L. PRATER**, having been previously convicted of an offense under the laws of Ohio relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – did knowingly receive a visual depiction of any kind that depicts a minor engaging in sexually explicit conduct and is obscene, such visual depiction having been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet, to wit: digital files depicting computer-generated prepubescent and pubescent minors engaged in sex acts with adults, bestiality, and subjected to sadistic and masochistic abuse.

**In violation of 18 U.S.C. § 1466A(a)(1) & (d)(4).**

## COUNT FOUR
(Possession of Obscene Visual Representation of Child Sexual Abuse)

4. On or about July 11, 2024, in the Southern District of Ohio, the defendant, **CODY L. PRATER**, having been previously convicted of an offense under the laws of Ohio relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – did knowingly possess a visual depiction of any kind that depicts a minor engaging in sexually explicit conduct and is obscene, such visual depiction having been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet, to wit: digital files depicting computer-generated prepubescent and pubescent minors engaged in sex acts with adults, bestiality, and subjected to sadistic and masochistic abuse.

**In violation of 18 U.S.C. § 1466A(b)(1) & (d)(4).**

## COUNT FIVE
(Possession of Child Pornography)

5. On or about July 11, 2024, in the Southern District of Ohio, the defendant, **CODY L. PRATER**, having been previously convicted of an offense under the laws of Ohio relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – knowingly possessed matter, that is, digital media devices that contained one or more visual depictions, the production of such visual depictions having involved the use of prepubescent minors engaging in sexually explicit conduct, as defined

in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct, and such visual depictions had been mailed, shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

**In violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2).**

## FORFEITURE ALLEGATION A

6. Upon conviction of one or more of the offenses set forth in Counts One and Five of this Indictment, the defendant, **CODY L. PRATER**, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18, United States Code, Chapter 110, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property, including but not limited to:

- A Gigabyte B450M Gaming Desktop Model Number DS3H, including its contents;
- A Samsung SSD 850 EVO 500 GB Computer, Model Number MZ-75E500, Serial Number S2RANX0HB00993P, including its contents;
- A Western Digital SN530 NVMe 256 GB SSD, Model Number SDBPNPZ-256G-1006A, Serial Number 21411B801176, including its contents;
- A SanDisk Cruzer Dial "Tails" 32 GB Thumb Drive, Model Number/Serial Number BM180526434B, including its contents;
- A Kobee Cellular Phone, including its contents;
- A Micro Center USB3.1 16 GB Thumb Drive, including its contents;
- A Lenovo A2107A-H 16 GB Tablet, Serial Number XD00859922, including its contents;
- A black Samsung Smartphone, including its contents;
- A Samsung Galaxy A10e 32 GB Smartphone, Model Number GSM SM-2102DL, including its contents;

- A silver LG Smartphone, including its contents;
- A black LG Smartphone, including its contents;
- An Acer Aspire 7520-5757 Laptop, Serial Number 80804641316, including its contents;
- A Seagate Momentus Thin 320 GB SSD, Model Number ST320LT020, Serial Number W0Q3CZDT, including its contents; and
- One Google Pixel 7 Pro with associated IMEI 352419782599670, including its contents.

## FORFEITURE ALLEGATION B

7. Upon conviction of one or more of the offenses set forth in Counts Two through Four of this Indictment, the defendant, **CODY L. PRATER**, shall forfeit to the United States pursuant to 18 U.S.C. § 1467(a): (1) any obscene material produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 71; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s), including but not limited to the items listed in Forfeiture Allegation A.

## SUBSTITUTE ASSETS

8. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

5

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) or 18 U.S.C. § 1467(b), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

**Forfeiture notice in accordance with 18 U.S.C. § 2253(a), 18 U.S.C. § 1467(a), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

A TRUE BILL.

*s/Foreperson*
**GRAND JURY FOREPERSON**

**KELLY A. NORRIS**
Acting United States Attorney

**EMILY CZERNIEJEWSKI** (IL 6308829)
Assistant United States Attorney