UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:25-cr-56

Cody Prater,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Cody Prater ("Defendant") is charged with five counts: one count of Receipt of Child Pornography, subsequent to a prior conviction, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(i); one count of Transportation of Obscene Matters in violation of 18 U.S.C. § 1462; one count of Receipt of Obscene Visual Representations of Child Sex Abuse in violation of 18 U.S.C. § 1466A(a)(1) & (d)(4); one count of Possession of Obscene Visual Representations of Child Sex Abuse in violation of 18 U.S.C. § 1466A(b)(1) & (d)(4); and one count of Possession of Child Pornography, subsequent to a prior conviction, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(i). Indictment, ECF No. 18. His trial is scheduled for June 16, 2025. ECF No. 21.

Defendant moves to continue his trial date and associated pre-trial deadlines. *See generally*, Mot., ECF No. 25. Defendant informs that he needs additional time to review discovery, and he contends that warrants a

continuance. *Id.* Defendant also represents that the Government does not oppose his request. *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on Defendant's representation that he and his counsel need additional time to review discovery, the Court finds that failure to grant the continuance "would unreasonably deny the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of

the public and the defendant in a speedy trial." See 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h).

Defendant's motion is **GRANTED**. Trial is set for **September 29, 2025, at 9:00 a.m.** The final pretrial conference is set for **September 24, 2025, at 2:00 p.m.,** by which time the joint Final Pretrial Order must be filed on the docket. Any motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993) and Federal Rule of Evidence 702, motions *in limine*, and proposed joint, substantive jury instructions are due by **September 8, 2025, at 5:00 p.m.** Any responses to such motions are due by **September 17, 2025, at 5:00 p.m.**

The Clerk shall terminate ECF No. 25.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**