# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-56 |
| Plaintiff, | JUDGE MICHAEL H. WATSON |
| vs. | |
| CODY L. PRATER, | |
| Defendant. | |

## UNOPPOSED MOTION FOR DISCOVERY PROTECTIVE ORDER

The United States of America, by and through its undersigned counsel, respectfully file this unopposed motion for entry of a Discovery Protective Order.

Defendant Cody L. Prater was charged by Indictment on April 10, 2025 with Receipt of Child Pornography, in violation 18 U.S.C. §§ 2252(a)(2) & (b)(1); Transportation of Obscene Matters, in violation of 18 U.S.C. § 1462; Receipt of Obscene Visual Representation of Child Sexual Abuse, in violation of 18 U.S.C. § 1466A(a)(1) & (d)(4); Possession of Obscene Visual Representation of Child Sexual Abuse, in violation of 18 U.S.C. § 1466A(b)(1) & (d)(4); and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2). The case involving the Defendant was initiated from a Homeland Security Investigations (HSI) lead regarding the Defendant being present in chat groups dedicated to child pornography. His presence took place on internet-based chat applications referred to as "Application A[1]" where an HSI agent maintains an undercover presence.

---

[1] The name of Application A, as well as other information about the undercover operation, is known to law enforcement but anonymized in this affidavit to protect operational security. Application A remains active and disclosure of the name of the application would potentially alert its users to the fact that law enforcement action is being taken against users of the application, thereby provoking users to notify other users of law enforcement action,

Investigation of this Defendant is complete, however, the investigation into others who have communicated with or been present with him in these chat groups is ongoing, and there is reason to believe that such individuals often communicate with and about each other.

Discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16 include law enforcement sensitive items related to the ongoing investigations of these other individuals. The dissemination of the government's investigative materials, including search warrant affidavits, reports of investigation, and the information contained therein, could seriously jeopardize those continuing investigations by alerting other individuals under investigation to the nature and scope of the government's ongoing investigations.

The government requests that the Discovery Protective Order require that the Defendant may not disseminate discovery items labeled "PROTECTED DOCUMENT" to anyone other than counsel and members of the Defendant's litigation and investigative team. As proposed in the Protective Order, defense counsel and the Defendant's litigation team may show and display materials produced in discovery to the Defendant, but may not provide a copy of materials produced in discovery to the Defendant or third parties to keep and maintain in their possession. Further, defense counsel and the Defendant's litigation team shall return materials produced in discovery to the United States Attorney's Office within 10 days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

---

flee, and/or destroy evidence. Accordingly, to protect the confidentiality and integrity of the ongoing investigation involved in this matter, specific names and other identifying factors have been replaced with generic terms and the application will be identified herein as "Application A.

*Emily Czerniejewski*

_____
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone: (614) 406-3572
Emily.Czerniejewski@usdoj.gov