**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No: 2:25-CR-56 |
| **v.** : | |
| : | JUDGE MICHAEL H. WATSON |
| **CODY L. PRATER** : | |

### UNITED STATES' REQUEST FOR A HEARING PURSUANT TO *LAFLER V. COOPER*

Now comes, the United States, by and through undersigned counsel, requesting that this Court schedule a pre-trial hearing to determine whether the government's plea offers had been conveyed to the defendant, whether the defendant understood the terms of the plea offers, and whether the defendant now understands that the plea offers were withdrawn based on his rejection of such and that the case is set to proceed to jury trial accordingly.

In April of 2025, the Grand Jury for the Southern District of Ohio returned a five count Indictment charging the defendant with violations of federal law involving child pornography, AI generated child pornography, and obscene matter. (Doc. #18, Indictment).  Trial on these charges is scheduled to begin on September 29, 2025.  (Doc. #26, Scheduling Order).

The defendant in this case was initially arrested on December 9, 2024 on a criminal complaint.  (Doc. #1 and #2, Complaint and Arrest Warrant).  Between the time of his arrest and the Indictment, the parties engaged in plea negotiations which primarily took place in February and March of 2025.  After the parties failed to resolve the case based on terms and conditions of both proposed plea agreements pre-indictment, the facts surrounding the investigation into the defendant were presented to the Grand Jury and the Indictment was returned as noted above.

Based on the trajectory of this case and the fact that it is in an imminent trial posture, it is the government's understanding that the defendant rejected all plea offers that the government has extended in this case. The government believes, based on Supreme Court precedent, that the wisest course is to ensure the record clearly reflects the defendant's knowledge of the two proposed plea negotiations conducted on his behalf and a knowing rejection of those plea offers.

In *Lafler v. Cooper*, the Supreme Court recognized that when the government extends a plea offer to a defendant, that defendant "has the right to effective assistance of counsel in considering whether to accept it." 566 U.S. 156, 168 (2012). If a defendant does not receive such assistance, and "loss of the plea opportunity [leads] to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence" the defendant has suffered prejudice as the result of the ineffective assistance. *Id*. The Supreme Court thus recommended that the government and trial courts make a formal record of plea offers, and a defendant's response to such offers, "to help ensure against late, frivolous, or fabricated claims after a later, less advantageous offer has been accepted or after a trial leading to conviction with resulting harsh consequences." *Missouri v. Frye*, 566 U.S. 134, 146 (2012); *Lafler*, 566 U.S. at 172. Among those measures are extending a formal plea offer, reducing the plea offer to writing, and making a plea offer "part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." *Frye*, 566 U.S. at 146. With respect to the third measure, the Supreme Court referenced a procedure by which the parties "memorialize in some fashion prior to trial (1) the fact that a plea bargain offer was made, and (2) that the defendant was advised of the offer and its precise terms, . . . and (3) the defendant's response to the plea bargain offer." *Id.* at 147 (*quoting In re Alvernaz*, 2 Cal. 4th 924, 938, n.7 (1992)).

2

While the government is confident that counsel for the defendant has communicated the current plea offer to the defendant and has provided him with reasonable and effective advice regarding that plea offer, caution and the Supreme Court instruct that the proper route to preclude future litigation regarding the information and advice the defendant received is to make a formal record of the plea offer and the defendant's response.  Accordingly, the government respectfully requests that the Court convene a *Lafler* hearing at which the parties can put on the record the following facts: (1) the government extended plea offers to the defendant; (2) the substance of those offers; (3) the fact that the defendant was advised of the offers and their precise terms; and (4) that the defendant has conclusively rejected the offers.  *Id*. (citation omitted).  In the interests of judicial economy, the government requests that such hearing be held within the next 14 days[1].

**WHEREFORE,** for the reasons set forth above, the government respectfully requests that the Court schedule a pre-trial hearing to determine the defendant's knowledge of, and response to, the plea negotiations conducted in this case.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/*Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
TYLER AAGARD (NC 54735)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 406-3572
Fax: (614) 469-5653
Emily.Czerniejewski@usdoj.gov
Tyler.Aagard@usdoj.gov

---

[1] A pretrial status conference is to be held telephonically on August 21, 2025.  The government would even propose that this be converted to an in-person hearing to address the *Lafler* motion here instead and after the *Lafler* hearing concludes, the parties would be present already to continue communications for the pretrial conference.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was served this 14th day of August 2025, electronically upon all counsel for the defendant.

s/*Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
