IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No: 2:25-cr-56 |
| | : | |
| v. | : | |
| | : | JUDGE MICHAEL H. WATSON |
| | : | |
| CODY L. PRATER | : | |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT

Now comes the United States of America, and for the reasons set forth below, seeks a ruling from the Court excluding from the jury's consideration certain material that is improper or irrelevant to the guilt or innocence of the accused and could only serve to either mislead the jury or invite it to decide the case on an improper basis. The United States respectfully submits that the defense should be precluded from offering any evidence or argument before the jury related to: the evidence in this case being seized unlawfully and any argument, evidence, or lines of inquiry designed to elicit or which has the effect of supporting jury nullification, including potential penalties the defendant will face if convicted.

### BACKGROUND

On April 10, 2025, the Grand Jury returned an Indictment that charged the defendant with child exploitation related offenses. (Doc. #18, Indictment). Specifically, the defendant is charged in Count One with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1); in Count Two with Transportation of Obscene Matters in violation of 18 U.S.C. § 1462; in Count Three with Receipt of Obscene Visual Representation of Child Sexual Abuse, in violation of 18 U.S.C. § 1466A(a)(1) & (d)(4); in Count Four with Possession of Obscene Visual Representation

of Child Sexual Abuse, in violation of 18 U.S.C. § 1466A(b)(1) & (d)(4); and in Count Five with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2). The case is set for jury trial on September 29, 2025 accordingly.  (Doc. #26, Trial Order).

### A. The defendants may not seek to suggest to the jury that the evidence in this case was not obtained lawfully[1].

The defendants should be prohibited from suggesting to the jury in any way—be it through argument, cross examination, or some other means—that the evidence in this case was not obtained lawfully.  The jury in a criminal case has two main duties.  "The first one is to decide what the facts are [based on] the evidence that [the jurors] saw and heard … in court."  Sixth Circuit Pattern Criminal Jury Instruction, § 1.02 (2023).  The jury's "second duty is to take the law that [the Court gives it], apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt."  *Id.*

The jury's determination of the facts and application of the law to the facts do not turn on its determination of whether the evidence was lawfully recovered.[2]  It is not the jury's province to make such a determination.  Instead, it is the Court's responsibility to make that determination.  *See, e.g.*, *Jones v. United States*, 362 U.S. 257, 264 (1960) ("This provision of Rule 41(e), requiring the motion to suppress to be made before trial, is a crystallization of decisions of this Court requiring that procedure, and is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt."), *overruled on other grounds by United States*

---

[1] The government understands that this specific request is premature.  However, the government anticipates that motions to suppress are forthcoming by the defendant.  It is unknown yet what argument will be made or how the Court will rule on these forthcoming motions, but should they be denied, the government presents this request to the Court to preserve the objection for trial given the September 8, 2025 deadline for pretrial motions to be filed.

[2] In light of (a) the elements of the offenses with which the defendant is charged and (b) the definition of relevant evidence in Federal Rule of Evidence 401, evidence of whether the evidence was lawfully recovered is *not relevant* – it doesn't make any fact, that is of consequence in determining the action, more or less likely.  And as this Court is well aware, "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

*v. Salvucci*, 448 U.S. 83, 100 (1980); accord, *United States v. Stuart*, 507 F.3d 391, 395 (6th Cir. 2007) ("[C]ourts rather than juries must ultimately decide whether a Fourth Amendment claim requires the suppression of evidence."). "Once the court [has] upheld the validity of the search, all that [is] left for the jury to decide [is] whether the government proved the elements of the charges beyond a reasonable doubt." *Stuart*, 507 F.3d at 395.

    **B. The issue of punishment is irrelevant to the jury's determination.**

It is well established that, unless the jury has a role in sentencing, the jury may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendants are guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon*, 512 U.S. at 579. Information regarding what sentence might be imposed following a guilty verdict is therefore "irrelevant to the jury's task," *Shannon*, 512 U.S. at 579, and the jury is not to consider the potential punishment that could result from conviction. *See United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995); *United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990).

Moreover, "[t]o inform the jury that the court may impose a minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tends to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962). Providing sentencing information to the jury "invites [jurors] to ponder matters that are

not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon,* 512 U.S. at 579.  Indeed, it has been recognized that "the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law." *Johnson*, 62 F.3d at 850-51.  Just as it would be improper for the court to instruct the jury as to its power to nullify, "[an] attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible." *United States v. Manning*, 79 F.3d 212, 219 (1st Cir.), cert. denied, 519 U.S. 853 (1996).

Information relating to punishment or collateral consequences following conviction is irrelevant to the jury's fact-finding duties, as any such information does not have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable.  *See* Fed. R. Evid. 401.  Any such information, including the term of incarceration applicable to the offenses charged, or any collateral consequences of conviction, such as having to register as a sex offender, should thus be excluded pursuant to Rule 402 because is is irrelevant.

C. **Any other evidence or argument inviting jury nullification is improper**

The issues discussed above all relate to evidence and information that is not relevant in this trial, as none of the evidence or information would make any fact of consequence in the case more or less probable.  The only reason for the admission of such evidence would be to invite the jury to base its decision on an improper basis, i.e. one other than the application of the law to the facts of the case.  Any suggestion by the defendant, by way of argument, questioning, or presentation of evidence, that the jury engage in such nullification would be improper and should be prevented by the Court.

Since the Supreme Court's decision in *Sparf, et. al. v. United States*, 156 U.S. 51 (1895), the federal courts have consistently rejected any argument that the jury has a right to be instructed regarding their power to nullify or that a defendant has any right to make arguments to induce such nullification. In *Sparf*, the defendants, convicted of murder, sought review on the theory that the trial judge had unconstitutionally usurped the jury's province by instructing it that, although the jury had the power to bring in a verdict of manslaughter, any verdict other than a conviction for murder, the crime charged, or a total acquittal would violate its oaths and duties. *Id*. at 59-63. The Supreme Court rejected their argument, holding that, although a jury has an absolute power to ignore a judge's directions, it has no such right and to do so is wrongful. *Id*. at 101-02. The Supreme Court reasoned that "public and private safety alike would be in peril if the principle be established that juries in criminal cases may, of right, disregard the law as expounded to them by the court, and become a law unto themselves." *Id*.

Appellate courts have followed the Supreme Court's decision in *Sparf* and have consistently declared that, although constitutionally unpreventable, nullification is a wrongful action. "We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within the authority to prevent." *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997). *See also United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996)("[A]n unreasonable jury verdict . . . is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification . . . is not a right, either of the jury or of the defendant"); *United States v. Edwards*, 101 F.3d 17, 19-20 (2d Cir. 1996) (holding good motives do not nullify a defendant's violation of the law and a jury should not be encouraged to consider such arguments); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) ("Defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Trujillo*,

714 F.2d 102, 106 (11th Cir. 1983)("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice.  While we recognized that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *United States v. Marchese*, 438 F.2d 452, 455 (2d Cir. 1971) (holding court did not err in instructing jury that it is bound to accept law as given by court).  Thus, it is clearly improper for the defendant to suggest in any way that the jury should acquit him even if it finds that the United States has met its burden of proof.

Furthermore, it is proper for a party to file, and a Court to grant, a motion *in limine* to exclude from the trial arguments designed to induce jury nullification.  *See United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (affirming trial court's granting of government's motion in limine to exclude jury nullification arguments).  This Court can and should prevent the defendant from presenting evidence or arguments intended or likely to invite jury nullification.  *See United States v. Young*, 470 U.S. 1, 7-10 (1985)(holding that court has duty to prevent counsel from making improper arguments to the jury, including those that are designed to divert the jury from its duty to decide the case on the facts and the law); *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir. 1983)("Although jurors may indeed have the power to ignore the law, their duty is to apply the law as interpreted by the court and they should be so instructed."); *United States v. Burkhardt*, 501 F.2d 993, 996-97 (6th Cir. 1974)(holding that court should instruct jury to ignore everything but the facts and the law).  Any evidence related to any of the issues discussed above would only serve to invite the jury to base a verdict on an improper basis rather than the facts and the law.  These issues, and any others that would seek to confuse the jury or invite it to make a decision based on emotion, sympathy or other improper bases, should be excluded.

## CONCLUSION

Wherefore, the United States respectfully requests that the Court preclude the defendant from seeking to admit at trial any evidence of or propounding any argument related to any of the forgoing issues.

Respectfully submitted,

**DOMINICK S. GERACE II**
United States Attorney

s/*Emily Czerniejewski*
**EMILY CZERNIEJEWSKI (IL 6308829)**
**TYLER AAGARD (NC 54735)**
Assistant United States Attorneys
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 406-3572
Emily.Czerniejewski@usdoj.gov
Tyler.Aagard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served this 8th day of September, 2025 electronically upon counsel for the defendant.

s/ *Emily Czerniejewski*
**EMILY CZERNIEJEWSKI (IL 6308829)**
Assistant United States Attorney
