**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No: 2:25-cr-56** |
| | : | |
| **v.** | : | |
| | : | **JUDGE MICHAEL H. WATSON** |
| | : | |
| **CODY L. PRATER** | : | |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE
PURSUANT TO FEDERAL RULES OF EVIDENCE 803, 807 AND 902**

The United States of America, by and through its undersigned counsel, herby notifies the Court and the defendant of its intent to introduce the following evidence as self-authenticating pursuant to the Federal Rules of Evidence. The government intends to introduce business records by affidavit or declaration under Rules 803(6) and 902(11) of the Federal Rules of Evidence; electronic evidence by way of certification under Rule 902(14); and trade inscription evidence pursuant to Rules 902(7) and 807.

I.      Business Records

Rule 803(6) provides that the records of regularly conducted activities may be admitted through the testimony of a custodian of records or, alternatively, through use of a certification pursuant to Rule 902(11). In turn, Rule 902(11) states:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

In accordance with these rules, the government now provides notice to the defendant that it may seek to admit the following records pursuant to the certifications of the pertinent records custodians or other qualified persons without calling a live witness:

**Charter Communications**

- Details for Account Information Related to IP Address 162.154.160.66, 41578 on March 30, 2024 at 11:50:00 PM  (*See* Government Exhibit A and Government Exhibit B)

The certifications of the records custodians for the above-listed businesses are attached hereto as noted above.

II.     <u>Forensic Extraction Evidence</u>

Federal Rule of Evidence 902(14), which went into effect in December 2017, permits the authentication of certain electronic evidence by certification rather than through the testimony of a live witness. *See United States v. Dunnican*, 961 F.3d 859, 871–872 (6th Cir. 2020) (holding that evidence extracted from a seized cell phone was "properly authenticated" by certification under Rule 902(14)). Rule 902(14) provides as follows:

> Certified Data Copied from an Electronic Device, Storage Medium, or File. Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

In enacting Rule 902(14) (along with Rule 902(13)), the Rules Committee noted that "as with the provisions on business records in Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary." Fed. R. Evid. 902(13), Advisory Committee's Note (2017). "It is often the case that a party goes to the expense of producing an authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the

authentication testimony once it is presented." *Id.* "The amendment provides a procedure under which the parties can determine in advance of trial whether a real challenge to authenticity will be made and can then plan accordingly." *Id.*

In this case, law enforcement seized approximately nine digital media devices from the bedroom of the defendant at 317 South Locust Street in McArthur, Ohio 45651. Four of those devices are relevant to the child exploitation activities that the defendant is alleged to have engaged in – (1) one Gigabyte BD450M DS3H Gaming Desktop containing three internal hard drives, (2) one SanDisk Cruzer "TAILS" Thumb Drive, (3) one Lenovo A2107A-H 60015 16 GB Tablet PC (S/N: XD00859922), and (4) one Google Pixel 7 Pro, IMEI:352419782599662.

All four devices containing items of evidentiary value were seized on or about July 11, 2024 when a search warrant was executed at the defendant's residence. Law enforcement obtained a search warrant for digital media devices and executed the warrant, first seizing the devices then using forensic acquisition software. More specifically, the devices were seized and searched pursuant to a search warrant issued by Magistrate Judge Vascura on or about July 9, 2025 under case number 2:24-mj-347. The extraction reports for the relevant devices have been made available to the defendant and the expert that the defendant has retained. For the devices that could not be extracted, i.e. the SanDisk Cruzer "TAILS" Thumb Drive, a summary of what was recovered on the device was provided to the defense and their expert in a separate written report.

Attached to this notice is a signed certification from Nicole Islam, a former Computer Forensic Analyst (CFA) with Homeland Security Investigations. Ms. Islam performed forensic extraction or captures of the Gigabyte BD450M DS3H Gaming Desktop and the Lenovo A2107A-H 60015 16 GB Tablet PC. The forensic methodology utilized to do was outlined in both her

3

certificate of authenticity and a report of investigation (ROI) that she authored.  (*See* Government Exhibit C and Exhibit D).

Attached to this notice is also a signed certification from Anna Edgar, a Special Agent and Computer Forensic Analyst (CFA) with Homeland Security Investigations.  SA Edgar performed a full file system extraction of the Google Pixel 7 Pro cellular phone belonging to the defendant. Information about that extraction is outlined in both her certificate of authenticity and a report of investigation (ROI) that she authored.  (*See* Government Exhibit E and Exhibit F).

In their Rule 902(11) and 902(14) certifications, both SA Edgar and (former) CFA Islam affirm that they were qualified to conduct the acquisition and extraction, the process used to create the images or copies was reliable, and in their opinion, the digital acquisition, copies, and extractions are true and accurate copies of the original data on the respective devices.  As such, the government has met the requirements of Rules 902(14) and will seek to admit the forensic image extraction without the need for testimony from a live witness.

III.     Trade Inscription Evidence

Pursuant to Federal Rule of Evidence 902(7), evidence pertaining to any "inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control" is self-authenticating and requires "no extrinsic evidence of authenticity in order to be admitted."  The government hereby provides notice pursuant to Rule 902(7) that it intends to introduce at trial, trade inscriptions pertaining to the location of origin of the following devices:

1.  Gigabyte BD450M DS3H Gaming Desktop:

    o   One Samsung 860 EVO Internal Hard Drive obtained from the residence of the defendant, Cody Prater, on or about July 11, 2023, which bears the trade inscription "Made in Thailand;" and

- o One Samsung 850 EVO Internal Hard Drive obtained from the residence of the defendant, Cody Prater, on or about July 11, 2023, which bears the trade inscription "Made in China;"

- o One Western Digital SN530 Internal Hard Drive obtained from the residence of the defendant, Cody Prater, on or about July 11, 2023, which bears the trade inscription "Made in Malaysia;"

2. One Lenovo A2107A-H 60015 16 GB Tablet PC obtained from the residence of the defendant, Cody Prater, on or about July 11, 2023, which bears the trade inscription "Made in China;"

3. One SanDisk Cruzer "TAILS" Thumb Drive obtained from the residence of the defendant, Cody Prater, on or about July 11, 2023, which bears the trade inscription "Made in China;"

4. One Google Pixel 7 Pro obtained from the residence of the defendant, Cody Prater, on or about July 11, 2023, which was manufactured in China or Vietnam but which does not bear an external trademark inscription on the physical device.

Courts have regularly upheld the admission of trade inscriptions of this nature without the need to call a witness to authenticate the markings.  *See United States v. Burdulis,* 753 F.3d 255, 263 (1st Cir. 2014) (in child pornography case, court determined that "Made in China" inscription on thumb drive was self-authenticating under Rule 902(7) and admissible under Rule 807); *United States v. Scott*, 2014 WL 2808802, at * 4 (E.D. Va. Jun. 20, 2014) ("Made in China" and "Made in Korea" inscriptions on cellphones and a memory card were self-authenticating under Rule 902(7), were not hearsay statements, and were admissible).  This is true both in the context of digital devices and other types of evidence.  *See Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (document marked with trade inscription indicating the source of origin of the document was self-authenticating under Rule 902(7)).

The inscriptions are also admissible as either non-hearsay or pursuant to the residual exception to the rule against hearsay contained in Federal Rule of Evidence 807.[1]  *See United*

---

[1] Rule 807 includes a notice requirement, and the required notice must provide the substance of the statement at issue and the name of the declarant.  The instant notice provides the defendants with the entire substance of the statements

*States v. Thody*, 978 F.2d 625, 630-631 (10th Cir 1992) ("Made in Spain" stamp on butt of gun was not hearsay); *United States v. Gutierrez*, 625 F. App'x 888, 895-896 (10th Cir. 2015) (in child pornography production case, cellular telephones and digital cameras stamped "made in China" were properly admitted into evidence; manufacturer's markings were not hearsay and were not testimonial in nature); *United States v. Pina,* 190 F. Supp. 3d 748, 751 (S.D. Ohio 2016) (in child pornography trial, country of origin label on computer was admissible under Rule 807).

Thus, the government submits that the trade inscriptions on the devices identified herein are admissible and self-authenticating to establish the location where each device was manufactured.  The government hereby provides notice to the Court and counsel that it will seek to introduce this evidence without testimony from a witness who was present at the time the device was imprinted with the inscription.

Respectfully submitted,

**DOMINICK S. GERACE II**
United States Attorney

s/*Emily Czerniejewski*
**EMILY CZERNIEJEWSKI (IL 6308829)**
**TYLER AAGARD (NC 54735)**
Assistant United States Attorneys
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 406-3572
Emily.Czerniejewski@usdoj.gov
Tyler.Aagard@usdoj.gov

---

the government intends to introduce, and the defendants also have the opportunity to inspect the devices on which the inscriptions are imprinted if they so choose.  The government can obtain and provide addresses of these manufacturer declarants if the defendants so desire.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served this 8th day of September, 2025 electronically upon counsel for the defendant.

s/ *Emily Czerniejewski*
**EMILY CZERNIEJEWSKI (IL 6308829)**
Assistant United States Attorney

7