# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | | |
|   vs. | : | Case No. 2:25-CR-56 |
| | : | |
| CODY L. PRATER, | | JUDGE MICHAEL H. WATSON |
|     Defendant. | : | |
| | | *Evidentiary Hearing Requested* |

## MOTION TO SUPPRESS

COMES NOW, the defendant, Cody L. Prater, by and through undersigned counsel, and moves this Court to hold an Evidentiary Hearing and to suppress all evidence seized in this case in violation of Mr. Prater's Fourth and Fifth Amendment Constitutional Rights and FED R. CRIM. P. 41. This motion is supported by the accompanying memorandum of law.

                                            Respectfully submitted,

                                            JOSEPH MEDICI
                                            FEDERAL PUBLIC DEFENDER

                                            /s/ Stacey MacDonald
                                            Stacey MacDonald (WA 35394)
                                            Assistant Federal Public Defender
                                            10 West Broad Street, Suite 1020
                                            Columbus, Ohio 43215-3469
                                            Telephone: (614) 469-2999
                                            Facsimile: (614) 469-5999
                                            Stacey_MacDonald@fd.org

                                            Attorney for Defendant
                                            Cody L. Prater

# MEMORANDUM IN SUPPORT OF MOTION

**A. Background**

On July 9, 2024, law enforcement agents executed a search warrant at 317 S. Locust Street, McArthur, Ohio. Mr. Prater's family home. The warrant authorized law enforcement officers to compel a defendant's *biometric identifiers* – such as fingerprint or facial recognition – to unlock electronic devices. The warrant did not authorize compelling passcodes or other knowledge based credentials.

During the execution of the search warrant, Mr. Prater was taken to a law enforcement interview van and was told about the warrant. Federal agents told Mr. Prater the warrants compelled him to provide biographical information to open up the phone. Exhibit 2 (10:17:44) Mr. Prater informed agents it was in his "best interest to not answer any questions without a lawyer." (10:19:21).

Federal agents briefly showed Mr. Prater the two warrants while they maintaining control of them, telling him there was one for his person and one for his devices. Stating "as I said you will have to provide your biographical stuff to open up the devices." (10:19:47) Mr. Prater asked to see where it stated that in the warrant. (10:19:56). Federal agents refused to give him the warrant or show him where this language was. (10:19:59). Mr. Prater asked "and if I don't provide… just asking…" (10:20:19). To which the federal agents told him that "you could be subject to arrest." (10:20:24). "I could be subject to arrest?" "Yes". "Ok, fine, I'll comply to avoid arrest." (10:20:26-10:20:33) Prior to providing information to the agents but after being told he was subject to arrest, Mr. Prater also informed them that he had been up all

night and was an insomniac. (10:20:58). In response one federal agent commented that she could tell he was not in a great place. (10:21:01-16)

Soon after the agents asked Mr. Prater whether his phone "was a code or facial or both" (10:23:30). Mr. Prater informed them it was a fingerprint and code. The agents that asked him "what's the code." (10:23:37) To which Mr. Prater provided them the code. Mr. Prater provided the passcode under the threat of arrest. Federal agents were then able to access the devices and obtained the evidence the government now seeks to use against him.

### B. Evidentiary Hearing Requested

Defense requests this Court grant an evidentiary hearing as there are contested issues of fact related to the lawfulness of the search and the lawfulness of the client's statements. An evidentiary hearing is required on a motion to suppress evidence obtained from a search only if the motion is sufficiently definite, specific, detailed and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question. *United States v. Ickes*, 922 F. 3d 708 (6th Cir. 2019); *See* U.S. Const. Amendment IV.

### LEGAL ANALYSIS

The Fourth Amendment to the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure, shall not be violated. . . " U.S. CONST. amend. IV. "[T]he Amendment stands as an essential bulwark against arbitrary and unreasonable governmental instruction – whatever its form, whatever its purpose – upon the privacy and liberty of the individual . . . " *United States v. Dionisio*, 410 U.S. 19, 42 (1973)(Marshall, J., dissenting). Evidence obtained by unreasonable searches and seizures are in violation of the Constitution and by that same authority,

inadmissible in any court of law. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961).

1. **Law Enforcement Officer's Exceeded the Scope of the Warrant, Violating the Fourth Amendment.**

The Fourth Amendment requires that search warrants *particularly* describe the place to be search and the items to be seized. *Kentucky v. King*, 563 U.S. 452, 459 (2011)("[A] warrant may not be issued unless probably cause is properly authorized and the scope of the authorized search is set out with particularity.") "A particular warrant also assure the individual whose property is to be searched or seized of the lawful authority of the executing officer, his need to search and the limits of his power to search." *Groh v. Ramirez,* 540 U.S. 551, 561 (2004)(internal quotation marks omitted).

If the "scope of the search exceeds that permitted by the terms of a validly issued warrant . . . [the search and any] subsequent seizure [are] unconstitutional." *Horton v. California*, 496 U.S. 128, 140 (1990). In determining whether a search exceeded the scope of the warrant, a court must look to the text of the warrant itself, not the application for the warrant. *Groh*, at 561. ("The mere fact that the Magistrate issued a warrant does not necessarily establish that he agreed that the scope of the search should be as broad as the affiant's request.").

The warrant in this case carefully limited the methods of device access. It authorized *biometric identifiers* but precluded compelling passcodes. Agents ignored this limitation to the scope of the warrant and compelled Mr. Prater to provide his passcode. This exceeded the scope of the warrant and requires suppression of the resulting evidence.

2. **Mr. Prater's Fifth Amendment Right Against Self-Incrimination was Violated Where Officers Compelled Him to Provide his Password and acted outside the Scope of the Warrant.**

The Fifth Amendment requires no person "be compelled in any criminal case to be a witness against himself." U.S. CONST. Amend. VI. The "essence" of the right against self-incrimination "is the requirement that the State which proposes to convict and punish an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips." *Colombe v. Connecticut,* 367 U.S. 568, 581 (1961).

The Fifth Amendment protection against being "compelled" in any criminal case from being a 'witness against himself' is comprised of three components. *United States v. Hubbell*, 530 U.S. 27, 34, 120 S. Ct. 2037, 147 L. Ed. 2d 24 (2000). This privilege applies where it was (1) compelled, (2) incriminating, (3) testimonial. *Id.*

While law enforcement officers could seize Mr. Prater's electronic devices pursuant to their search warrant, they could not compel him to reveal his passwords or what biometrics the devices used according to the plain language of the warrant. ***See Exhibit 1*** (Search warrant). Doing so violates his Fifth Amendment right against self-incrimination.

"An act is testimonial when the accused is forced to reveal his knowledge of facts relating him to the offense or from having to share his thoughts and beliefs with the government." *Doe v. United States,* 487 U.S. 201, 212 (1987). "It is the 'extortion of the information from the accused', the attempts to force him to 'disclose the contents of his own mind' that implicate the Self-Incrimination Clause." *Id.* at 211. Forcing a defendant to review the password for his computer is testimonial as it "requires defendant to communication his "knowledge", unlike the production of a handwriting or voice exemplar." *Id.* at 217.

In this case Mr. Prater was told if he did not provide the information he was subject to arrest and then after telling officers that he would comply so as not to be arrested, he was

specifically asked by the federal agents to provide them with his code. *See Exhibit 2.* (Recorded Interview). It is upon being told that he would be arrested should he fail to comply, that Mr. Prater provides the passcode.

"To find a statement is involuntary, the court must find the following three factors are present: (1) 'the police activity was 'objectively coercive'", (2) 'the coercion in question was 'sufficient to overbear defendant's will;, and (3) 'the alleged police misconduct 'was the crucial motivating factor in the defendant's decision to offer the statements." *United States v. Luck*, 852 F. 3d 615, 622 (6th Cir. 2017). All three factors apply here.

Mr. Prater did not voluntarily provide his passcode. Rather, he yielded it only after law enforcement officers threatened him with arrest for failing to comply with a demand the warrant ***did not*** authorize. This coercion renders the passcode disclosure involuntary, mandating suppression of all derivative evidence.

**3. Mr. Prater's Fifth Amendment Right was Violated Where he Invoked the Right to Counsel and Agents continued to Question Him for his Passcode**

That a person has been temporarily detained during the execution of a search warrant at his home pursuant to *Michigan v. Summers*, 452 U.S. 692 (1981) does not by itself, constitute custody under *Miranda*. However, when an officer temporarily detains a person and either engages in a type of physical restraint, such as handcuffs or gun point, or proceeds to interrogate the suspect in a manner beyond limited questions, *Miranda* warnings are required. *United States v. Bailey,* 743 F. 3d 322, 341-42 (2nd Cir.) *cert denied*, 135 S. Ct. 705 (2014)(warnings required because, even though defendant was told he was not under arrest and questioned in his home, defendant was handcuffed.)

In this case, federal agents moved Mr. Prater to a law enforcement van for interrogation during the search of the residence. They did advise him of his *Miranda* Rights. Exhibit 2

(10:15:57). Mr. Prater told agents "its his best interest to not answer any questions without a lawyer." *Id.* (10:19:21). Subsequent to this, Agents continued to engage Mr. Prater including letting him know that he was subject to arrest if he did not comply and provide them how to access his devices.

"If the individual states that he wants an attorney, the interrogation must case until an attorney is present." *Miranda,* 384 U.S. at 473-74; *See also Edwards v. Arizona*, 451 U.S. 477, 484 (1981)(holding that a criminal defendant "having expressed his desire to deal with the police through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.) In this case, Mr. Prater invoked his right to counsel and the federal agents disregarded his invocation when they continued to engage him for his passcodes to the devices.

**4. Suppression is the Remedy for Governmental Misconduct**

"Courts are required to suppress evidence that is directly or indirectly 'the tainted "fruit" of unlawful governmental conduct." *United States v. Waide*, 60 F. 4th 327, 338 (6th Cir. 2023)(quoting the *Nix v. Williams*, 467 U.S. 431, 441, 1014 S. Ct. 2501(1984)("[T]he exclusionary rule applies not only to the illegality obtained evidence itself, but also to other incriminating evidence derived from the primary evidence."); *see also Wong Sun v. United States*, 371 U.S. 471 (1963)(extending the exclusionary rule to indirect product or "fruit" of unlawful police conduct).

Here Mr. Prater was compelled to provide the passcode that allowed access to his cellphone and gaming device. Upon search of those devices, law enforcement was able to see his passwords for other accounts and devices which lead them to figure out the password to also unlock the blue "tails" thumb drive. Thus, all the evidence seized from these devices and the thumb drive should

be suppressed.

### 5. Federal Agents Failed to Provide a Copy of the Warrant During the Search Pursuant to Fed. R. Crim. P. 41.

Federal Rules of Criminal Procedure 41 requires an officer executing a search warrant to provide a copy of the warrant to the individual whose person or property is the subject of the warrant. FED. R. CRIM. P. 41(f)(1)(C). The purpose of the rule is to "assure[]the individual whose property is searched or seized of the lawful authority of the exectuign officer, his need to search and the limits of his power to search." *United States v. Chadwick*, 433 U.S. 1, 9, (1977) *abrogated by California v. Acevedo*, 500 U.S. 565 (1991). *See also United States v Marintez-Fuerte*, 428 U.S. 543, 566 (1976)(explaining that without seeing the warrant, the occupant has "no way of knowing the lawful limits of the inspector's power to search, and no way of knowing whether the inspector himself is acting under proper authorization.")

FED R. CRIM. P. 41's service requirement is not constitutionally based, and as a result suppression is usually not required. However, suppression may be appropriate when there was a deliberate disregard of the rule or if the defendant was prejudiced. *See United States v. Simons*, 206 F. 3d 392, 403 (4th Cir. 2000)("Non-constitutional violations of Rule 41 warrant suppression only when the defendant is prejudiced by the violation, or when there is evidence of intentional and deliberate disregard of a provision in the Rule…")(internal citations and quotations marks omitted).

In *United States v. Gantt¸* the Ninth Circuit ordered suppression where the government did not allow the defendant to inspect the warrant, despite her multiple requests, prior to the search. 194 F. 3d at 1005. Here Mr. Prater made requests to see the warrant and then the section of the warrant that detained the authorization of compelling him to provide information. Mr. Prater was never given a copy of the warrant nor time to read through it. Agents simply held on to the warrant

while showing him they had the warrants and paraphrased for him what it contained.

This all occurred during the time that officers were compelling him to provide self-incriminating evidence by compelling his passcode. Had he been able to view the warrant he would have seen the language that specifically did not authorize agents to compel information regarding his passwords or passcode nor what biometrics the devices used. Thus, Mr. Prater could not be arrested for refusing to do so and the assertions to the contrary were coercive and false.

**WHEREFORE,** for the reasons set forth above, the defense respectfully requests this Court to grant the motion to suppress all evidence in violation of Mr. Prater's Fifth and Fourth Amendment Rights and FED R. CRIM. P. 41.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org

Attorney for Defendant
Cody L. Prater

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Stacey MacDonald<br>
Stacey MacDonald (WA 35394)<br>
Assistant Federal Public Defender