# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| vs. | : | Case No. 2:25-CR-56 |
| | : | |
| CODY L. PRATER, | | JUDGE MICHAEL H. WATSON |
| Defendant. | : | |

## UNOPPOSED MOTION TO CONTINUE TRIAL AND DEADLINES

COMES NOW, the defendant, Cody L. Prater, by and through undersigned counsel, pursuant to 18 U.S.C. § 3161(h)(7)(A) and B(IV) and moves this Court to continue trial currently scheduled for September 29, 2025 to a date in November 2025. The grounds for this motion are set forth in the attached Memorandum. Undersigned counsel submits that the requested extension would serve the interests of justice and that the time would be excludable pursuant to 18 U.S.C. §3161(h)(7)(A) and (B)(IV). Assistant United States Attorneys Emily Czerniejewski, Tyler Aagard and Eduardo Palomo do not oppose the requested continuance. The defendant, Cody L. Prater does not oppose the requested continuance.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

/s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999

Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org

Attorney for Defendant
Cody L. Prater

# MEMORANDUM IN SUPPORT OF MOTION

Mr. Prater has been indicted and is scheduled to go to trial on the following five counts:

Count 1 – Receipt of Child Pornography, subsequent to a prior conviction
Count 2 – Transportation of Obscene Matters
Count 3 – Receipt of Obscene Visual Representations of Child Sex Abuse
Count 4 – Possession of Obscene Visual Representations of Child Sex Abuse
Count 5 – Possession of Child Pornography, subsequent to a prior conviction

The obscenity charges relate to Artificial Intelligence created images. The parties have pending pretrial motions before the Court including a defense motion to suppress and request for evidentiary hearing (ECF No. 36) and a defense motion to dismiss. (ECF No 39).

The government made available the full forensic extractions from multiple devices in the case for the defense expert's review. Due to various scheduling and holiday complications, this expert was unable to do the initial review until September 10, 2025 at the Homeland Security Office in Atlanta, Georgia. The expert was able to give some initial impressions regarding the evidence against Mr. Prater to counsel. However, he informed counsel that a full review of the forensic evidence in this case could not be completed any sooner than October 8th, 2025. The government has agreed to have the forensics remain at the HSI office in Atlanta during the pendency of the defense expert's review.

Defense counsel met with Mr. Prater at CCNO on September 11, 2025 to review his case, and the Government's pending plea offer. This offer was previously conveyed to Mr. Prater and was put on record at the September 9, 2025 Lafler hearing. Mr. Prater has informed defense counsel that he is rejecting the plea offer and wishes to move forward with trial. Given the status

of the pending defense forensic review, defense counsel cannot be adequately prepare for the September 29, 2025, trial date.   This information was conveyed to the Government.

The parties have an agreed procedural recommendation for the Court to coincide with a continuance of the trial.   Specifically, that:

- Expert notice deadlines set for September 12, 2025, be extended to a date no sooner than October 15, 2025.   Given that defense's expert's forensic review will not be completed until at least October 8th, 2025.

- Deadlines for replies to pending motions remain on September 17, 2025 as previously ordered.

- Convert the trial date to a Motion Hearing date should the Court grant the Defense request for an Evidentiary Hearing on the pending motion to suppress.

- All other deadlines including jury instructions and stipulations be continued to a date commiserate with the new trial date.

**Legal Analysis**

Defense counsel have obligations to investigate in all cases, regardless of the "apparent force of the prosecution's evidence" and "should explore appropriate avenues that reasonably might lead to information relevant to the merits of the matter. . . counsel's investigations should also include evaluation of the prosecution's evidence (including possible re-testing or re-evaluation of physical, forensic, and expert evidence) and consideration of inconsistencies, potential avenues of impeachment of prosecution witnesses… and alternative theories the evidence may raise." *See* Standard 4-4, Duty to Investigate and Engage Investigators: *Criminal Justice Standards for the Defense Function,* American Bar Association Guidelines, Fourth Edition (2017).

The Sixth Amendment of the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions and the right to a fair trial.   Counsel has a duty to make reasonable investigations or to make reasonable decisions that make particular investigations

unnecessary. *Wiggens v. Smith*, 539 U.S. 510, 521 (1984). Effective representation of counsel includes the use of experts to evaluate the government's forensic evidence and a failure to complete such an evaluation can be grounds for deficient performance. *See Hinton v. Alabama*, 571 U.S. 263 (2014)("defense counsel's failure to request additional funds to replace an inadequate expert in firearms and toolmark evidence amounted to deficient performance, as required to support a claim of ineffective assistance of counsel.")

"Criminal cases will arise where the only reasonable and available defense strategy requires consultation with experts or introduction of expert testimony." *Id* citing, *Harrington v. Richter,* 562 U.S. -----, ------, 131 S. Ct. 770, 788 (2011)   In this case, all charges related to alleged child pornography or AI generated images transmitted through and seized on various electronic devices.   The forensics are a pivotal and central issue in this case.   The government has indicated they plan to call three forensic computer experts at trial.   As defense counsel previously noted during the status conference on August 21, 2025 and the Lafler hearing on September 9, 2025, until the defense expert was able to view the full forensic extraction and so advise counsel, counsel could not call ready for trial.   Now that the expert has been able to have access to the full extraction, he was able to provide counsel with a realistic estimate of the time needed for a full in-depth review of the forensic evidence.

While counsel seeks continuance of the jury trial date, there are other pending pretrial motions that could be resolved during the interim.   The Court's ultimate ruling on these pending motions in advance of trial will allow the parties the necessary time to make any strategic adjustments to their trial preparation and ideally address any remaining outstanding issues in advance of the trial.   Defense has made only one prior motion to continue the trial date.

Counsel submits that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(7)(A). The failure to grant the requested continuance would deny counsel for the defendant reasonable time necessary for effective preparation taking into account the exercise of due diligence. 18 U.S.C. § 3161 (h)(7)(B)(iv). Mr. Prater is aware of his right to a speedy trial and waives that right. He agrees with the requested continuance for the reasons set forth above.

**WHEREFORE,** for the reasons set forth above, the defense respectfully requests this Court grant this motion to continue the trial to a date in November 2025 and to further modify the remaining deadlines as proposed by the parties herein.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org

Attorney for Defendant
Cody L. Prater

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender