UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Cody Prater,

Defendant.

Case No. 2:25-cr-56

Judge Michael H. Watson

## OPINION AND ORDER

Defendant is charged with one count of receiving child pornography, one count of transporting obscene matters, one count of receiving obscene visual representations of child sexual abuse, one count of possessing obscene visual representations of child sexual abuse, and one count of possessing child pornography. *See generally* Indictment, ECF No. 18. Defendant was indicted on April 10, 2025, and the Court subsequently set trial for June 16, 2025. ECF No. 21.

Defendant moved to continue his trial date and associated pre-trial deadlines, ECF No. 25, which motion the Court granted, ECF No. 26. Trial is now scheduled for September 29, 2025, but Defendant moves to continue that date, ECF No. 44. Defendant argues that its expert witness needs additional time to review the forensic case evidence and notes that there are pending pretrial motions that require resolution prior to trial. *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on Defendant's representation that his expert requires additional time to review the voluminous discovery, failure to grant the continuance "would unreasonably deny the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the defendant in a speedy trial." See 18 U.S.C. § 3161(h)(7)(A). The delay caused

by this continuance is excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h).

Defendant's motion is **GRANTED**. Trial is set for **February 2, 2026, at 9:00 a.m.** The final pretrial conference is set for **January 14, 2026, at 11:30 a.m.**, by which time the joint Final Pretrial Order must be filed on the docket. Motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993) and Federal Rule of Evidence 702, motions *in limine*, and proposed joint substantive jury instructions are due by **January 5, 2026, at 5:00 p.m.** Any responses to such motions are due by **January 15, 2026, at 5:00 p.m.**

The Clerk shall terminate ECF No. 44.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**