# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| vs. | : | Case No. 2:25-CR-56 |
| | : | |
| CODY L. PRATER, | | JUDGE MICHAEL H. WATSON |
| Defendant. | : | |

## DEFENSE RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT

Now comes the Defendant, Cody Prater, by and through counsel, and hereby responds to the Government's Motion in Limine to Exclude Certain Evidence and Argument. (ECF No 32)

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
Soumyajit Dutta (OH 76762)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org
Soumyajit_Dutta@fd.org

Attorneys for Defendant
Cody L. Prater

# MEMORANDUM IN OPPOSITION

The United States Government has filed a motion in limine to limit defense arguments at trial. Defense will address each in turn.

## I. Argument re How Evidence was Obtained

The Defense does not seek to re-litigate suppression or to argue to the jury that evidence should be excluded. Rather, presuming for this response that the motion to suppress was denied, defense seeks to exercise its constitutional right to confront and cross-examine government witnesses – including law enforcement officers – regarding their failure to follow procedures, inconsistencies in their conduct, and the reliability of their testimony. These issues are proper subjects for cross-examination because they go directly to credibility, which is always for the jury to assess.

The Sixth Amendment to the Constitution guarantees the right of an accused to confront witnesses against him. *Davis v. Alaska*, 415 U.S. 308 (1974) This is more than the right to confront the witness physically. "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Id* at 316. "'(A) denial of cross-examination without waiver… would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.'" *Smith v. State of Illinois*, 390 U.S. 129, 131 (1968) quoting *Brookhart v. Janis*, 384 U.S. 1, 3 (1966).

This right includes "wide latitude" to cross-examine government witnesses for bias, credibility or reliability.

> "It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without

which the jury cannot fairly appraise them.  To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brough out facts tending to discredit the testimony, in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial."

*Smith*, at 132.   Courts have routinely held that law enforcement procedures – or lack thereof – are fair grounds for impeachment.  See e.g. *United States v. Abel*, 469 U.S. 45 (1984)(bias and credibility of government witnesses always relevant); *Kyles v. Whitley*, 514 U.S. 419 (1995)(credibility and reliability of police investigations are central to the truth-finding process).

Should the Court rule the evidence obtained is admissible at trial, that ruling does not insulate the manner of collection from scrutiny.   The jury has a right to know whether the officers cut corners, deviated from training, or failed to follow standard procedures, because such conduct directly affects whether their testimony is reliable.    This is classic impeachment.  Therefore, the Court should deny the Government's motion in limine to the extent it seeks to bar the defense from cross-examining law enforcement officers about investigation procedures and failures.   The defense will not argue that evidence must be suppressed or excluded but respectfully asserts the constitutional right to confront witnesses and argue credibility to the jury.

### II.  Argument regarding Punishment

Defense does not intend to argue punishment other than what may be allowed by limit the Court's jury instructions.

### III.  Argument Inviting Jury Nullification

Defense does not intend to argue jury nullification.

**WHEREFORE,** for the reasons set forth above, Mr. Prater respectfully requests this Court to deny the Government's Motion (ECF No. 32).

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

/s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
Soumyajit Dutta (OH 76762)
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org
Soumyajit_dutta@fd.org

Attorneys for Defendant
Cody L. Prater

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender