**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| vs. | : | Case No. 2:25-CR-56 |
| | : | |
| CODY L. PRATER, | | JUDGE MICHAEL H. WATSON |
| Defendant. | : | |

**DEFENSE RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FEDERAL RULES 404 &414**

Now comes the Defendant, Cody Prater, by and through counsel, and hereby moves the Court to deny the Government's Motion to Admit Evidence Pursuant to Federal Rules of Evidence 414, 404(b) and 403. (Doc # 34). Mr. Prater requests a hearing on this matter.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
Soumyajit Dutta (OH 76762)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org
Soumyajit_Dutta@fd.org

Attorneys for Defendant
Cody L. Prater

## MEMORANDUM IN OPPOSITION

### I. PROCEDURAL BACKGROUND

Cody L. Prater was charged by indictment on April 10, 2025 with:

> Count I - Receipt of Child Pornography,
> Count II - Transportation of Obscene Matters;
> Count III - Receipt of Obscene Visual Representations of Child Sexual Abuse;
> Count IV – Possession of Obscene Visual Representations of Child Sexual Abuse;
> Count V – Possession of Child Pornography

Counts I and V involved alleged real child pornography.   Counts II-IV involved artificial generated images.   The Indicted Counts further assert that Mr. Prater has a prior conviction for aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward. Specifically, he was convicted of 7 counts of Pandering Sexually-Oriented Matter Involving a Minor in Athens County on August 5, 2019.   The conduct in the Pandering charges occurred from June 20, 2016 to April 21, 2017.   He was convicted and sentenced to four years in prison on August 5, 2019.

The elements of Pandering under § 2907.332(A)(1) include: "unlawfully did, with knowledge of the character of the material or performance involved, create, record, photograph, film, develop, reproduce, or publish material that shows a minor participating or engaging in sexual activity, masturbation, or beastiality."

On April 16th, 2020, Mr. Prater was granted a Judicial Release and placed on a five-year term of post release control. He is a Tier II sex offender and required to register for 25 years.

### II. PRATER'S PRIOR CONVICTION IS INADMISSIBLE INCLUDING THE ADDITIONAL FACTS THAT HE IS ON PAROLE AND HAS A DUTY TO REGSITER AS A SEX OFFENDER

#### A. Fed. R. Evid. 414 is Narrow and Tethered to Those Accused of "Child Molestation"

Fed. R. Evid. 414 lets a court admit evidence of "any other child molestation" in a case "in which a defendant is accused of child molestation." Child molestation is defined as "a crime under federal or under state law involving:

(A) Any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
(B) Any conduct prohibited by 18 U.S.C. chapter 110;
(C) Contact between any part of the defendant's body – or an object – and a child's genitals or anus;
(D) Contact between the defendants genitals or anus and any port of a child's body;
(E) Deriving sexual pleasure or gratification from inflicting death, bodily injury or physical pain on a child; or
(F) An attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E)"

Fed. R. Evid. 414(d)(2)(A)-(F).

The language of Fed. R. Evid. 414 shows Congress intended to admit prior acts only where the defendant is accused of child molestation, subject to analysis under Fed. R. Evid. 403.

Here, the Government indicates that Mr. Prater was convicted in 2019 of Pandering Sexually Oriented Matter Involving a Minor in Athens County.  Pandering under ORC § 2907.322(A) encompasses the creation, reproduction or possessing of material that shows a minor in sexually explicit conduct including "participating or engaging in sexual activity, masturbation or bestiality."  A conviction can be sustained without proof of any sexual conduct with a child by the defendant or even proximity to one.

Even if these prior acts were to survive Fed. R. Evid. 403 scrutiny, which defense counsel maintains they cannot (see below), presumably the prior acts could be used only in application of the prosecution of Counts I and V, the only counts that fit the definition of "child molestation". Counts II-IV relate to the obscenity charges and AI images that are not "child molestation" as defined above. These are not charges brought under Chapters 109A nor 110 nor do they involve real children or morphed images of real persons.  As a threshold matter, evidence of Mr. Prater's prior Pandering conviction is not admissible under Fed. R. Evid. 414 for counts II-IV where Mr.

Prater *is not charged* with an offense of "child molestation.". *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)(Supreme Court struck down a statute criminalizing "virtual" or computer generated child pornography because no real child was harmed and government lacked a compelling interest in suppressing purely fictional expression.)

Nevertheless, given the nature of all the charges within the Indictment, this Court cannot reasonably expect that a jury will be able to consider the prior acts evidence <u>only</u> for Counts I and V should all the charges be prosecuted in a single trial. Even with a curative instruction, it seems highly unlikely that a jury would not impermissibly apply this evidence in its consideration of Counts II-IV.

As such, this Court seems to have two options at its disposal, exclude the prior conviction as requested, or bifurcate the Counts in a way that only allows this prior acts evidence to be applied to Counts I and V.

### III. MR. PRATER'S PRIOR CONVCITION, PROBATION AND REGISTRATION STATUS AND INVOLVEMENT WITH THE FURRY COMMUNITY SHOULD BE EXCLUDED UNDER FED. R. EVID. 404(b) AND FED R. EVID. 403.

Before introducing any Fed. R. Evid. 414 evidence, the district court has a duty "to fully evaluate the proffered. . . evidence and make a clear record of the reasonings behind its findings" as to whether the evidence survives the Rule 403 balancing test. *United States v. Guardia*, 135 F. 3d 1326, 1331 (10th Cir. 1998) As discussed below, should the Court find this evidence is relevant under Fed. R. Evid. 414, it should still be excluded as it fails the Fed. R. Evid 403 test.

### *Fed. Rule Evidence 404(b)*

Fed. R. Evid. 404(b) provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Such evidence may be

admissible for another purpose including to show, "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." *Id*. 404(b)(2).

The Sixth Circuit has articulated a three-step process for determining the admissibility of "other acts" evidence under Rule 404(b).   First, the court must decide whether there is sufficient evidence that this other act actually occurred. *United States v. Haywood*, 280 F. 3d 715, 720 (6th Cir. 2002).   If so, the district court must decide whether evidence of the other act is probative to a material issue other than character. *Id.* Finally, if the evidence is probative to a material issue other than character, the court must engage in a Rule 403 analysis and decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *Id.*

The Government is seeking to admit evidence of Mr. Prater's prior State Pandering Convictions, which by extension could include his current status on probation as well as his requirement to be registered as a sex offender and evidence of his involvement with the Furry Community.

In addition to the 414 argument above, the prior conviction, probation, registration and identification as a furry should be excluded as they are not probative to anything other than propensity for the current charge.   To put it bluntly, admission of this evidence is akin to telling the jury " he's a sex offender, therefore he probably did it again."   This is precisely the inference that Fed. R. Evid. 404(b) forbids.

Neither probationary status nor registration requirements tend to prove intent, identity, opportunity, or motive.   These facts do not demonstrate any modus operandi, distinctive signature or evidentiary nexus to the charged conduct.   They do not go to any issue of lack of mistake, consent or knowledge and thus lack the "fit" rule 404(b) requires for admissibility.

Furthermore, they are not relevant under Fed. R. Evid 401.  *See United States v. Becker*, 490 F. Supp. 2d 1029 (N.D. Iowa 2007)("Probation status is not an "act" showing knowledge or intent to engage in certain conduct, but a "status" and thus excluded under 404(b))

Admission of this evidence would violate Fed. R. Evid. 404(b)'s bar on propensity evidence.  Rule 404(b)(1) explicitly prohibits evidence offered "to prove a person's character in order to show that on a particular occasion that person acted in accordance with the character." That is precisely the government's purpose here: to argue that because Mr. Prater was previously convicted of a sex offense, placed on probation and required to register, he is likely guilty of the current allegations.

### *Federal Rule Evidence 403*

Assuming evidence is relevant, Fed. R. Evid. 403 still grants trial courts discretion to exclude that evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *United States v. Gibbs*, 797 F. 3d 416, 422 (6th Cir. 2015). "[W]e grant the district court 'very broad' discretion in making its determinations" on this front. *United States v. Libbey-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020) (quoting *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006)).

The term "unfair prejudice" refers to evidence which tends to lead jurors to make a decision on improper basis.  *United States v. Ford*, 761 F. 3d 641, 648 (6th Cir. 2014).

The Sixth has made clear that even where evidence is admissible under Fed. R. Evid. 414, it remains subject to the balancing test under Fed. R. Evid. 403, "which balances the probative value of relevant evidence against the 'danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *United States v. Seymour*, 468 F. 3d 378 385 (6th Cir. 2006).

The Ninth Circuit has observed, "Rule 414 is not a blank check entitling the government to introduce whatever evidence it wishes…" *United States v. LeMay*, 260 F. 3d 1018, 1022 (9th Cir. 2001). Moreover, "[b]ecause of the inherent strength of the evidence that is covered by [Rule 414], when putting this type of evidence through the [Rule 403] microscope, a court should pay 'careful attention to both the significant probative value and the strong prejudicial qualities of that evidence.'" *Id.* at 1027 (quoting *Doe by Glanzer v Glanzer*, 232 F. 3d 1258, 1268 (9th Cir. 2000), *quoting United States v. Guardia*, 135 F. 3d 1326, 1330 (10th Cir. 1998)).

While the Sixth Circuit has not outlined a specific test to use when balancing the probative value of the evidence against its prejudicial nature, the Ninth Circuit has identified five nonexhaustive factors to guide a court's analysis.   Those factors include:

    (1)  The similarity of the prior acts to the acts charged;

    (2)  The closeness in time of the prior acts to the acts charged;

    (3)  The frequency of the prior acts;

    (4)  The presence or lack of intervening circumstances; and

    (5)  The necessity of the evidence beyond the testimonies already offered at trial.

*LeMay*, 260 F. 3d at 1028 (quoting *Glanzer*, 232 F.3d at 1268) While the Sixth Circuit has not formally adopted the five-factor test from the Ninth Circuit, it has certainly considered the same/similar factors in conducting a 403 analysis in a 414 case.  *See United States v. Seymour*, 468 F. 3d 378, 386 (6th Cir. 2006).

Here, Mr. Prater's conduct in his prior state pandering charges was from 2016 with a conviction in 2018.   The conduct in the pending charges is from December 2024. As such, there is an eight-year gap between events.

Additionally, and contrary to the Government's assertion, these matters are not similar,

never mind "nearly identical". In the State pandering offense, on Mr. Prater's desktop there were "96 videos depicting young males engaged in nudity, masturbation or sex acts" was recovered along with "3 images depicting prepubescent females engaged in nudity or sexual acts" and on his phone there were "approximately 180 images of young males nude, masturbating or engaged in sexual activity." [1]

In the pending charge, the allegations regarding the real CSAM is distinctly different than the CSAM in the pandering offense as it involves 9 videos of infants. The obscenity charges which are all AI generated images involve young males and/or prepubescent females. However, as discussed above the Obscenity charges in counts II-IV do not qualify as child molestation offenses and thus Fed. R. Evid. 414 is not applicable. Thus, application to these offenses are solely based on 404(b) and 403.

With regards to intervening circumstances, between the prior state offense and the current charge, Mr. Prater was originally living with friends before his state conviction. He then went to State prison and had all of his electronic belongings confiscated as part of that conviction. After serving his sentence he subsequently moved in with his father and lived in the family home at the time of these charges.

The Sixth Circuit has continuously found evidence of a defendant's prior conviction inadmissible in a trial for child pornography offenses due to unfair prejudice. In *United States v. Stout*, the Sixth Circuit affirmed a district court's holding that evidence of a defendant's state court conviction for surreptitiously videotaping a 14-year old neighbor in the shower was inadmissible in a federal trial for receipt and possession offenses. *United States v. Stout*, 509 F. 3d 796, 797 (6th Cir. 2007).

---

[1] FBI Report – FD-302; Forensic Examination of Digital Media, pg 2 File # 305I-CI-2138277

"The public regards sexually-based offenses as particularly heinous. Sex offenders are required to register in communities in which they live because of the perceived danger that they will act in conformity with their prior bad acts.   In this respect, admission of prior convictions for sex crimes … in sexually based offenses cases presents a greater risk of the always present danger that the jury will convict the defendant on an improper basis – the propensity inference. *Id.* at 803.   The Sixth Circuit also found that a limiting instruction would be insufficient to guard against the unfair prejudice in the case. *Id.*    In *United States v. Hough*, the Sixth Circuit upheld the excluded a prior criminal conviction for child molestation and a prior civil judgment for child molestation in a child pornography trial under Fed. R. Evid 403.   *United States v. Hough*, 385 Fed. Appx. 535, 538 (6th Cir. 2010).

The government is unwilling to stipulate to this prior conviction and instead seeks to admit factual information from it, which creates strong potential for prejudice and confusion to the jurors when it comes to considering the evidence of the crimes charged.   The admission of this information outweighs the probative value as it creates an unfair risk of prejudice, confusion of the issues and misleading the jury.   Any similarities in the evidence relates to the computer-generated AI charges which as a threshold matter doesn't pass the 414 test and is solely a 404(b) and 403 analysis.

The Government has indicated it seeks to introduce Mr. Prater's participation in the furry community2  to establish his identity as the "possessor and user" of the Lian Li Gaming PC alleged to have been inherent to Counts II-IV. As the Government has painstakingly identified

---

2 A furry community, or fandom, consists of people including artists, writers, gamers and role players interested in anthropomorphic animal characters – animals with human characteristics. Members often create a personalized animal character, or "fursona" with whom they identify and can function as an avatar. Some furries wear elaborate costumes (called fursuits) or paraphernalia such as animal ears or tails, or represent themselves as anthropomorphic animals in online communities. see https://furscience.com/whats-a-furry/ (last visited October 3, 2025)

numerous other ways they link the Gaming PC to Mr. Prater, this specific request seems to have been made by the Government only to have been made in the hopes of adding another salacious, unnecessary, and prejudicial detail from Mr. Prater's past for the jury to hear. It should be excluded or heavily redacted to forbid any reference to the furry community.

### IV. EVIDENCE THE GOVERNMENT SEEKS TO ADMIT IS EXTRINSIC AND NOT INTRISNIC OR RES GESTAE AND THEREFORE SHOULD BE EXCLUDED

Evidence is considered intrinsic when it is directly part of the charged offense itself or when it is so closely intertwined with the charged conduct that it helps to explain the context, background, or story of the crime. Evidence is res gestae or "intrinsic" when the acts are part of the same "criminal episode" as the charged offense, or "inextricably intertwined" with it. *See United States v. Sadler,* 24 F.4th 515, 554 (6th Cir. 2022). The law treats intrinsic evidence such as proof not of other bad acts, but of the charged ones. *See, e.g., United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "However, the "background circumstances exception" to the general exclusion of other act evidence is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce." *Hardy* at 748.

The Sixth Circuit strictly limits the "temporal proximity, causal relationship, or spatial connections" on which evidence can be deemed intrinsic to the charged offense. *Id.* at 749. And when the other acts "occurred at different times and under different circumstances from the offense charged," they are "extrinsic." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

The evidence the Government seeks to introduce here is not *intrinsic* but rather *extrinsic* evidence as it involves conduct from seven to eight years ago. And even if the Court should find some of the evidence to be intrinsic such as Mr. Prater's furry name, this evidence would still

need to be assessed under Fed. R. Evid. 401 and 403.   As detailed above, it would fail the test as it would be more prejudicial than probative and should be excluded.

**WHEREFORE,** for the reasons set forth above, Mr. Prater respectfully requests this Court to deny the Government's Motion (ECF No. 34).

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
Soumyajit Dutta (OH 76762)
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org
Soumyajit_dutta@fd.org

Attorneys for Defendant
Cody L. Prater

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender