IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CODY L. PRATER | Case No. 2:25-cr-00056<br><br>JUDGE MICHAEL H. WATSON |

### UNITED STATES' SUPPLEMENTAL NOTICE OF EXPERT TESTIMONY

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the United States provides notice of its intent to introduce the testimony of Digital Investigative Analyst (DIA) Chancey Davis under Federal Rule of Evidence 702. This notice incorporates Ms. Davis's background, qualifications, and expected testimony set forth in the United States' Notice of Expert Testimony. Doc. #45. The United States provides this supplemental notice in advance of the hearing on the defendant's motion to suppress scheduled for November 3, 2025.

### Summary of Testimony

Ms. Davis is expected to testify about her review of the devices seized from and used by the defendant to create, receive, access, and view digital images and videos, including obscene material and child sexual abuse material (CSAM). These devices have been made available—and continue to remain available—for examination by the defense.

Specifically, Ms. Davis is expected to testify that the passwords for the defendant's devices would have been inevitably discovered using industry-standard forensic tools. Ms. Davis will testify that standard forensic imaging[1] tools, such as the Tableau TX1, enable a forensic examiner to bypass password protection and access data on encrypted and unencrypted digital devices. Ms.

---

[1] A "forensic image" is a bit-for-bit copy of a digital storage device that preserves the original evidence without alteration, ensuring its authenticity and integrity for legal proceedings or investigations.

Davis will testify about standard protocols employed by forensic examiners to acquire forensic images of password-protected devices. Ms. Davis will testify that investigators created a forensic image of the defendant's Gaming PC desktop computer using industry-standard practices and that investigators did not need the defendant's password to create that forensic image. Ms. Davis will testify that the defendant's desktop computer was not encrypted and that the data on that computer was easily accessible using industry-standard tools and techniques.

Ms. Davis will testify that the defendant's desktop computer contained numerous passwords saved in his internet browser and in other locations. Ms. Davis will testify that many of these passwords contain variations of the phrase "gaymer4505[.]"

Ms. Davis will testify that she reviewed the defendant's "Tails"[2] thumb drive and that the password for the encrypted partition of that drive was "gaymer4505@[.]" Ms. Davis will testify that the passcode for the defendant's phone was "4505[.]"

Ms. Davis will testify about industry-standard techniques used by forensic examiners to access password-protected devices. Ms. Davis will testify about discovering a password using a "dictionary attack," where a forensic examiner creates a list (i.e., dictionary) of phrases that a person has used in other passwords. Ms. Davis will testify that industry-standard forensic tools can generate common password variations, such as replacing letters with similar-looking numbers or appending characters to the end, and using those variations to attempt access to a device. Ms. Davis will testify that dictionary attacks are often successful in identifying the password for a digital device because individuals often recycle passwords or use passwords with common phrases.

Ms. Davis may also testify about other techniques used to discover the password for a

---

[2] "Tails" (The Amnesic Incognito Live System) is a secure, privacy-focused operating system designed to run from a USB drive. It routes all internet traffic through the Tor network (i.e., the dark web) to maintain user anonymity and is configured to leave no trace on the host machine by default. "Tails" is designed to forget all user activity upon shutdown unless persistent storage is explicitly enabled.

device, including brute-force and hybrid attacks. A brute-force password attack is a method of guessing a password by systematically trying every possible combination until the correct one is found. Forensic tools enable investigators to try millions or billions of guesses per second, which makes simple or short passwords more vulnerable to discovery through brute-force attacks. Hybrid attacks employ a brute-force technique which prioritizes phrases associated with the user of a device, like old passwords, birthdays, nicknames, or usernames.

Ms. Davis will testify that investigators were able to—and in fact did—retrieve the defendant's passwords for his desktop computer and his "Tails" drive without requesting a password directly from him.

Ms. Davis will also testify that industry-standard tools would enable any forensic examiner to unlock the defendant's phone. Ms. Davis will testify that tools employing a brute force method would unlock a four-digit passcode on an Android device in approximately two hours.[3] Ms. Davis will testify that a hybrid method using phrases used elsewhere by the user of a device (i.e., "4505") would expedite discovery of the device passcode.

Ms. Davis will base her testimony on her review of the defendant's digital devices, her high degree of familiarity with digital forensic examination, the training she has received and presented on the operation of digital forensic software, her extensive experience forensically examining digital devices using such software, and her experience investigating online sexual exploitation of children. Ms. Davis will further testify that the principles and methods upon which she relied in her testimony are commonly accepted in the scientific community and are highly reliable.

---

[3] Cybersecurity professionals estimate that a brute-force method can discover an eight-digit passcode instantly. *See, e.g.*, https://specopssoft.com/blog/best-password-practices-to-defend-against-modern-cracking-attacks/ (last accessed Oct. 9, 2025).

Pursuant to Fed. R. Crim. P. 16(a)(1)(G)(v), Ms. Davis's affirmation and signature is below.

_____
Chancey Davis
Digital Investigative Analyst
U.S. Department of Justice
Child Exploitation and Obscenity Section

[*continued on next page*]

**Reservation of Rights and Request for Reciprocal Discovery**

To date, the defendant has not provided notice of any experts under Federal Rule of Criminal Procedure 16. Accordingly, this notice does not identify any experts that the United States may use at trial "during its rebuttal to counter testimony that the defendant has timely disclosed." Fed. R. Crim. P. 16(a)(1)(G)(i). If the defendant discloses any experts under Federal Rule of Criminal Procedure 16(b)(1)(C), the United States reserves all its rights to designate additional rebuttal experts or topics of potential testimony or to raise any objections.

The United States' instant disclosure of expert witnesses also serves as a request for reciprocal discovery and notice of expert testimony by the defendant, pursuant to Federal Rule of Criminal Procedure 16 and Local Rule of Criminal Procedure 16.1(b).

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

By: /s/ Eduardo Palomo
EDUARDO PALOMO (TX 24074847)
Trial Attorney
Eduardo.palomo2@usdoj.gov

s/Emily Czerniejewski
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
Emily.Czerniejewski@usdoj.gov

s/Tyler Aagard
TYLER AAGARD (NC 54735)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 406-3572
Fax: (614) 469-5653
Tyler.Aagard@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

                                                */s/ Eduardo Palomo*
                                                Eduardo Palomo
                                                Trial Attorney