IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | | |
| vs. | : | Case No. 2:25-CR-56 |
| | : | |
| CODY L. PRATER, | | JUDGE MICHAEL H. WATSON |
|     Defendant. | : | |

**DEFENSE REPLY TO GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO SUPPRESS EVIDENCE**

The Defendant, Cody L. Prater, by and through counsel, and respectfully submits this Reply in Support of his Motion to Suppress. Within its response, the Government's characterization of the events leading to Mr. Prater divulging his passcode inaccurately minimizes the custodial nature of the interrogation, the agents' disregard of the corners of the warrant, and Mr. Prater's clear vocalization of his need for counsel. Ultimately the Government seeks to sanitize the agents' actions by relying on an inevitable discovery doctrine that should not be made available to them. The forced disclosure of Mr. Prater's passcodes violated the Fourth, Fifth, and Sixth Amendments. Precedent in both the Supreme Court and Sixth Circuit confirm this evidence must be suppressed.

**I. The agents exceeded the scope of the warrant**

The Supreme Court and Sixth Circuit require that warrants be executed strictly within

their particularized terms. *Groh v. Ramirez,* 540 U.S. 551 (2004); *United States v. Lazar*, 604 F.3d 230 (6th Cir. 2010) (a search exceeding a warrant's scope is unconstitutional regardless of good faith."). Here, the warrant expressly prohibited compelling disclosure of a passcode. By threatening Mr. Prater with even the potential of arrest if he refused, the agents not only exceeded the warrant but fundamentally changed its character from a judicially authorized search to a coercive interrogation. The Sixth Circuit has repeatedly held that when agents disregard a warrant's specific limits, suppression is required. See *United States v. Hodson*, 543 F.3d 286, 293–94 (6th Cir. 2008) (search invalid where agents "did not confine their activities to the scope of the warrant")

It bears repeating, this language in the search warrant forbidding the compulsion of passcodes is not some mere technical boilerplate language. As further discussed below, the vast majority of courts have drawn a line between using biometrics which are not an outward expression of mental thought, and the affirmative disclosure of passcodes/passwords which are testimonial in nature. ("both the holding in *Oakland* and Amicus's argument are premised on the well-settled law that passcodes deserve Fifth Amendment protections." *In re Search Warrant No. 5165,* 470 F.Supp.3d 715, 732.

## II. Mr. Prater's Passcode Disclosure was Both Testimonial and Compelled

The Sixth Circuit follows *Doe v. United States*, 487 U.S. 201 (1988), and treats forced disclosure of knowledge-based information as testimonial when it communicates mental content. In *United States v. Kirschner*, 823 F. Supp. 2d 665, 669–70 (E.D. Mich. 2010), aff'd, No. 11-1396 (6th Cir. 2012), the court held that compelling a defendant to reveal a password or encryption key violates the Fifth Amendment because it "forces him to divulge the contents of his own mind." Moreover, voluntariness cannot exist when compliance follows an explicit threat

of arrest. The Sixth Circuit in *United States v. Woolridge*, 64 F.4th 757 (6th Cir. Apr. 5, 2023), reaffirmed that to avoid suppression, the government must prove by a preponderance that a confession was the product of a free and deliberate choice rather than intimidation, coercion, or deception.

    Consider the environment in which Mr. Prater found himself that morning. Mr. Prater was removed from his home by law enforcement and placed in a police van during the execution of the search of his home. Multiple armed officers were present executing a warrant that authorized the search of the premises but not the interrogation of the occupants. Mr. Prater was placed in the windowless van. Law enforcement advised Mr. Prater of his *Miranda* rights, indicating their own belief that he was in a custodial interrogation setting. Agent LaVigne would go on to tell Mr. Prater that if he chose not to waive his *Miranda* rights and talk to the agents, they would remain in the van until the search was completed. While it's true that law enforcement generally took what the Government describes as a "cordial" tone with Agent Sellers even going so far as to tell him that he wasn't under arrest that day, Sellers goes on to talk about putting in a good word to magistrates and judges later if he spoke to them now, implying that a federal charge was imminently in Mr. Prater's future.

    Nevertheless, when after this exchange Mr. Prater unequivocally invoked his right to counsel as discussed below, the dynamic changed. While in this setting, officers insisted that he provide his "biographical stuff *and information*" to his electronic devices with the threat of potentially being subject to arrest if he did not comply. Such statements are not a request – but a threat of arrest for exercising a constitutional right to remain silent and to withhold self-incriminating information.

    The government cannot contend now that a reasonable person, removed from their home,

surrounded by armed officers, detained in a police car and explicitly told they were not free to leave and that they could be arrested if they didn't comply with the officers accessing their devices would have felt anything other than compelled. Any reasonable person in these circumstances would not have believed they had any genuine choice. Such circumstances constitute classic coercion under the totality analysis. *United States v. Beauchamp*, 659 F. 3d 560, 571 (6th Cir. 2011) (finding consent invalid where just because officers "asks" verses "ordered" the defendant "does not lose its coercive character" as "such a distinction is purely semantics"). Any purported "consent" to provide passwords was nor an act of cooperation but of submission to authority. Furthermore, any conversations Mr. Prater may have had *after* the violation occurred are irrelevant to the circumstances surrounding Mr. Prater at the time of the disclosure.

### III. Mr. Prater Unequivocally Invoked His Right to Counsel

Mr. Prater's statement—"it would be in my best interest not to answer without a lawyer"—was an unequivocal invocation under most Circuit court standards. For instance, in *United States v. Hunter*, 708 F.3d 938, 946–47 (7th Cir. 2013), the defendant's request "can you call my attorney?" triggered full Miranda protection. Even assuming ambiguity, officers must have stopped and clarified instead of pressing forward. When agents continued discussing the devices and compelled passcodes post-invocation, they violated the prophylactic protections of *Edwards v. Arizona*, 451 U.S. 477 (1981), and Sixth Circuit precedent.

Perhaps the clearest indication of the 6th Circuit's intention to protect a defendant's right to counsel is United States v. *Zakhari*, 85 F.4th 367. In *Zakhari,* the defendant, while being questioned by law enforcement simply asked if he could call his sister, who he identified as an

attorney. Nevertheless, questioning continued and incriminating statements were obtained from the interview. In reversing the denial of the motion to suppress by the district court, the 6th Circuit held that once a suspect expresses a desire to have counsel present—even in colloquial terms—law enforcement must immediately cease all questioning. The court reversed the conviction and ordered suppression of the defendant's statements because agents failed to honor that invocation. In doing so, the 6th Circuit noted, Once a person communicates "his desire to deal with the police only through counsel," he is "not subject to further interrogation by the authorities until counsel has been made available to him." *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981). "[A]ll questioning must cease." *Smith v. Illinois*, 469 U.S. 91, 98, 105 S. Ct. 490, 83 L. Ed. 2d 488 (1984). This "bright-line prohibition" prevents investigators from "wear[ing] down the accused" in "explicit or subtle, deliberate or unintentional" ways so as to convince him "to incriminate himself notwithstanding his earlier request for counsel's assistance." *Id.* The burden is on the government to show a proper waiver of the right to counsel. *See Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000).

Mr. Prater's statement, "it would be in my best interest not to answer any questions without a lawyer," is functionally identical if not more clear than the invocation in *Zakhari*. Further under *Zakhari* and *Edwards v. Arizona*, 451 U.S. 477 (1981), all interrogation and derivative evidence thereafter are unconstitutional and must be suppressed.

## IV. The inevitable discovery doctrine does not apply.

The government bears the burden of proving inevitable discovery by showing that it "can demonstrate either the existence of an independent, untainted investigation that inevitably would have uncovered the same evidence or other compelling facts establishing that the disputed

evidence or other compelling facts establishing that the evidence or other compelling facts would have been discovered." *United States v. Alexander*, 540 F.3d 494, 502 (6th Cir. 2008). "Proof of inevitable discovery "involves no speculative elements but focuses on demonstrated historical facts capable of ready verification or impeachment and does not require a departure from the usual burden of proof at suppression hearings" *United States v. Kennedy*, 61 F.3d 494 (6th Cir. 1995)

      Here, no contemporaneous attempt existed to unlock the devices by biometric means or password recovery (ie cracking the phone). While the Government can speculate all it wants as to how law enforcement would have likely been able to get into Mr. Prater's phone at some indefinite time in the future, the only certainty here is that the only causal path to the evidence was the unlawfully compelled passcode. This is why law enforcement focused their efforts on getting the passcode from Mr. Prater despite a search warrant telling them not to do so. The Government cannot meet its burden here and inevitable discovery does not apply. See also *United States v. Nasser*, 476 F.3d 1115, 1122 (6th Cir. 2007) (rejecting inevitable discovery absent contemporaneous, independent steps toward lawful discovery).

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Defense respectfully requests this Court to suppress all evidence seized from Mr. Prater's electronic devices in this case.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
Soumyajit Dutta (OH 76762)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org
Soumyajit_Dutta@fd.org

*Attorneys for Defendant*
*Cody L. Prater*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender