## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**United States of America**

    **v.**                                                      **Case No. 2:25-cr-56**

**Cody Prater,**                                          **Judge Michael H. Watson**

    **Defendant.**

### OPINION AND ORDER

This Opinion and Order concerns two outstanding motions: the Government's motion in limine to exclude certain arguments by Defendant, ECF No. 32, and Defendant's motion in limine to exclude prejudicial characterizations, ECF No. 38. For the following reasons, the Court **DENIES AS MOOT** both motions.

### I.     STANDARD OF REVIEW

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted). The advanced ruling aids the parties "in formulating their trial strategy," but a court "may change its ruling on a motion in limine where sufficient facts have developed to warrant the change." *Id.* (citation omitted).

## II.    ANALYSIS

### A.    Government's Motion

The Government moves to exclude "any evidence or argument . . . related to: the evidence in this case being seized unlawfully and any argument, evidence or lines of inquiry designed to elicit or which has the effect of supporting jury nullification, including potential penalties the defendant will face if convicted." Mot. 1, ECF No. 32. The Government concedes that the portion of its motion concerning the lawfulness of seized evidence is "premature," but it makes the motion in the event that the Court denies Defendant's motion to suppress. *Id.* at 2. Next, the Government argues that evidence concerning a possible sentence or other consequences collateral to a conviction is irrelevant to Defendant's guilt or innocence and must thus be excluded under Federal Rule of Evidence 402. *Id.* at 3. Finally, the Government argues that the Court should prohibit Defendant from offering any other type of "jury nullification" argument. *Id.* at 4–7.

Defendant responds first that, should his motion to suppress be denied, he will not attempt to argue that any evidence was illegally seized. Resp. 2, ECF No. 52. But, if the Court denies his motion to suppress, Defendant intends "to confront and cross-examine government witnesses—including law enforcement officers—regarding their failure to follow procedures, inconsistencies in their conduct, and the reliability of their testimony." *Id.* Defendant argues that "[t]he jury has a right to know whether the officers cut corners, deviated from training, or failed to follow standard procedures, because such conduct directly affects

whether their testimony is reliable." *Id.* at 3. Defendant further responds that he has no intent to offer evidence or argument concerning possible punishment or jury nullification. *Id.*

The Government did not reply.

The Court agrees with Defendant that there is space between arguing that evidence was illegally obtained and challenging the reliability of admissible evidence. So long as Defendant's cross-examination remains in that space, it is proper. The Government does not seem to suggest otherwise with its motion, so the same is **DENIED AS MOOT** because Defendant agrees not to argue that any admitted evidence was illegally obtained or to present evidence or argument on penalties or jury nullification. Should the Government believe defense counsel's cross-examination violates the spirit of this Order (which the Court has no reason to think will occur), the Court expects it to lodge a contemporaneous objection.

## B. Defendant's Motion

Defendant moves to prevent the Government and its witnesses from referring to Defendant with inflammatory language, such as "predator," "sex offender," and "pedophile," or saying that he "preys on children." Mot. 1, ECF No. 38. Defendant argues that such pejorative characterizations are unfairly prejudicial under Federal Rule of Evidence 403 and constitute improper propensity evidence under Rule 404(a). *Id.* at 2. He also argues that it amounts to improper lay opinion testimony under Rule 701 and is not the type of "evidence" admissible under Rule 702. *Id.*

The Government agrees that inflammatory labels such as "pedophile" and "child molester" are improper. Resp. 1, ECF No. 48. The Government notes, however, that it intends to introduce evidence concerning Defendant's sexual interest in children and argues that such evidence is relevant and admissible. *Id.* The Government promises that, in doing so, it will remain cognizant to steer clear from language that might unnecessarily inflame the passions of the jurors. *Id.* at 1–2. Moreover, in response to Defendant's "propensity" argument, the Government states that it intends to offer evidence that Defendant is a prior convicted sex offender. *Id.* at 2. It notes that this issue is more fully detailed in ECF No. 34 (and Defendant's response thereto, ECF No. 54).

Defendant does not reply.

The Court is satisfied with the Government's representation that it will refrain from labelling Defendant at trial as a "predator," "child molester," or the like and will remain conscientious of its word choices. If Defendant has specific phrases or labels he is concerned with, the Court recommends that he and the Government meet and confer ahead of trial. To the extent the Government expresses an intent to use a specific label or phrase to describe Defendant that Defendant believes is improper, he shall raise that issue with the Court prior to trial. At this point, however, the Court **DENIES AS MOOT** this portion of Defendant's motion given the Government's concession.

The Court **DECLINES**, however, to prohibit the Government from referring to Defendant as a convicted sex offender or from otherwise referencing prior

acts, pending the Court's ruling on Defendant's opposition to the Government's Notice of Intent to Use Evidence ("Notice"), ECF No. 34.  The parties' positions on propensity evidence appear more fully briefed in connection with those documents than Defendant's motion in limine, so the Court's forthcoming ruling on Defendant's response in opposition to the Government's Notice shall govern this portion of Defendant's motion in limine.

### III.    CONCLUSION

Because both motions are—in all material respects—unopposed, the Court **DENIES AS MOOT** ECF No. 32 and the "labelling" portion of ECF No. 38.  The Court will rule on the "propensity" portion of ECF No. 38 in connection with ECF Nos. 34 and 54.  The Clerk **SHALL** terminate ECF Nos. 32 and 38 as pending motions.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**