UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:25-cr-56

Cody Prater,

Judge Michael H. Watson

Defendant.

### OPINION AND ORDER

The Government moves for a pre-trial ruling that Defendant's 2019[1] convictions in the Athens County Common Pleas Court for Pandering Sexually Oriented Matter Involving a Minor ("2019 Convictions") are admissible under Federal Rule of Evidence 414. Notice, ECF No. 34. It also seeks a pretrial ruling as to the admissibility of seven categories of evidence under Federal Rule of Evidence 404(b). *Id.*

Defendant opposes the introduction of the 2019 Convictions, the collateral consequences of those convictions, and one of the categories of Rule 404(b) evidence (concerning Defendant's prior involvement with the furry community[2]

---

[1] Defendant suggests that the convictions occurred in 2018, but the docket for the Athens County Common Pleas Court states that judgment was entered on June 4, 2019. *Compare* Resp. 7, ECF No. 54 *with* docket sheet. The Court therefore refers to these as the 2019 Convictions, but its analysis would not change even if there were an eight-year gap, as Defendant suggests, instead of a seven-year gap between offenses.
[2] For an explanation of the furry community, please see Notice 1, ECF No. 34, and Resp. 9 n.2, ECF No. 54.

under the alias "Kaji Taiki").[3] Resp., ECF No. 54. He requests a hearing. *Id.* at 1.

The Court concludes that no hearing is necessary and addresses each category of disputed evidence in turn.

## I. STANDARD OF REVIEW

Because the Government's Notice seeks a preliminary ruling admitting certain evidence, *see* Notice, ECF No. 34, and because Defendant's response seeks a pretrial ruling excluding that evidence, *see* Resp., ECF No. 54, the Court treats the filings as motions in limine.

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted). The advanced ruling aids the parties "in formulating their trial strategy," but a court "may change

---

[3] Defendant's response does not address the six other categories of information that the Government seeks to admit under Rule 404(b) or as *res gestae* evidence. Namely, the Government seeks to introduce evidence that Defendant: "(1) employed various means of encryption to protect his illegal activities including a TAILS Operating System, (2) utilized several aliases, (3) utilized the dark web TOR browser, (4) visited several online websites known to be repositories of child pornography, (5) communicated with unknown individuals online about the use of Artificial Intelligence (AI) to create child pornography and obscene images . . . and (7) searched several terms online that evidence an effort to locate child pornography on the internet." Notice 1, ECF No. 34. The Court considers those categories of evidence as unopposed unless Defendant notifies the Court otherwise. Therefore, the Court **TENTATIVELY GRANTS** those portions of the Government's motion and considers herein only whether Defendant's 2019 Convictions (and the collateral consequences of the same) and his involvement in the furry community under the alias "Kaji Taiki" are admissible.

its ruling on a motion in limine where sufficient facts have developed to warrant the change." *Id.* (citation omitted).

## II. ANALYSIS

### A. Defendant's 2019 Convictions

The Government argues that Defendant's 2019 Convictions are admissible under Federal Rule of Evidence 414. Notice 10–13, ECF No. 34.

#### 1. Admissibility, Generally

"In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Rule 414 thus creates an exception to Rule 404's ban on propensity evidence, but the prior act evidence is still subject to Rule 403's balancing test. *United States v. Libbey-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020) (citation omitted).

In this case, the charges against Defendant in Counts I and V of the Indictment satisfy Rule 414's definition of "child molestation." *See* Fed. R. Evid. 414(d)(2)(B) (defining "child molestation" as "any conduct prohibited by 18 U.S.C. chapter 110"); Indictment ¶¶ 1, 5, ECF No. 18. This is thus "a criminal case in which a defendant is accused of child molestation."

Moreover, the parties agree that Defendant's 2019 Convictions satisfy the definition of "child molestation," such that they are "evidence that the defendant

committed any other child molestation." Notice 10–11, ECF No. 34; Resp., ECF No. 54.

The plain language of Rule 414 is therefore satisfied so long as the 2019 Convictions evidence is "relevant" to a matter in Counts I and V.

It is. Here, the 2019 Convictions are relevant to Defendant's propensity for possessing child pornography, which is probative to his guilt in that it tends to prove both identity and absence of mistake. *E.g.*, *United States v. Veerkamp*, No. 23-3485, 2024 WL 3378459, at *5 (6th Cir. July 11, 2024) ("The probative value of this evidence is clear—because Veerkamp disputed his identity as the producer and possessor of the child pornography . . . , the government sought to introduce evidence that would establish his propensity to engage in such conduct."); *United States v. Jones*, 747 F. App'x 348, 358 (6th Cir. 2018) ("Here Jones's 1991 conviction had probative value to show his sexual interest in children, which was relevant to his motive and intent to knowingly receive child pornography. Moreover, it helped to rebut Jones's defense that others were responsible for the child pornography on his computer."); *United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) ("Rule 414 itself was a strong legislative judgment that evidence of prior sexual offenses have probative value and should ordinarily be admissible." (internal quotation marks and citation omitted)); *United States v. Trepanier*, 576 F. App'x 531, 534 (6th Cir. 2014) ("Rule 414(a) reflects congressional recognition that prior acts of sexual misconduct involving children, including possession of child pornography, are probative to

show an offender's propensity for committing a similar charged offense." (citation omitted)). The 2019 Convictions evidence is also relevant to Defendant's sentencing, should he be found guilty. See 18 U.S.C. § 2252(b)(2) (creating a mandatory minimum term of ten years in prison if the defendant committing the offense had certain prior convictions).

Because the 2019 Convictions evidence falls into Rule 414's exception to the bar on propensity evidence and is relevant, the Court next considers whether it passes the Rule 403 balancing test. Federal Rule of Evidence 403 permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "refers to the evidence which tends to suggest a decision on an improper basis." *United States v. Caver*, 470 F.3d 220, 240 (6th Cir. 2006) (citation modified). A district court enjoys "very broad discretion" in conducting the Rule 403 balancing test. *Libbey-Tipton*, 948 F.3d at 705 (internal quotation marks and citations omitted).

"In considering the probative value of evidence, courts may consider the closeness in time between the acts, the similarity between the act in question and the prior act, and the necessity of the evidence to the government's case, including whether there were less invasive means of obtaining the information."[4]

---

[4] Defendant suggests that the Court should consider five factors that the Ninth Circuit considers in such analyses. Resp. 7, ECF No. 54 (citing *United States v. LeMay*, 260

*Libbey-Tipton*, 948 F.3d at 701. Here, the available facts indicate that the probative value of the 2019 Convictions evidence is high.

First, there is no time limit in Rule 414, but courts consider the proximity in time of the prior act to the charged conduct because "the passage of time could raise issues of reliability." *Libbey-Tipton*, 948 F.3d at 703. There is no concern about the reliability of the 2019 Convictions evidence here for two reasons, though. The 2019 Convictions evidence was close in time to the charged conduct here. The 2019 Convictions related to acts discovered during a 2017 investigation and involved activity dating back to 2016. Notice 3, ECF No. 34; Resp. 2, ECF No. 54. The at-issue charges are based on a 2024 investigation. Notice 4, ECF No. 34. A seven-year gap—especially considering that Defendant was imprisoned for four of those years—does not render the acts far enough apart to question the reliability of the prior-act evidence. *E.g.*, *Libbey-Tipton*, 948 F.3d at 703 (noting that this Circuit has admitted evidence of a twenty-year-old

---

F.3d 1018, 1022 (9th Cir. 2001), and *United States v. Seymour*, 468 F.3d 378, 386 (6th Cir. 2006)). The only two factors considered in *LeMay* that are not expressly addressed in the body of this Opinion and Order are: (1) the frequency of the prior acts; and (2) the presence or lack of intervening circumstances. The frequency of prior acts has less weight when the prior act consists of a possession offense instead of a discrete act, because possession inherently continues. The Court therefore finds that, to the extent this factor should be considered, it has little effect on the Rule 403 analysis here. As to intervening circumstances, this factor weighs in favor of admission given that the only significant intervening factor here is that Defendant spent four years in prison for his 2019 Convictions. The prison time explains a significant portion of the seven-year gap between the two offenses. Moreover, the fact that Defendant lived with different people during each offense weighs in favor of reliability because it shows the single constant between the offenses was Defendant. Thus, without holding that the Court should consider these two factors, the Court finds that they do not weigh in Defendant's favor in the Rule 403 analysis.

uncharged act). More importantly, no matter how far into the past the prior-act evidence occurred, it is extremely reliable here because it consists of convictions based on guilty pleas (as opposed to, for example, victim testimony or uncharged conduct). *Jones*, 747 F. App'x at 357.

The 2019 Convictions evidence and the at-issue conduct is also similar. Rule 414's plain language implies "that the prior acts do not need to be identical to be admitted." *Libbey-Tipton*, 948 F.3d at 702 (quoting Fed. R. Evid. 414(a)). Although Defendant argues dissimilarity here because the 2019 Convictions involved images and videos of "young males" and "prepubescent females" while the charges here involve videos of "infants," the fact remains that Defendant's 2019 Convictions were for possession of child pornography—the exact charges at issue here. *Trepanier*, 576 F. App'x at 534 ("Here, the evidence of Trepanier's prior experience with electronic images of child pornography was certainly probative to show that he, as opposed to his wife or daughter, was the user of the home computer who had accessed the images of child pornography found there."). Moreover, both offenses involved electronic videos and images. Because both the 2019 Convictions and the at-issue charges involve possession of electronic child pornography, they are "sufficiently similar"[5] to pass the Rule

---

[5] The Court acknowledges that the 2019 Convictions involved real children while Counts II–IV of the at-issue Indictment involve artificially generated images. *See* Resp. 8, ECF No. 54. This dissimilarity is irrelevant to the analysis, however, because Rule 414 applies only to Counts I and V, which, like the 2019 Convictions, allege the involvement of real children.

403 balancing test. *See Veerkamp*, 2024 WL 3378459, at *5 (internal quotation marks and citation omitted); *cf. United States v. Stout*, 509 F.3d 796, 801–02 (6th Cir. 2007) (conducting a *Rule 404(b)* analysis and finding the prior act dissimilar where it involved surreptitious recording of a nude girl but the indicted charges involved possession of child pornography such that there existed a risk the jury would use the prior act evidence for Rule 404(b)'s prohibited purpose of propensity).

The Court next considers the "necessity of the evidence to the government's case." *Libbey-Tipton*, 948 F.3d at 703 (citation omitted). Here, the Government seeks to admit Defendant's 2019 Convictions evidence to satisfy elements of Counts I or V (e.g., identity or absence of mistake) but also to prove that Defendant was previously convicted of an offense that triggers the increased penalty. There is obviously no means of proving Defendant's prior convictions without the 2019 Convictions evidence, so there is high necessity here as it relates to the sentencing purpose. It likewise seems that the Government has a high need for the evidence to prove identity (given the presence of another suspect in the home) and absence of mistake (given the potential for Defendant to assert that defense) vis-à-vis guilt on Counts I and V. Notice 11–12, ECF No. 34 ("The owner of the devices containing the crux of the Government's evidence is clearly an essential fact to prove."). Although the Government can prove identity and absence of mistake through alternative means (e.g., the alias evidence), it seems that much of the physical evidence in the case points only to

particular devices. Defendant's *admitted* prior possession of child pornography is highly probative, therefore, to answering the further question of who utilized those devices to commit the crimes. Indeed, that is exactly why Congress permitted propensity evidence through Rule 414. *Stout*, 509 F.3d 796 ("Congress recognized that, in certain cases, sexual misconduct is different from other crimes. This difference is either that propensity evidence has special value in certain violent sexual misconduct cases or that the difficulty of and need for convictions for these crimes warrants a decrease in the usual protections against propensity and character evidence."). This is especially true here, given that the Government intends to produce evidence that the alias "Jasper" was used in connection with both the 2019 Convictions and the currently charged crimes. Notice 12, ECF No. 34. Use of the same alias, coupled with an admission in the 2019 Convictions, tends to prove identity for the at-issue crimes.

Thus, considering all the facts, the probative value of the 2019 Convictions evidence is high. The 2019 Convictions evidence is reliable, similar to the at-issue conduct, and sufficiently necessary to the Government's case. It tends to prove Defendant's sexual interest in children and willingness to break the law and possess child pornography, which, therefore, tends to prove identity and absence of mistake here. It is similarly probative for sentencing purposes given the mandatory minimum in 18 U.S.C. § 2252(b)(2).

Finally, the risk of *unfair* prejudice is low. Prior act evidence under Rule 414 has been found to be unfairly prejudicial when the details of the prior act

"were more lurid and more interesting than the evidence surrounding the actual charges." *Libbey-Tipton*, 948 F.3d at 704 (citation modified). But the mere "stigma of child molestation" is not enough to cause *unfair* prejudice. *Id.* Here, Defendant presents nothing about the 2019 Convictions evidence that is particularly more lurid than the evidence surrounding the charged acts. To the contrary, the similarity of the conduct weighs against a finding of unfair prejudice. Moreover, to the extent Defendant fears that the jury may find him guilty on Counts I and V based on his propensity to possess child pornography, that fear is not a reason to exclude the evidence because the entire purpose of Rule 414 is to create an exception to the bar against propensity evidence.

Having concluded that the 2019 Convictions evidence is highly probative and that any prejudice from admitting the same is not unfair, the Court concludes that Rule 403 does not bar its admission. Therefore, the Court **GRANTS** the Government's request to admit the 2019 Convictions evidence and **DENIES** Defendant's motion to exclude the same.

### 2. Scope of Admissibility

But that conclusion merely begs the issue of the proper scope of the evidence to be admitted. For example, Defendant seeks to exclude evidence concerning the collateral consequences of the 2019 Convictions—namely, the fact that he was on parole at the time of the indicted activity and that his 2019 Convictions required him to register as a sex offender. Resp. 2, 5–6, ECF No. 54.

The Court agrees that there is a conceptual difference between the actions underlying the 2019 Convictions and the collateral consequences of those convictions so **TENTATIVELY GRANTS** Defendant's request to exclude the additional information about his parole status and registration requirement and **TENTATIVELY DENIES** any request by the Government to admit the same. That additional information does not seem probative of either Defendant's guilt or sentence in this case, and it does not seem to be particularly useful background information for the jurors, either. To the extent that the Government seeks to admit evidence of Defendant's status on parole or his registration requirement, it shall thus seek reconsideration of this *in limine* ruling and argue that information's relevance.

On the subject of the scope of admissibility, Defendant next argues that the 2019 Convictions evidence is admissible under Rule 414 vis-à-vis only Counts I and V, because those are the only counts here that accuse Defendant of "child molestation," as defined in the Rule. Thus, he contends, the Court should bifurcate Counts II–IV from Counts I and V if it permits the Government to introduce the 2019 Convictions evidence in connection with Counts I and V. Resp. 3–4, ECF No. 54 ("Even with a curative instruction, it seems highly unlikely that a jury would not impermissibly apply this evidence in its consideration of Counts II–IV.").

The Court disagrees. As a preliminary matter, even if the 2019 Convictions evidence is not admissible as to Counts II–IV pursuant to Rule 414, it may be

admissible under Rule 404(b) to prove identity and absence of mistake (but not propensity) for those counts. *See* Notice 3, 12, ECF No. 34 (noting the videos and images underlying the 2019 Convictions were found "in a folder path featuring the name 'Jasper,'" and that "Jasper" was also an alias used in connection with the at-issue charges (but not specifying which counts of the current Indictment are connected to the alias)). Moreover, even if the 2019 Convictions evidence is irrelevant to Counts II–IV or the Court ultimately concludes that the evidence should be excluded as to those counts under Rule 403's balancing test, jurors are presumed to follow limiting instructions. *E.g.*, *United States v. Kennedy*, 578 F. App'x 582, 592 (6th Cir. 2014) ("[W]e presume jurors follow limiting instructions . . . ." (citation omitted)). The Court finds no reason to question the jury's ability to follow a proper instruction here and cabin their consideration of the evidence to the correct counts. So, the Government is **DIRECTED** to inform the Court by December 1, 2025, whether it intends to offer the 2019 Convictions evidence in connection with Counts II–IV. If so, the Court will permit additional briefing or entertain a short oral argument as to the evidence's admissibility in connection with Counts II–IV. If not, counsel are encouraged to propose a joint limiting instruction for the Court's consideration, limiting the jury to considering the 2019 Convictions evidence only in connection with Counts I and V. Defendant's request to bifurcate the trial, though, is **DENIED**.

Finally, Defendant argues that the Government should be limited to accepting Defendant's stipulation as to the 2019 Convictions evidence and prohibited from introducing the underlying facts about the 2019 Convictions. Because certain facts (including the alias "Jasper") may be relevant to disputed issues here (such as identity and absence of mistake), Defendant's motion is **TENTATIVELY DENIED**. That does not mean, however, that the Government may admit unnecessary, unfairly prejudicial, or cumulative factual information concerning the 2019 Convictions. Without any briefing as to which facts the Government intends to admit, the Court simply cannot now determine where to draw the line. The Government is thus **DIRECTED** to raise this scope issue, outside the presence of the jury, before it attempts to admit the 2019 Conviction evidence.

**B.    Defendant's Involvement in the Furry Community under the Alias "Kaji Taiki"**

The Government also intends to admit evidence that Defendant participated in the furry community under the alias "Kaji Taiki." Notice 18–20, ECF No. 34.

Defendant contends that this evidence amounts to improper propensity evidence under Federal Rule of Evidence 404(b) and thus must be excluded. Resp. 4–6, ECF No. 54. To the extent the evidence is relevant to anything other than propensity, he contends that it should nonetheless be excluded under Rule 403. *Id.* at 6–10. For the following reasons, the Court tentatively disagrees as to

the evidence of the alias itself but tentatively agrees as to evidence regarding the purpose of the alias (i.e., Defendant's participation in the furry community).

### 1. Propensity Evidence

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." But the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Contrary to Defendant's assertion, the Government is not offering the alias evidence to establish propensity (i.e., to show that, because Defendant is involved in the furry community under a particular alias, he likely possessed child pornography). See Resp. 5, ECF No. 54. Instead, as shown below, the evidence tends to prove Defendant's "identity" as the possessor of the images found on the gaming computer (Counts II–IV), which is an acceptable purpose under Rule 404(b). The rule against propensity evidence thus does not bar admission here.

### 2. Relevance

Defendant next disputes the evidence's relevance to identity, arguing that it should be excluded under Rule 402. See Resp. 5–6, ECF No. 54.

Relevant evidence is typically admissible, and irrelevant evidence is inadmissible. Fed. R. Evid. 401, 402. The threshold for relevancy is low. See

Fed. R. Evid. 401 ("Evidence is relevant if . . . it has *any* tendency to make a fact more or less probable than it would be without the evidence . . . ." (emphasis added)); *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) ("The standard for relevancy is extremely liberal." (internal quotation marks and citation omitted)).

Here, that low bar is met. Some of the images at issue in the Indictment were found on a gaming computer located in the house in which Defendant lives with his father and to which they both seemingly had access during the relevant time. Notice 4, 11, ECF No. 34. The gaming computer utilized a Windows operating system, the full username for which was "Kaji Taiki." *Id.* at 18–20. "Kaji Taiki" is a name that Defendant previously utilized when participating in the furry community. *Id.* The fact that Defendant has previously used the unique alias associated with the Windows account containing the charged images makes it more likely than it would be without that evidence that Defendant—rather than someone else—controlled the account and possessed those images. *E.g., Trepanier*, 576 F. App'x at 535. Evidence that Defendant previously used the alias "Kaji Taiki" thus tends to identify Defendant as the possessor of the images at issue in Counts II–IV of this Indictment and, simultaneously, tends to refute any potential "it wasn't me" defense. It is therefore relevant under Rule 401 and will not be excluded under Rule 402.

### 3. Balancing Test

Last, Defendant argues that, even if there is a purpose other than propensity for the evidence, and even if the evidence is relevant to that admissible purpose, it should nonetheless be excluded under Rule 403's balancing test.

To this end, Defendant argues that the Government can link Defendant to the gaming computer involved in these crimes by means other than the alias evidence. Resp. 10, ECF No. 54. Therefore, he contends, the reference to his involvement in the furry community "seems to have been made by the Government only . . . in the hopes of adding another salacious, unnecessary, and prejudicial detail from [Defendant's] past for the jury to hear." *Id.*

At this stage, the Court must separate evidence that Defendant previously used the alias "Kaji Taiki" from evidence that he did so for purposes of participating in the furry community. As to the alias itself, the evidence is not unduly prejudicial. Standing alone, there is nothing inherently salacious about having previously used the alias, nor does evidence of prior usage of an alias suggest that the jury would render a decision on an improper basis.

The alias itself is also not cumulative. This is especially true given that neither the Government nor the Court is aware of Defendant's strategy (rightly so) and thus cannot know whether Defendant intends to dispute identity, knowledge, both, or neither. Given that the identity of the user of the at-issue gaming computer is central to finding the perpetrator in this case, the

Government's evidence does not cross the threshold to "cumulative" simply because the Government can also connect Defendant to the gaming computer in other ways.  This is not an instance where the additional evidence tips the scale towards cumulativeness.  The Court thus **GRANTS** the Government's motion to admit the alias and **DENIES** Defendant's motion to exclude the same.[6]

But Defendant's relationship to the furry community might be another matter.  The Court is hard pressed to ascertain any additional relevance that could be gleaned from the fact that Defendant's username was due to his involvement in the furry community.  For example, it is not immediately apparent that his involvement in the furry community had anything to do with the indicted crimes or even provides any background to the same.  What seems to matter is *that* Defendant is connected to the alias, not *why* he is connected to the alias.  Although reasonable minds could differ as to whether one's status as being involved the furry community is "salacious," the Court finds some force to Defendant's prejudice argument.

The Court therefore encourages Defendant and the Government to stipulate that Defendant has used the alias "Kaji Taiki" in other contexts such that the Government need not introduce evidence of the same.  In the event the parties cannot agree to either a stipulation or a manner of introducing the alias evidence without discussing Defendant's involvement in the furry community,

---

[6] This ruling would likely change if the Court grants Defendant's motion to dismiss Counts II–IV, as the alias seems to be relevant only to those counts.

they shall so inform the Court. At that point, the Court will hear any further argument from the Government as to why such "furry" evidence is relevant and not unduly prejudicial.[7] Until then, the Court **TENTATIVELY DENIES** the portion of the Government's motion relating to Defendant's participation in the furry community and **TENTATIVELY GRANTS** Defendant's motion to exclude the same.

### III. CONCLUSION

For the above reasons, the Court: (1) **TENTATIVELY DENIES** the Government's motion to introduce evidence of Defendant's involvement in the furry community and **TENTATIVELY GRANTS** Defendant's motion to exclude the same; (2) **GRANTS** the Government's motion to introduce evidence of Defendant's prior use of the alias "Kaji Taiki" and **DENIES** Defendant's motion to exclude the same; (3) **TENTATIVELY GRANTS** the Government's motion to introduce the other six categories of 404(b) evidence; (4) **DENIES** Defendant's motion to bifurcate the trial; and (5) **GRANTS** the Government's motion to admit the 2019 Convictions evidence. Regarding the scope of (5), the Court **TENTATIVELY GRANTS** Defendant's request to exclude the additional information about his parole status and registration requirement and **TENTATIVELY DENIES** any request by the Government to admit the same. The

---

[7] For example, to the extent Defendant intends to dispute his prior use of the alias, perhaps additional context concerning the alleged purpose of the alias becomes relevant.

Court also **TENTATIVELY DENIES** Defendant's request to limit evidence of the 2019 Convictions to a stipulation regarding the convictions.  The Court **RESERVES RULING** as to determining the remainder of the permissible scope of that evidence.  The Government is **DIRECTED** to inform the Court by December 1, 2025, whether it intends to offer the 2019 Convictions evidence in connection with Counts II–IV.

**IT SO ORDERED.**

                                                   /s/ Michael H. Watson
                                  **MICHAEL H. WATSON, JUDGE**
                                  **UNITED STATES DISTRICT COURT**