IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No: 2:25-cr-56 |
| | : | |
| v. | : | |
| | : | JUDGE MICHAEL H. WATSON |
| | : | |
| CODY L. PRATER | : | |
| | : | |

### GOVERNMENT'S NOTICE OF INTENTED USE OF PRIOR ACTS EVIDENCE

The United States previously submitted notice of its intended use of evidence pursuant to Rule 414 and Rule 404(b) of the Federal Rules of Evidence. (ECF #34). Following this notice, the Court directed the government to inform the Court if it intends to offer the defendant's 2019 convictions in connection with Counts Two and Three[1] ("the obscenity counts"). ECF #61. The Court also noted that it could not rule as to the scope of the tentatively admissible 414 evidence until it is certain of the scope of the proposed evidence.

In sum, the United States intends for the underlying facts of the defendant's prior conviction to be used as evidence in connection with the obscenity counts pursuant to Rule 404(b). Further, while the Sixth Circuit has long held that introducing previously possessed child pornography as propensity evidence is not *unfairly* prejudicial, the United States intends to only introduce testimony regarding the previous investigation that informs the jury that the defendant pled guilty to images similar to the images at issue in this prosecution, i.e. images which primarily

---

[1] On November 18, 2025, the government obtained a Superseding Indictment against the defendant (ECF #67). The Superseding Indictment now reflects only four total charges – Count One and Count Four relate to the real child pornography the defendant received and possessed and Count Two and Count Three relate to the AI generated child pornography and obscenity he received and possessed. The substance of those charges did not change from the original Indictment. In responding to the Courts request, the government will refer to the obscenity charges as they are currently outlined in the Superseding Indictment: Count Two and Count Three.

depict prepubescent males engaged in sexually explicit conduct. This type of content is what he possessed in his prior Athens County case and the type of content he generated using the Artificial Intelligence "AI" platform Stable Diffusion, the creation of which then formed the basis of the obscenity charges.

**NOTICE & ARGUMENT**

Factually, the United States intends to call as a witness Westerville, Ohio Police Detective Brett Peachey, who in 2019 was an FBI Task Force Officer, to testify regarding his investigation of the defendant. The United States does not intend to have Detective Peachey introduce any images of child pornography. Rather, he will describe briefly the nature of the investigation which culminated in a search warrant execution at a residence of the defendant. He will then describe the results of that search warrant, to include digital media devices he seized, and the relevant forensic data he recovered. The forensic data he intends to testify about is limited to the images he found on the defendant's devices to include the number of images, the approximate age of the children shown, the children's gender, and a brief description of the content.[2] He will also briefly describe the forensics associated with the case, to include the nature of the three devices he reviewed, and any digital indicators that the devices belonged to this defendant. As an example, Detective Peachey found child pornography in a folder with a path name that included "Jasper", one of the aliases found in the devices seized in the present prosecution.

1. ***Rule 404(b) permits the jury to consider the underlying facts of the defendant's prior conviction in connection to the obscenity counts.***

Rule 404(b), a rule of inclusion, explains that prior conduct that can help the jury determine identity and *modus operandi* should generally be admissible. Here, the jury should be told that *this defendant* previously pled guilty to possessing images of real child pornography, and that in so

---

[2] Described further at Doc. #34, PAGEID #112.

doing, he used at least one alias that is identical to one used in the instant case, flagged on a device which contained AI generated child pornography and obscenity.

This is important for several reasons. Most importantly, the defendant did not live alone. The defendant resided with his father, who secured his own bedroom with a padlock on the outside of his bedroom door. The United States must prove beyond a reasonable doubt that the defendant is the one who possessed and received the obscenity. The father of the defendant is now deceased and cannot be called as a witness in this matter.  As the Court knows, proving possession in a home with more than one resident requires robust proof, particularly in this case, where the defendant's father locked his own bedroom with a padlock. The United States expects that a reasonable juror may find that suspicious, but the proposed 404(b) evidence provides a direct link between the devices at issue in the instant investigation and the defendant.

To be clear, the United States will not argue or imply that the defendant's prior conviction suggests a propensity to possess the material alleged in the obscenity counts. In a four-count case, with only two general categories of charges, the Court can easily instruct the jury as to how to appropriately consider the evidence about the prior conviction with a limiting instruction. The government seeks only to use the prior conviction for the obscenity charges to show that his preference for child pornography imagery are similar—primarily prepubescent males engaged in a variety of sex acts. This type of child exploitation content was possessed by the defendant in his prior Athens County state court case and the type of child exploitation and obscenity content he then created in the instant case.

2. ***Rule 414 permits the jury to hear testimony about the defendant's prior child pornography offenses to conclude that he is sexually interested in children.***

As noted above, the scope of the proposed evidence—brief testimony from Detective Peachey— is narrowly tailored to provide the jury with the facts needed to assess the defendant's

propensity to commit child pornography offenses. While this evidence will provide brief descriptions of the general nature of the images, the United States will not show any images from the prior convictions to the jury or describe any one image in detail.

As described more thoroughly in the United States' initial notice, the law in this area is clear. Here, the United States is using past child pornography possession to show propensity for the present child pornography charges. The Sixth Circuit has a history of permitting Rule 414 evidence to prove even dissimilar crimes that still fall within the scope of the rule, and that demonstrate a sexual interest in children. Here, as this Court has already found, the crimes are nearly identical.

## CONCLUSION

The United States maintains that Detective Brett Peachey should be permitted to testify about the facts underlying the defendant's prior convictions, and that the jury should be instructed that the evidence may be used to show Rule 414 propensity for Counts One and Four, and may be used as Rule 404(b) evidence to prove identity and *modus operandi* evidence for Counts Two and Three.

Respectfully submitted,

**DOMINICK S. GERACE II**
UNITED STATES ATTORNEY


*s/ Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 406-3572
E-mail: Emily.Czerniejewski@usdoj.gov

*s/Tyler Aagard*

4

        TYLER AAGARD (NC 54735)
        Assistant United States Attorney

        */s/ Eduardo Palomo*
        EDUARDO PALOMO (TX 24074847)
        Trial Attorney
        Eduardo.palomo2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served this 1st day of December, 2025 electronically upon counsel for the defendant.

        */s/ Emily Czerniejewski*
        Emily Czerniejewski
        Assistant United States Attorney