N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Case No: 2:25-cr-00056** |
| | : | |
| **v.** | : | |
| | : | **JUDGE MICHAEL H. WATSON** |
| **CODY L. PRATER** | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties, by and through undersigned counsel, hereby submits the following proposed jury instructions, and requests leave to file any supplemental instructions as may be necessary and proper.

Respectfully submitted,

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

*s/ Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 406-3572
E-mail: Emily.Czerniejewski@usdoj.gov

*s/ Stacey MacDonald*
STACEY MACDONALD (WA 35394)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
Office: (614) 469-2999
Email: Stacey_MacDonald@fd.org

*s/Tyler Aagard*
TYLER AAGARD (NC 54735)
Assistant United States Attorney

*s/ Soumyajit Dutta*
SOUMYAJIT DUTTA (OH 76762)
Assistant Federal Public Defender

*s/ Eduardo Palomo*
EDUARDO PALOMO (TX 24074847)
Trial Attorney

1

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………………..4

JUROR DUTIES……………………………………………………………………………..5

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT……..6-7

EVIDENCE DEFINED…………………………………………………………………………...8

CONSIDERATION OF THE EVIDENCE…………………………………………...………..9

DIRECT AND CIRCUMSTANTIAL EVIDENCE…………………………………….....…..10

CREDIBILITY OF WITNESSES………………………………………………………11-12

CREDIBILITY OF LAW ENFORCEMENT WITNESSES………………...………………..13

NUMBER OF WITNESSES………………………...…………………………………...14

IMPLICIT BIAS…………………………………………………………………………15

LAWYER'S OBJECTIONS………………………………………………………………..16

INDICTMENT…………………………………………………………………………...17

OVERVIEW OF THE CRIMES CHARGED……………………………………………...18

SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES…………………………19

OVERVIEW OF THE CRIMES CHARGED……………………………………………...20

ON OR ABOUT………………………………………………………………………21

INFERRING REQUIRED MENTAL STATES……………………………………………22

USE OF THE WORD "AND" IN THE INDICTMENT……………………………………...23

DEFINITION OF THE CRIME – COUNT ONE: RECEIPT OF CHILD
PORNOGRAPHY………………………………………………………………………24-26

DEFINITION OF THE CRIME – COUNT TWO: RECEIPT OF AN OBSCENE VISUAL
REPRESENTATION OF CHILD SEXUAL ABUSE ………………………………………27-30

DEFINITION OF THE CRIME – COUNT THREE: POSSESSION OF AN OBSCENE
VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE …………………………31-32

DEFINITION OF THE CRIME – COUNT FOUR: POSSESSION OF CHILD
PORNOGRAPHY………………………………………………………………………33-34

SPECIAL EVIDENTIARY MATTERS……………………………………………………35

IMAGES AND VIDEOS OF CHILD PORNOGRAPHY……………………………………36

2

DEFENDANT'S ELECTION NOT TO TESIFY OR PRESENT EVIDENCE……………….....37

*ALTERNATE:* DEFENDANT'S TESTIMONY……………………………………………………38

OPINION TESTIMONY……………………………………………………………………........39

WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS………………………………40

SUMMARIES AND OTHER MATERIALS NOT ADMITTED INTO EVIDENCE…………41

SECONDARY-EVIDENCE SUMMARIES ADMITTED INTO EVIDENCE…………………42

OTHER ACTS OF THE DEFENDANT……………………………………………………….....43

PRIOR OFFENSE OF CHILD MOLESTATION………………………………………….....44-45

JUDICIAL NOTICE……………………………………………………………………………46

STIPULATIONS…………………………………………………………………………....47-48

DELIBERATIONS AND VERDICTS – INTRODUCTION……………………………………49

EXPERIMENTS, RESEARCH, INVESTIGATION, AND OUTSIDE

COMMUNICATIONS………………………………………………………………………50-51

UNANIMOUS VERDICT………………………………………………………………………52

DUTY TO DELIBERATE………………………………………………………………………53

PUNISHMENT…………………………………………………………………………………54

VERDICT FORM………………………………………………………………………………55

VERDICT LIMITED TO CHARGES AGAINST THE DEFENDANT………………………...56

COURT HAS NO OPINION……………………………………………………………………57

JUROR NOTES…………………………………………………………………………………58

JURY'S RECOLLECTION CONTROLS………………………………………………………59

NOTIFY SECURITY OFFICER WHEN VERDICT IS READY………………………………60

WRITTEN INSTRUCTIONS…………………………………………………………………61

## NO. 1: INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

If necessary, I will explain the Defendants' position.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**[Sixth Circuit Pattern Jury Instructions § 1.01 (2024)]**

## NO. 2: JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

**[Sixth Circuit Instructions § 1.02 (2024)]**

5

## NO. 3: PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the Defendant has pled "Not Guilty" to the crimes charged in the Indictment. An Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the Defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so

6

by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**[Sixth Circuit Instructions § 1.03 (2024)]**

## NO. 4: EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see; and sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**[Sixth Circuit Instructions § 1.04 (2024)]**

## <u>NO. 5: CONSIDERATION OF THE EVIDENCE</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**[Sixth Circuit Instructions § 1.05 (2024)]**

## <u>NO. 6: DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**[Sixth Circuit Instructions § 1.06 (2024)]**

## <u>NO. 7: CREDIBILITY OF WITNESSES</u>

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the Defendant, or anything to gain or lose from the case, which might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is

inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**[Sixth Circuit Instructions § 1.07A (2024)]**

## NO. 8: CREDIBILITY OF LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government or the State of Ohio as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

Again, it is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**[Sixth Circuit Instructions § 1.07B (2024)]**

## <u>NO. 9: NUMBER OF WITNESSES</u>

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**[Sixth Circuit Instructions § 1.08 (2024)]**

## <u>NO. 10: IMPLICIT BIAS</u>

Do not decide the case based on "implicit biases." As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

**[Sixth Circuit Instructions § 1.02 modified (2024)]**

## <u>NO. 11: LAWYER'S OBJECTIONS</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**[Sixth Circuit Instructions § 1.09 (2024)]**

## <u>NO. 12: INDICTMENT</u>

Earlier I referred to a document known as a charging instrument, or an Indictment. An Indictment is the formal method of accusing a Defendant of offenses and placing the Defendant on trial. It is not evidence against the Defendant and does not create any inference of guilt. It merely describes the charges made against the Defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the Defendant. In reaching your determination of whether the government has proved the Defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

**[District Court's Standard Instruction]**

## NO. 13: OVERVIEW OF THE CRIMES CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the Defendant is accused of committing.

But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

***Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved Defendant Cody Prater guilty beyond a reasonable doubt. Do not let the possible guilt of others influence your decision in any way.*** [1]

**[Sixth Circuit Jury Instruction § 2.01 (2024)]**

---

[1] The defense objects to this paragraph of the instruction and the government is requesting its inclusion.

## NO. 14: SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges

**[Sixth Circuit Jury Instruction § 2.01A (2024) (modified)]**

19

## NO. 15: OVERVIEW OF THE CRIMES CHARGED

I will now give you an overview of the crimes the Defendant is accused of committing.

Count One charges the Defendant, Cody Prater, with receipt of child pornography.

Count Two charges the Defendant, Cody Prater, with receipt of an obscene visual representation of child sexual abuse.

Count Three charges the Defendant, Cody Prater, with possession of an obscene visual representation of child sexual abuse.

Count Four charges the Defendant, Cody Prater, with possession of child pornography.

**[Sixth Circuit Jury Instruction § 2.01 (2024)]**

## **NO.16: ON OR ABOUT**

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" certain dates. The Government does not have to prove that the crimes happened on those exact dates. But the Government must prove that the crimes happened reasonably close to those dates.

**[Sixth Circuit Instructions § 2.04 (2024)]**

## NO. 17: INFERRING REQUIRED MENTAL STATES

Next, I want to explain something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's states of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did or did not do, and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

**[Sixth Circuit Jury Instruction § 2.08 (2024)]**

22

## NO. 18: USE OF THR WORD "AND" IN THE INDICTMENT

Although the Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

**[Sixth Circuit Jury Instruction § 2.12 (2024)]**

23

## NO. 19: DEFINITION OF THE CRIME—COUNT ONE:
## RECEIPT OF CHILD PORNOGRAPHY

### The Indictment and the Statute

Count One, which you should not view as evidence of guilt or as even raising a presumption

of guilt, alleges, in pertinent part, as follows:

On or about September 6, 2023, in the Southern District of Ohio, the Defendant, **CODY L. PRATER**, having been previously convicted of a sex offense under the laws of Ohio *relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography*[2] – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – did knowingly receive one or more visual depictions using any means and facility of interstate and foreign commerce, including the internet, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such conduct.

**In violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1)**

### Law and Elements of the Offense

Count One of the Indictment charges the Defendant, Cody Prater, with receipt of a visual

depiction of a minor engaged in sexually explicit conduct. For you to find the Defendant guilty of

this crime, you must find that the government has proved each and every one of the following

elements beyond a reasonable doubt:

*First:* That the Defendant knowingly received a visual depiction.

*Second*: That production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

*Third:* That the visual depiction was of a minor engaging in sexually explicit conduct.

---

[2] The defense objects to this language of the instruction and the government is requesting its inclusion.

24

*Fourth*: That the Defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.

*Fifth*: That the visual depiction was received using any means or facility of interstate commerce, including the internet.

Now I will give you some more detailed instructions on some of these terms.

*Minor:* the term "minor" means any person under the age of 18 years.

*Visual Depiction*: the term "visual depiction" includes data stored on computer disk or by electronic means which is capable of conversion into a visual image as well as data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

*Sexually Explicit Conduct*: the term "sexually explicit conduct" means actual or simulated

1. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

2. Bestiality;

3. Masturbation;

4. Sadistic or masochistic abuse; or

5. Lascivious exhibition of the genitals or pubic area of a person.

*Lascivious Exhibition*: in deciding whether an exhibition is lascivious, you may consider these six factors:

1. Whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2. Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3. Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4. Whether the child is fully or partially clothed, or nude;

5. Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

6. Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

*Interstate Commerce*: the term "in interstate commerce" means the production materials crossed or would cross a state line. The term "means or facility of interstate commerce" includes the Internet or the telephone.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**[Sixth Circuit Pattern Jury Instructions § 16.05.]**

26

## NO. 20: DEFINITION OF THE CRIME—COUNT TWO: RECEIPT OF AN OBSCENE VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE

### The Indictment and the Statute

Count Two, which you should not view as evidence of guilt or as even raising a presumption of guilt, alleges, in pertinent part, as follows:

Between August 2023 and July 11, 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the Defendant, **CODY L. PRATER**, having been previously convicted of a sex offense under the laws of Ohio *relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography*[3] – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – did knowingly receive a visual depiction of any kind that depicts a minor engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2) and is obscene, such visual depiction having been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet.
**In violation of 18 U.S.C. § 1466A(a)(1) & (d)(4).**

### Law and Elements of the Offense

Count Two of the Indictment charges the Defendant, Cody Prater, with receiving obscene visual representations of the sexual abuse of children. For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* That the Defendant knowingly received a visual depiction of any kind.

*Second*: That the visual depiction depicts a minor engaging in sexually explicit conduct.

*Third:* That the visual depiction is obscene.

*Fourth*: That the Defendant knew, at the time of such receipt, the sexually oriented nature of the visual depiction.

---

[3] The defense objects to this language of the instruction and the government is requesting its inclusion.

*Fifth*: That the Defendant knew, at the time of such receipt, the visual depiction depicted a minor.

*Sixth:* That the visual depiction had been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet.

Now I will give you some more detailed instructions on some of these terms.

The terms "minor", "a visual depiction", and "sexually explicit conduct," have the same meanings for purposes of Count Two as the definitions I provided you regarding Count One; and the definitions regarding interstate and foreign commerce are also the same as for Count One.

*Knowingly:* Although the government must prove that the Defendant generally knew the materials were of a sexually oriented nature, the government does not have to prove that the Defendant knew the materials were legally obscene.

*Obscene:* Freedom of expression has contributed much to the development and well-being of our free society. In the exercise of the fundamental constitutional right to free expression which all of us enjoy, sex may be portrayed, and the subject of sex may be discussed, freely and publicly. Material is not to be condemned merely because it contains passages or sequences that are descriptive of sexual activity. However, the constitutional right to free expression does not extend to that which is obscene.

To prove a matter is "obscene," the government must satisfy a three-part test: (1) that the work appeals predominantly to prurient interest; (2) that it depicts or describes sexual conduct in a patently offensive way; and (3) that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.

An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, as distinguished from a mere candid interest in sex.

28

The first test, therefore, is whether the predominant theme or purpose of the material, when viewed as a whole and not part by part, and when considered in relation to the intended and probable recipients, is an appeal to the prurient interest of an average person in the community as a whole to the prurient interest of members of a deviant sexual group. In making this decision, you must examine the main or principal thrust of the material, when assessed in its entirety and based on its total effect, not on incidental themes or isolated passages or sequences.

The second test is whether the material depicts or describes, in a patently offensive way, sexual conduct such as ultimate sexual acts, normal or perverted, actual or stimulated; masturbation; excretory functions; or lewd exhibition of the genitals.

These first two tests which I have described are to be decided by you, applying contemporary community standards. This means that you should make the decision in the light of contemporary standards that would be applied by the average person in this community, with an average and normal attitude toward-- and interest in--sex. Contemporary community standards are those accepted in this community as a whole. You must decide whether the material would appeal predominantly to prurient interests and would depict or describe sexual conduct in a patently offensive way when viewed by an average person in this community as a whole, that is, by the community at large or in general. Matter is patently offensive by contemporary community standards if it so exceeds the generally accepted limits of candor in the entire community as to be clearly offensive. You must not judge the material by your own personal standards, if you believe them to be stricter than those generally held, nor should you determine what some groups of people may believe the community ought to accept or refuse to accept. Rather, you must determine the attitude of the community as a whole.

However, the prurient-appeal requirement may also be assessed in terms of the sexual interest of a clearly defined deviant sexual group if the material in question was intended to appeal to the prurient interest of that group, as distinguished from the community in general.

If you find that the material meets the first two tests of the obscenity definition, your final decision is whether the material, taken as a whole, lacks serious literary, artistic, political, or scientific value. Unlike the first two tests, this third test is not to be decided on contemporary community standards but rather on the basis of whether a reasonable person, considering the material as a whole, would find that the material lacks serious literary, artistic, political, or scientific value. An item may have serious value in one or more of these areas even if it portrays sexually oriented conduct. It is for you to say whether the material in this case has such value.

All three of these tests must be met before the material in question can be found to be obscene. If any one of them is not met, the material would not be obscene within the meaning of the law.

*Computer:* The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**[18 U.S.C. § 1466A(a)(1); Fifth Circuit Pattern Criminal Jury Instructions, Sections 2.62 and 2.63 (2001) [modified]; *United States v. Whorley,* 550 F.3d 326 (4th Cir. 2008)]**

## NO. 21: DEFINITION OF THE CRIME—COUNT THREE: POSSESSION OF AN OBSCENE VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE

### The Indictment and the Statute

Count Three, which you should not view as evidence of guilt or as even raising a presumption of guilt, alleges, in pertinent part, as follows:

On or about July 11, 2024, in the Southern District of Ohio, the Defendant, **CODY L. PRATER**, having been previously convicted of a sex offense under the laws of Ohio ***relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography***[4] – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – did knowingly possess a visual depiction of any kind that depicts a minor and a prepubescent minor engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2) and is obscene, such visual depiction having been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet.

**In violation of 18 U.S.C. § 1466A(b)(1) & (d)(4).**

### Law and Elements of the Offense

Count Three of the Indictment charges the Defendant, Cody Prater, with possessing obscene visual representations of the sexual abuse of children. For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* That the Defendant knowingly possessed a visual depiction of any kind.

*Second*: That the visual depiction depicts a prepubescent minor engaging in sexually explicit conduct.

*Third:* That the visual depiction is obscene.

---

[4] The defense objects to this language of the instruction and the government is requesting its inclusion.

31

_Fourth_: That the Defendant knew, at the time of such possession, the sexually oriented nature of the visual depiction.

_Fifth_: That the Defendant knew, at the time of such possession, the visual depiction depicted a prepubescent minor.

_Sixth:_ That the visual depiction had been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet.

Now I will give you some more detailed instructions on some of these terms.

The terms "minor", "a visual depiction", and "sexually explicit conduct," have the same meanings for purposes of Count Three as the definitions I provided you regarding Count One; and the definitions regarding "knowingly", "obscene", and interstate and foreign commerce have the same meaning for purposes of for Count Three as they did for Count Two.

_Prepubescent_: The term "prepubescent" means relating to or in the period preceding puberty and generally lacking adult sexual characteristics such as body hair and breast development.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**[18 U.S.C. § 1466A(b)(1); Fifth Circuit Pattern Criminal Jury Instructions, Sections 2.62 and 2.63 (2001) [modified]; _United States v. Worley,_ 3:05-cr-114]**

## NO. 22: DEFINITION OF THE CRIME—COUNT FOUR: POSSESSION OF CHILD PORNOGRAPHY

### The Indictment and the Statute

Count Four, which you should not view as evidence of guilt or as even raising a presumption of guilt, alleges, in pertinent part, as follows:

On or about July 11, 2024, in the Southern District of Ohio, the Defendant, **CODY L. PRATER**, having been previously convicted of a sex offense under the laws of Ohio *relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography*[5] – that is, in the Athens County Court of Common Pleas, case number 18CR0184, by Judgment Entry dated August 5, 2019, for Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1) – knowingly possessed matter, that is, digital media devices that contained one or more visual depictions, the production of such visual depictions having involved the use of prepubescent minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct, and such visual depictions had been mailed, shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.
**In violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2).**

### Law and Elements of the Offense

Count Four of the Indictment charges the Defendant, Cody Prater, with possessing a visual depiction of a prepubescent minor engaged in sexually explicit conduct. For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* That the Defendant knowingly possessed one or more files containing a visual depiction.

*Second*: That the production of the visual depiction involved the use of a prepubescent minor engaging in sexually explicit conduct.

---

[5] The defense objects to this language of the instruction and the government is requesting its inclusion.

_Third:_ That the visual depiction was of a prepubescent minor engaging in sexually explicit conduct.

_Fourth_: That the Defendant knew that the visual depiction was of a prepubescent minor engaging in sexually explicit conduct.

_Fifth_: That the visual depiction was received using any means or facility of interstate commerce.

The terms "minor", "a visual depiction", and "sexually explicit conduct," have the same meanings for purposes of Count Four as the definitions I provided you regarding Count One; and the definitions regarding interstate and foreign commerce are also the same as for Count One. The definition of "prepubescent" is also the same for Count Four as it was for Count Three.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**[Sixth Circuit Pattern Jury Instructions § 16.06]**

## <u>NO. 23: SPECIAL EVIDENTIARY MATTERS—INTRODUCTION</u>

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**[Sixth Circuit Instructions § 7.01 (2024)]**

## <u>NO. 24: IMAGES AND VIDEOS OF CHILD PORNOGRAPHY</u>

The Court has admitted certain images into evidence which you have viewed here in the courtroom. You should not allow any feelings that you may have regarding these images to affect your determination in any manner. The government must still prove beyond a reasonable doubt each element of the crimes charged against the Defendant before he can be found guilty. You should consider these images in the same way as you would any other evidence offered by either side in this case.

**[*See United States v. Chapman-Sexton*, 2:16-CR-141.]**

## <u>NO. 25: DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE</u>

A Defendant has an absolute right not to testify or present evidence. The fact that the Defendant did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the Defendant is guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

**[Sixth Circuit Instructions § 7.02A (2019)]**

## *ALTERNATE* NO. 25: DEFENDANT'S TESTIMONY

You have heard the Defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the Defendant's testimony.

**[Sixth Circuit Instructions § 7.02B (2024)]**

38

## <u>NO. 26: OPINION TESTIMONY</u>

You have heard the testimony of Mr. Christoper Beattie, Mr. Tyler Queen, and Ms. Chancey Davis, who testified as an opinion witness.

You do not have to accept the opinions of Mr. Christoper Beattie, Mr. Tyler Queen, and Ms. Chancey Davis. In deciding how much weight to give it, you should consider the witness's qualifications and how each one reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**[Sixth Circuit Instructions § 7.03 (2024)]**

## NO. 27: WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of several witnesses who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**[Sixth Circuit Instructions § 7.03A (2024)]**

40

**NO. 28: SUMMARIES AND OTHER MATERIALS NOT ADMITED INTO EVIDENCE**

      During the trial you have seen counsel use summaries, drawings, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts

**[Sixth Circuit Instructions § 7.12 (2024)]**

## NO. 29: SECONDARY-EVIDENCE SUMMARIES ADMITED INTO EVIDENCE

During the trial you have seen or heard summary evidence in the form of a chart or PowerPoint. This summary chart or PowerPoint was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary chart and PowerPoint itself is not evidence of the material it summarizes and is only as valid and reliable as the underlying material it summarizes.

**[Sixth Circuit Instructions § 7.12A (2024)]**

42

## NO. 30: OTHER ACTS OF THE DEFENDANT[6]

You have heard testimony that the Defendant committed acts or wrongs other than the ones charged in the Indictment. If you find the Defendant did those acts or wrongs, you can consider the evidence only as it relates to the government's claim on the Defendant's knowledge, identity, or absence of mistake. You must not consider it for any other purpose.

Remember that the Defendant is on trial here only for the charges identified in the Indictment, not for the other crimes. Do not return a guilty verdict unless the Government proves the crimes charged in the Indictment beyond a reasonable doubt.

**[Sixth Circuit Instructions § 7.13 (2024); modified]**

---

[6] The defense objects to this instruction and the government is requesting its inclusion. This pertains to the 404(b) evidence.

The Court has granted the motion relating to this evidence. The defense does not wish to include this instruction in order to preserve their objection to this evidence and the arguments originally raised therein.

## NO. 31: PRIOR OFFENSE OF CHILD MOLESTATION[7]

During the trial, you heard evidence of other offenses of child molestation allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged, that is, that the Defendant allegedly engaged in Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907. 322(A)(1).

Under the Federal Rules of Evidence, "child molestation" means a crime under federal law or under state law involving, any conduct prohibited by Title 18, United States Code, Chapter 110, which includes possession, receipt, or distribution of child pornography. The definition of a "child" in "child molestation" offense is a person below the age of 14.

You may consider this evidence for its bearing on any matter to which it is relevant. It is entirely up to you to determine what weight, if any, such similar acts evidence deserves. In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.

However, you are cautioned that the Defendant is not on trial here for any acts or crimes not alleged in the Superseding Indictment. The Defendant may not be convicted of the crimes

---

[7] *See United States v. Carter*, Case No. 11-20350-CR-LENARD (S.D. Fla. Feb. 28, 2013), at DE 251, p. 8 (Court's Instructions to the Jury) (modified), *conviction affirmed*, 776 F.3d 1309 (11th Cir. 2015); *United States v. Batton*, 602 F.3d 1191, 1199 (10th Cir. 2010) (affirming Rule 413 jury instruction) (modified); Fed. R. Evid. 413(d) & 414(d) (defining "child molestation" and "sexual assault" for purposes of such Rules); *see also* Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4.1 (2024) (modified).

The defense objects to this instruction and the government is requesting its inclusion. This pertains to the 414 evidence. The Court has granted the motion relating to this evidence. The defense objects to this instruction in order to preserve their previously raised objection to this evidence.

charged in the Superseding Indictment if you were to find only that he committed other crimes at some other time. You are reminded that, at all times, the Government bears the burden of proving beyond a reasonable doubt that the Defendant committed the offenses charged in the Superseding Indictment.

[*United States v. Michael Karl Geilenfeld*, 1:24-cr-20008-DSL)

## NO. 32: JUDICIAL NOTICE

I have decided to accept the following as true, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so:

The city of Columbus, Ohio is located within the Southern District of Ohio.

**[Sixth Circuit Instructions § 7.19 (2024)]**

## NO. 33: STIPULATIONS

The government and the Defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

1.      The Nickname of Cody Prater: The parties agree that the Defendant, Cody Prater, utilized the nickname Kaji Taiki.

2.      Means and Facilities of Interstate Commerce: The parties agree that the internet qualifies as a means and facility of interstate commerce.

3.      Coordinated Universal Time: The parties agree that "UTC" stands for Coordinated Universal Time, a unified time standard throughout the world.  When comparing UTC to Eastern Standard Time (EST), the time zone for the Southern District of Ohio, the time in EST is four hours behind UTC (UTC-4) during daylight savings time, which, in 2024, began on March 10 and concluded on November 3.  When daylight savings time is not in effect, EST is five hours behind UTC (UTC-5).

4.      Authenticity of Scene Photographs: The parties agree that if called to testify, Justin Myers, a Special Agent with Homeland Security Investigations, was present at 317 South Locust Street, McArthur, Ohio when a search warrant was executed there on July 11, 2024 at approximately 10:00am.  The parties agree that SA Myers took photographs of the residence on that date and time and that the photographs, identified as Government Exhibit _____ through Government Exhibit _____ , truly and accurately depict the residence as it appeared on July 11, 2024.

5.      Data Copied from an Electronic Device or Storage Medium:  The parties agree that the certifications of Nicole Islam, a former Computer Forensic Analyst (CFA) with Homeland

Security Investigations and Anna Edgar, a Special Agent and Computer Forensic Analyst (CFA) with Homeland Security Investigations, properly authenticate the forensic extractions of the following items: Government Exhibit _____, identified as a Lian Li Gaming Desktop PC, Government Exhibit _____, identified as a Lenovo A2107A-H 60015 16 GB Tablet PC and Government Exhibit _____, identified as a Google Pixel 7 Pro. That is, (i) Ms. Islam and Special Agent Edgar were qualified to conduct forensic extractions of these three devices, (ii) the process or system for copying those records is regularly verified by the Department of Homeland Security, Homeland Security Investigations, (iii) at all times pertinent to the copying, that process functioned properly and normally; and (iv) that the forensic extraction tools they utilized copied the data from the device in an unaltered fashion and reflect a true and accurate duplicate of the contents of those devices.

The defendant reserves the right to object to the admissibility and/or publication of some or all of these files on other grounds but agrees that the records are self-authenticating and otherwise admissible as data copied from an electronic device, storage medium, or file, pursuant to Federal Rule of Evidence 902(14).

**[Sixth Circuit Instructions § 7.21 (2024)]**

## NO. 34: DELIBERATIONS AND VERDICTS—INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. The foreperson acts as the chairperson of the meeting and is your spokesperson here in court.

Once you start deliberating, do not talk to the courtroom deputy, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have the foreperson sign and date the paper, and then give the paper to the court security officer, who will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits, except for _____, will be sent to the jury room with you so you can review them during your deliberations.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone outside the jury room that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

**[Sixth Circuit Instructions § 8.01 (2024)]**

## NO.35: EXPERIMENTS, RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use electronic devices or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violations of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide the case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system,

50

it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of the proceedings, and a mistrial could result, which would require the entire trial process to start over.

**[Sixth Circuit Instructions § 8.02 (2021)]**

## <u>NO. 36: UNANIMOUS VERDICT</u>

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**[Sixth Circuit Instructions § 8.03 (2024)]**

## <u>NO. 37: DUTY TO DELIBERATE</u>

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what other jurors have to say, and then decide for yourself if the government has proven the Defendant guilty beyond a reasonable doubt.

**[Sixth Circuit Instructions § 8.04 (2024)]**

53

## <u>NO. 38: PUNISHMENT</u>

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishments should be.

Deciding what the punishments should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishments in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

**[Sixth Circuit Instructions § 8.05 (2024)]**

## <u>NO. 39: VERDICT FORM</u>

I have prepared verdict forms that you should use to record your verdict.

If you decide that the government has proved the charges against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form and put the date on it. All other jurors should sign the form. Your foreperson should then return it to me.

**[Sixth Circuit Instructions § 8.06 (2024)]**

55

## NO. 40: VERDICT LIMITED TO CHARGES AGAINST THE DEFENDANT

Remember that the Defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each individual Defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**[Sixth Circuit Instructions § 8.08 (2024)]**

## <u>NO. 41: COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the Defendant guilty beyond a reasonable doubt.

**[Sixth Circuit Instructions § 8.09 (2024)]**

## <u>NO. 42: JUROR NOTES</u>

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**[Sixth Circuit Instructions § 8.10 (2024)]**

## <u>NO. 43: JURY'S RECOLLECTIONS CONTROLS</u>

If any reference by the Court or by the attorneys to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or the attorneys.

You are the sole judges of the evidence received in this case.

**[1A O'Malley's Federal Jury Practice & Instructions § 12:06 (6th ed.)]**

## NO. 44: NOTIFY COURT SECURITY OFFICER WHEN VERDICT IS READY

When you arrive at a verdict, you will notify the Court Security Officer, who will inform the Court.

**[District Court's Standard Instruction]**

60

## <u>NO. 45: WRITTEN INSTRUCTIONS</u>

Ladies and gentlemen of the jury, this concludes my instructions to you. The written form of the instructions on the law I have just given you will be available to you in the jury room. You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict. These written instructions represent the law that is applicable to the facts, as you find them to be.

**[District Court's Standard Instruction]**