UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No: 2:25-cr-56 |
| | : | |
| CODY L. PRATER | : | JUDGE WATSON |

**GOVERNMENT'S BRIEF IN SUPPORT OF PUBLISHING
AUDIO FROM GOVERNMENT EXHIBITS**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys and Trial Attorney, and hereby requests that the Court permit the Government to publish audio which accompanies the videos of child pornography possessed and received by the defendant.

The defendant is charged with one count of receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1) and one count of possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). Doc. # 67 (Superseding Indictment). To carry its burden of proof at trial, the Government must prove beyond a reasonable doubt that the defendant knowingly received and possessed visual depictions which "involved the use of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and [that] such depictions [were] of such conduct." *Id*. Section 2256(2)(A) defines "sexually explicit conduct" as "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; [. . .] (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person[.]" The Government must therefore be permitted to introduce evidence that the videos depicted sexual

Page **1** of **7**

intercourse or the sadistic or masochistic abuse of a minor. The Government must also be permitted to introduce evidence showing that the defendant knowingly received and possessed such videos and that he did not receive and possess such videos by accident, mistake, or some other innocent purpose.

As discussed at the pretrial hearing in this matter, the Government intends to publish three abbreviated clips of the videos of child pornography found on defendant's devices. The videos depict adult male penises penetrating the mouths, genitals, or anuses of toddlers and infants. The videos contain audio of the victims' expressions of pain and other sounds that correspond to the activity depicted in the video.

The Government should be permitted to publish audio of at least one of these videos. These videos are central to the charged offenses, and their probative value is of the highest order. The audio which accompanies these videos will assist the jury in determining whether they depict sexual intercourse or sadistic or masochistic abuse. The audio will also assist the jury in determining whether the videos depict real minors.[1] These three videos are representative of multiple other videos the defendant received and possessed, and the Government intends to publish 10-20 second excerpts of each of the three videos. In lieu of publishing other similar videos received and possessed by the defendant, the Government also intends to introduce "storyboards" with still images from approximately six other videos, as well as three to six images depicting other obscene visual representations of child sexual abuse received and possessed by the defendant.

---

[1] The defendant is charged with two additional violations of federal law related to his receipt and possession of obscenity. Proving that the children depicted in the child pornography charges are real children is an important fact at issue in this case.

In child pornography cases, the Sixth Circuit found that "'the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings and a juror's obligation to sit in judgment.' Unlike the felon-in-possession offense, child pornography cases are especially susceptible to a wide range of strong emotional responses, including disbelief that a defendant would commit the act in question. Showing the actual images paints a portrait far more vivid than a sanitized stipulation, thereby establishing for the jury 'its human significance,' and in the process 'implicating the law's moral underpinnings and a juror's obligation to sit in judgment.'" *United States v. Luck*, 852 F.3d 615, 626 (6th Cir. 2017) (quoting *Old Chief v. United States*, 519 U.S. 172, 188 (1997)) (citations omitted). "[T]he pornographic nature of the image in a child pornography case plays a vital role in the government's narrative of the concrete events comprising the charged offense [. . .] the images in a child pornography prosecution have multiple utility, tending to establish both the fact that they are pornographic and the fact that defendant acquired and distributed the images knowing they depicted child pornography." *Id.*; *see also United States v. Lampley*, 781 F. App'x 282, 285 (5th Cir. 2019) (publication of child pornography helps "establish the likelihood that the defendant knew that the video depicted child pornography."). Similarly, other courts have held that, in the context of producing child pornography, audio is admissible. *See United States v. Petroske*, 928 F.3d 767, 774 (8th Cir. 2019) (in a surreptitious recording case, "[t]he audio associated with the videos confirms [the defendant's] trial testimony and demonstrates that he intended for the videos to be sexually suggestive."); *United States v. King*, 589 F. Supp. 3d 493, 496 (W.D. Pa. 2022) (audio of defendant's voice directing minor to engage in sex acts).

There is broad consensus that the government may publish graphic child pornography to the jury. The Fifth Circuit in *United States v. Caldwell* found that "child pornography is graphic evidence that has force beyond simple linear schemes of reasoning. It comes together with the remaining evidence to form a narrative to gain momentum to support jurors' inferences regarding the defendant's guilt. It provides the flesh and blood for the jury to see the exploitation of children." 586 F.3d 338, 343 (5th Cir. 2009). The Fifth Circuit concluded that the trial court did not abuse its discretion when it showed the jury excerpts from three of the seventeen different videos of child pornography on the defendant's computer. *Id*.

Other courts of appeals agree, especially where the prosecution limits its presentation of child pornography evidence to short clips from larger files. *See*, *e.g.*, *United States v. Morales-Aldahondo*, 524 F.3d 115, 119 (1st Cir. 2008) (affirming admission of 12 photographs and 10 video clips depicting child pornography; the "court is not required to scrub the trial clean of all evidence that may have an emotional impact"); *United States v. Polouizzi*, 564 F.3d 142, 152 (2d Cir. 2009) (where images and videos of child pornography are admitted to show the defendant's knowledge, there is no unfair prejudice even where defendant "did not contest that he had received or possessed child pornography."); *United States v. Evans*, 802 F.3d 942, 945 (8th Cir. 2015) (prosecution showed the jury 14 images and 22 video clips of child pornography, which took approximately 5 minutes to show); *United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008) (affirming child pornography conviction where "district court limited the government to ten clips, each one lasting a few seconds, with a total duration of under one minute[,]" the videos were played only once, and the court gave "two cautionary instructions, directing the jury to view the images in an impartial and unbiased manner.").

The Government intends to introduce material that is no more inflammatory than child pornography evidence routinely admitted by other courts around the country. The Government is not attempting to publish only the most extreme[2] material the defendant received and possessed—the clips the Government intends to publish are instead representative of other child sexual abuse material he received and possessed. The Government will limit its presentation of child pornography to short clips of three videos and does not anticipate that the total duration of all video excerpts with audio will last more than one minute. If necessary, the Government can limit publication of audio to the audio for a single clip. Further, the Court may give cautionary instructions directing the jury to view the videos in an impartial and unbiased manner. The Court should accordingly allow the Government to publish the audio accompanying the videos of child pornography received and possessed by the defendant.

Respectfully submitted,

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

s/ Emily Czerniejewski
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 406-3572
E-mail: Emily.Czerniejewski@usdoj.gov

s/Tyler Aagard
TYLER AAGARD (NC 54735)
Assistant United States Attorney

---

[2] The evidence that the Government seeks to introduce is not materially different than the other evidence available in this case. *Cf. United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir. 2012) ("Given the other available evidence, the government did not need to show videos of pre-pubescent children being bound, raped, and violently assaulted [. . .] However, in light of the content of the videos besides the bondage clips, the probative value of those two violent excerpts was extremely limited.").

            */s/ Eduardo Palomo*
            EDUARDO PALOMO (TX 24074847)
            Trial Attorney
            Eduardo.palomo2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing was served electronically on Stacey MacDonald and Soumyajit Dutta, counsel for the defendant.

> s/*Eduardo Palomo*
> EDUARDO PALOMO (TX 24074847)