UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No: 2:25-cr-56 |
| | : | |
| CODY L. PRATER | : | JUDGE WATSON |

### UNITED STATES' SUPPLEMENTAL BRIEFING

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys and Trial Attorney, and hereby files the attached supplemental brief related to the Fourth Amendment. During the January 14, 2026 pre-trial conference, the government raised concerns about factual and legal issues related to the Order issued by this Court on a Fourth Amendment violation.  (Doc. #78, Opinion and Order, PAGEID#631-633).  The government now presents supplemental briefing and argument on two main issues related to that finding.  First, the search of the phone was a consent search allowed by the Fourth Amendment, so even if the warrant had not provided authority to search the phone, the search would not violate the Fourth Amendment.  Next, the Fourth Amendment compliance with the phone search is a legal issue to be decided by the Court, and any discussion of related issues before the jury would risk confusing the issues and the evidence. *See* Fed. R. Evid. 403.  Therefore, the government respectfully requests this Court to reconsider its finding on the Fourth Amendment violation and further limit or preclude cross examination of Special Agent LaVigne on this issue.

1

**I.    The search of the phone was a voluntary consent search, so even if the warrant had not provided authority to search the phone, the search would be valid.**

It is well-established that if a person voluntarily consents to a search, law enforcement officers do not need a warrant to conduct such a search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 227 (1973). For this reason, when officers arrive at a location to execute a search warrant, a person may voluntarily consent to a search beyond the scope of a warrant being executed. In *United States v. Blomquist*, for example, police officers arrived at a property with a warrant that authorized a search of the property. 976 F.3d 755, 757 (6th Cir. 2020). The defendant, who was present, led the officers to a chicken coop just beyond the border of the property, on a piece of land leased by the defendant. *Id.* at 757-58. This Court held that the defendant had voluntarily consented to the search of that chicken coop. *Id.* at 760. Similarly, in *United States v. Parrish*, officers arrived at the defendant's home with a warrant that authorized the search of the property and certain electronic devices. 942 F.3d 289, 294 (6th Cir. 2019). This Court concluded that even if the warrant had not authorized the search of defendant's phone, the search would nevertheless be valid because the defendant had consented to it by handing his phone to an officer when asked and changing the code to one that he gave to the officer. *Id.*; *see also United States v. Hinson*, 681 F. Supp. 3d 789, 799 (N.D. Ohio 2023) (district court declined to decide whether warrant authorized search because defendant voluntarily consented to search of phone) (warrant included language indicating that it "d[id] not authorize law enforcement personnel" to ask for password) (alteration omitted).

The voluntariness analysis here is made simple by the Court's denial of the defendant's motion to suppress: the Court concluded, in the context of its Fifth Amendment analysis, that "law enforcement did not coerce or compel Defendant to provide his passcode." (Doc. #78, Opinion and Order, PAGEID# 625.) "Consent is voluntary when it is unequivocal, specific and intelligently given, uncontaminated by any duress or coercion." *United States v. Ivy*, 165 F.3d 397, 402 (6th

2

Cir. 1998) (internal quotations omitted). There is no question that the consent here was unequivocal and specific: the agent "asked Defendant for the code for his phone, and Defendant provided the numeric passcode for the phone and, later, his computer." (Doc. #78, Opinion and Order, PAGEID# 615.) The facts here mirror the facts in *Parrish*: in that case, an officer "asked Parrish for his cell phone" and "asked Parrish to change the phone's password to a simple one," and Parrish did both; the Court concluded that consent was valid. *See* 942 F.3d at 294. Similar to *Parrish,* the defendant voluntarily consented to the search of his phone.  Even if the search of the phone had not been authorized by the warrant, there would be no Fourth Amendment violation because the consent exception to the warrant requirement applies.

Finally, Special Agent LaVigne's request for the password—as opposed to the search of the phone itself—was not a search and therefore does not implicate the Fourth Amendment. In this Court's order, it indicated that Special Agent "LaVigne's *questioning* . . . extended past the limits of the warrants in violation of the Fourth Amendment." (Doc. #78, Opinion and Order, PAGEID#633 (*emphasis added*)).  But the question itself—as opposed to the search of the phone— is not a search and is therefore does not implicate the Fourth Amendment. *See United States v. Nagy*, No. 1:13-CR-138-1, 2013 WL 2285984, at *3 (N.D. Ohio May 23, 2013) (officer's "question qualifies as an interrogation, not a search, and thus falls within the purview of the Fifth Amendment").  Special Agent LaVigne had a valid warrant to search the defendant's phone and the conversation between him and the defendant was not subject to Fourth Amendment protections.  The warrant affidavit provided probable cause to believe that evidence of child-pornography crimes would be found on the defendant's phone. (*See* Doc. #51, Search Warrant, PAGEID#256-57.)

Finally, as a general matter, search and seizure warrants provide law enforcement with authorization to take action that requires judicial approval—warrants are generally not sought to prohibit law enforcement action, rather, they allow law enforcement to act. However, in the narrow context of warrants that authorize the use of biometrics, additional protections are afforded to the defendant, especially because biometric language in search warrants is nuanced and involves a developing area of law. But to be clear, it is not the warrant's language that prohibits law enforcement from compelling a passcode, or compelling a target to identify which fingerprint opens their device. Those are testimonial actions protected by the Fifth Amendment. Furthermore, the warrant language prohibiting those already-unlawful actions reflects an attempt to show the authorizing magistrate that the affiant understands what *exactly* the warrant is authorizing when it permits the use of biometrics.

Unlike the example of *compelling* a password or biometrics, a law enforcement officer is always permitted to *ask* for a passcode from a target who has not invoked their right to counsel. Furthermore, the Fifth Amendment does not prohibit asking, and this Court has already ruled that the defendant's Fifth Amendment rights were not violated. Therefore, the government respectfully requests this Court reconsider its finding that Special Agent LaVigne violated the Fourth Amendment.

**II.    Discussion of the Fourth Amendment at Trial Would Confuse the Issues**

The government next requests this Court further limit or preclude cross examination of Special Agent LaVigne on questions related to the finding of a Fourth Amendment violation. A cross-examination of Special Agent LaVigne on the Fourth Amendment issues discussed here would confuse the issues and cause the jurors to unfairly question what the Court has ruled is admissible evidence. *See* Fed. R. Evid. 403.

A defendant's Sixth Amendment Confrontation Clause right to cross-examine a government witness is not without limits. *See Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."). The Court may restrict cross-examination if a defendant fails to establish that the proposed questioning is relevant. "It is axiomatic that the right to cross-examination is not absolute because 'the information sought must be relevant.'" *United States v. Diaz*, 26 F.3d 1533, 1540 (11th Cir. 1994) (quoting *Haber v. Wainwright*, 756 F.2d 1520, 1522 (11th Cir. 1985)).

While misconduct by a law enforcement officer may often be appropriate grounds for cross-examination and impeachment, here, no such misconduct occurred. This Court found that because Special Agent LaVigne "did not coerce or compel Defendant to provide his passcode, Defendant's Fifth Amendment rights remained intact" and that Special Agent LaVigne "did not violate Defendant's Fifth Amendment rights when they continued to speak with him (and he continued to initiate discussion) after he generally acknowledged that counsel would be beneficial for his interests." (Doc. #78, Opinion and Order, PAGEID#625, 631). Because the evidence was legally seized by Special Agent LaVigne, compliance with the search warrant in analyzing the Fourth Amendment is an issue for the Court, not the jury, and a limitation on questions relevant to the Fourth Amendment analysis would avoid confusing the issues. *See, e.g.*, *United States v. Robinson*, 114 F.3d 1192 (7th Cir. 1997).

The fact that this is a complex legal issue and not one of fact is reason enough to preclude it from being addressed during cross-examination. The jury in a criminal case has two main duties. "The first one is to decide what the facts are [based on] the evidence that [the jurors] saw and heard … in court." Sixth Circuit Pattern Criminal Jury Instruction, § 1.02 (2023). The jury's "second

5

duty is to take the law that [the Court gives it], apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt." *Id.* As previously argued by the government in its pretrial motion, the jury's determination of the facts and application of the law to the facts do not turn on its determination of whether the evidence was lawfully recovered.[1] It is not the jury's province to make such a determination. Instead, it is the Court's responsibility to make that determination. *See, e.g.*, *Jones v. United States*, 362 U.S. 257, 264 (1960) ("This provision of Rule 41(e), requiring the motion to suppress to be made before trial, is a crystallization of decisions of this Court requiring that procedure, and is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt."), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 (1980); *accord*, *United States v. Stuart*, 507 F.3d 391, 395 (6th Cir. 2007) ("[C]ourts rather than juries must ultimately decide whether a Fourth Amendment claim requires the suppression of evidence."). "Once the court [has] upheld the validity of the search, all that [is] left for the jury to decide [is] whether the government proved the elements of the charges beyond a reasonable doubt." *Stuart*, 507 F.3d at 395. The defendant should therefore be limited or precluded from pursuing any cross-examination of Special Agent LaVigne about questions of law that have been decided by this Court which has upheld the validity of the search and the evidence recovered from it.

Finally, cross-examination of Special Agent LaVigne about what the warrant allowed him to do (or not do), and what the defendant consented or agreed to in their conversation (which does not require a warrant at all) is significantly likely to confuse the issues and create a mini-trial within the trial about whether or not Special Agent LaVigne did or did not comply with a search warrant.

---

[1] In light of (a) the elements of the offenses with which the defendant is charged and (b) the definition of relevant evidence in Federal Rule of Evidence 401, whether the evidence was lawfully recovered is *not relevant* – it doesn't make any fact, that is of consequence in determining the action, more or less likely. And "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

This Court has "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). It therefore follows that this Court should limit or preclude questioning related to this topic.

## CONCLUSION

For the foregoing reasons, the United States advises the Court that no Fourth Amendment violation occurred in the search of the phone, and any discussion of the Fourth Amendment issue and underlying facts on cross-examination is improper and would confuse the issues.

    Respectfully submitted,

    DOMINICK S. GERACE II
    UNITED STATES ATTORNEY

    *s/ Emily Czerniejewski*
    EMILY CZERNIEJEWSKI (IL 6308829)
    Assistant United States Attorney
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Office: (614) 406-3572
    E-mail: Emily.Czerniejewski@usdoj.gov

    *s/Tyler Aagard*
    TYLER AAGARD (NC 54735)
    Assistant United States Attorney

    */s/ Eduardo Palomo*
    EDUARDO PALOMO (TX 24074847)
    Trial Attorney
    Eduardo.palomo2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing response was served this 21st day of January 2026, through the Court's electronic filing system, upon counsel of record for the defendant.

s/ *Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
