IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:25-cr-56 |
| vs. | : | JUDGE WATSON |
| CODY PRATER, | : | |
| Defendant. | : | |

**RESPONSE TO UNITED STATES SUPPLEMENTAL BRIEFING**

Defendant Cody Prater, through undersigned counsel, now responds to *United States' Supplemental Briefing* (Doc#91).

    Respectfully submitted,

    JOSEPH MEDICI
    FEDERAL PUBLIC DEFENDER

    /s/ Soumyajit Dutta
    Soumyajit Dutta (OH 76762)
    Assistant Federal Public Defender
    Office of the Federal Public Defender
    10 West Broad Street, Suite 1020
    Columbus, Ohio 43215-3469
    Telephone: (614) 469-2999
    Facsimile: (614) 469-5999
    Soumyajit_Dutta@fd.org
    *Attorney for Defendant*
    *Cody Prater*

## MEMORANDUM

### Procedural History/Statement of Facts

Mr. Prater has been charged by superseding indictment with possession and receipt of child pornography and with possession and receipt of obscene visual representation of child sexual abuse. His trial is scheduled for February 2nd, 2026. A defense motion to suppress was litigated pretrial. In the subsequent order denying the motion, the Court made the finding that SA Lavigne's questioning "extended past the limits of the [search] warrants in violation of the Fourth Amendment." (Doc. 78, Pg. 22)

At the Final Pretrial Hearing on January 14, 2026, the Government requested that defense be precluded from cross examination of SA Lavigne about the Court's finding. Additionally, at this hearing, the Court inquired about whether audio from the videos of child pornography is necessary to be played in Court. The Court sought briefing from the parties on these two issues and subsequent responses.

### Applicable Law and Argument

In the first issue the Government raises, the Government essentially seeks a reconsideration of the Court's finding that SA Lavigne violated Mr. Prater's 4th Amendment rights when he pursued questioning that "extended past the limits of the [search] warrants…" (Doc. 78, Pg. 22). In doing so, the Government argues that this Court's finding that Mr. Prater ultimately gave consent to law enforcement renders the 4th Amendment violation null and void. This does not comport with precedent from the 6th Circuit. Simply put, two things can be true at once, law enforcement could have violated Mr. Prater's 4th Amendment rights, and the evidence can still be

admissible per an exception. To deter infringements on the rights that the Fourth Amendment secures, the exclusionary rule excludes from trial evidence gathered from an unlawful search. *Utah v. Strieff*, 579 U.S. 232, 237, 136 S. Ct. 2056, 195 L. Ed. 2d 400 (2016). However, this "judge-made remedy" "does not extend . . . to all Fourth Amendment violations." *United States v. Robinson*, 63 F.4th 530, 534 (6th Cir. 2023) (citing *Hudson v. Michigan*, 547 U.S. 586, 591-92, 126 S. Ct. 2159, 165 L. Ed. 2d 56 (2006)). Rather, the exclusionary rule contains exceptions that, if they apply, permit the use of evidence collected in contravention of the Fourth Amendment. *Utah*, 579 U.S. at 238. While Mr. Prater still does not agree with the Court's overall ruling in his denying motion to suppress, he can acknowledge this aspect of the law.

There can be no argument that SA Lavigne acted beyond the scope of the four corners of the warrant by asking questions of Mr. Prater that were expressly prohibited. "The Fourth Amendment confines an officer executing a search warrant strictly within the bounds set by the warrant, in order to assure that those searches deemed necessary remain as limited as possible." *Dalia v. United States*, 441 U.S. 238, 260, 99 S. Ct. 1682, 60 L. Ed. 2d 177 (1979) (internal quotation marks and alterations omitted); see also, e.g., *United States v. Watson*, 63 F. App'x 216, 220 (6th Cir. 2003). "[C]ompliance [*796] with the limitations of a warrant is required by the Constitution itself." *Jones v. Kirchner*, 835 F.3d 74, 84-85, 425 U.S. App. D.C. 302 (D.C. Cir. 2016). Indeed, the Supreme Court cautions that "the Fourth Amendment confines an officer executing a search warrant strictly within the bounds set by the warrant." *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 394-95 n.7, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Flagrant disregard of a warrant's limitations risks an invalid general search and violates the Fourth Amendment. *United States v. King*, 227 F.3d 732, 751 (6th Cir. 2000) (citing

*Brindley v. Best,* 192 F.3d 525, 531 (6th Cir. 1999)). The Government cannot now circumvent SA Lavigne's actions by describing his request for the passcode as not being a search. The search warrant gave specific instructions to SA Lavigne on how, where, and what he could search, and the agent failed to follow those court-ordered instructions. This is a different scenario than in the case cited by the Government, *United States v. Nagy*, 1:13-cr-138-1, 2013 WL 2285984, at *3 (N.D. Ohio May 23, 2013). In *Nagy,* there was no search warrant putting limits on the officer's dialogue with a suspect he was investigating in the field.

It should be noted that the Government spends a great deal of its motion laying out an argument that Mr. Prater gave consent to the search by ultimately giving the passcode to SA Lavigne. While this Court did not explicitly address the topic of consent, it's irrelevant to the analysis here. If Mr. Prater did give consent, it only happened <u>after</u> the 4th Amendment violation occurred. The consent, if this Court believes exists, provides an exception to the exclusionary rule; it does not negate the 4th Amendment violation itself.

Assuming this Court stands by its earlier ruling in finding SA Lavigne violated Mr. Prater's 4th Amendment rights, Mr. Prater simply reincorporates the arguments he made in his previous omnibus motion (Doc.#89). That is, he should be given wide latitude to examine the nature and quality of this federal investigation and the credibility and competency of the officers who conducted it. Mr. Prater has no concerns that he can do this without relitigating the motion to suppress.

**Conclusion**

For the reasons set forth herein, Mr. Prater requests the Court to allow the defense to cross examine SA Lavigne about the Court's previous finding.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

/s/ Soumyajit Dutta
Soumyajit Dutta (OH 76762)
Stacey MacDonald (WA 35394)
Assistant Federal Public Defenders
Office of the Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Soumyajit_Dutta@fd.org
Stacey_Macdonald@fd.org
*Attorneys for Defendant*
*Cody Prater*

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Soumyajit Dutta
Soumyajit Dutta (OH 76762)
Assistant Federal Public Defender
