IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:25-CR-56 |
| vs. | : | JUDGE MICHAEL H. WATSON |
| CODY L. PRATER, | : | |
| Defendant. | : | |

### **DEFENSE REPLY TO GOVERNMENT MOTION TO ALLOW AUDIO**

The Defendant, Cody Prater by and through undersigned counsel respectfully submits this Reply brief in support of his Omnibus Motion in Limine to exclude the audio portions of video exhibits the government seeks to play for the jury. The Government's motion (ECF No. 90) confirms that the audio is not being offered to prove any element of the charged offenses, but rather to heighten the emotional impact of the evidence and to advance issues that are either legally irrelevant to the jury or reserved exclusively for sentencing.

**I.     The government's "Real vs AI" argument does not render the audio relevant**

The Government argues that the audio, specifically the sound of a child crying is necessary to prove that the depicted child is a "real" person rather than AI-generated. That argument fails for several independent reasons.

*a.  Crying Audio does not distinguish real content from AI-generated content*

As the Government's own argument implicitly acknowledges, modern AI technology is capable of generating audio that is distinguishable from recordings of real people, including children crying. The presence of crying audio therefore does not make it more or less probable that the depiction involves a real child.

If anything, the Government's reliance on audio underscores the problem: AI can appear real, both visually and audibly.  The audio does not resolve the issue and instead invites the jury to rely on an emotional response rather than reliable proof.

### b.  *The Government can establish "realness" through non-prejudicial means*

To the extent the Government believes it must establish that the depictions involve a real child, it can do so through forensic evidence, expert testimony, metadata, or other technical proof – none of which requires playing emotionally charged audio for the jury.  Moreover, the defense is willing to stipulate that the depictions at issue are of real individuals rather than AI-generated content.  That stipulation fully addresses the Government's stated concern and eliminates any conceivable probative need for the audio.

### II.    The Government's reliance on caselaw involving a defendant's voice is misplaced

The Government cites to an Eighth Circuit case, *United States v. Petroske,* 928 F. 3d 767 (8th Cir. 2019) in which audio *was* admitted because it captured the *defendant's own voice directing the child to engage in specific conduct.*  That case is materially distinguishable.   In that circumstance, the audio was relevant because it contained the *defendant's own statements*, and those statements were probative of an element of the offense charged – production and attempted production.  In allowing the audio to be admitted, the Court held that it was relevant to determine "whether the images were intended to elicit a sexual response and to establish the *necessary intent to prove attempt*."  *Id* at 770. (Emphasis added).

Here, by contrast, the audio does not contain Mr. Prater's voice.  The audio does not reflect any statement or directive by him and does not establish any element of possession or receipt of child pornography.   The Government's cited authority stands only for the unremarkable proposition that audio is admissible when it directly proves an element of the

offense.    It does not support admission of audio that merely heightens emotional impact without advancing the jury's fact-finding responsibilities.

### III.    "Sadistic or masochistic conduct" is a sentencing issue, not a jury issue

The Government also contends that the audio is relevant to show "sadistic or masochistic conduct."   That argument further confirms why the audio must be excluded.   Whether conduct is "sadistic or masochistic" is not an element of the offenses charged.   It is a sentencing consideration under the Sentencing Guidelines, reserved exclusively for the Court.    The jury has no role whatsoever in making sentencing determinations.   Evidence offered solely to influence how conduct might later be characterized at sentencing is irrelevant at the trial and risks inviting the jury to decide the case based on punishment, severity or moral outrage.   These are considerations that are legally improper during the guilt phase of a criminal trial. Allowing such evidence would improperly blur the line between guilt and sentencing and invite jurors to punish rather than adjudicate.

### IV.    The audio is not relevant to any element the jury must find

For each charged offense, possession and receipt of child pornography, the Government must prove knowing interaction with visual depictions that meet the statutory definition.   The visual images themselves, along with the technical and testimony evidence address those elements. The *audio does not* assist the jury in determining whether the depiction involves a minor, whether the depiction constitutes sexually explicit conduct, whether Mr. Prater knowingly received and possessed the images.    Because the audio does not make any fact of consequence more or less probable, it is irrelevant under Fed. R. Evid. 401 and inadmissible under Fed. R. Evid. 402.

> **V. Federal Rules of Evidence 403 requires exclusion because the audio serves only to inflame the jury**

Even assuming minimal relevance, the danger of unfair prejudice substantially outweighs any probative value. The sound of a crying child is uniquely inflammatory, particularly in cases of this nature. Its admission would predictably evoke sympathy, anger and moral condemnation, increasing the risk of a verdict based on emotion rather than evidence. The Government already benefits from the inherently disturbing nature of the charges and the visual evidence it seeks to introduce. The audio adds nothing but prejudice.

## CONCLUSION

The Government's motion to allow the audio of the CSAM exhibits confirms that the audio is not tied to any element the jury must decide and is instead offered to inflame, to substitute emotion for proof and to advance considerations reserved exclusively for sentencing. Where, as here, the Defense is willing to stipulate to any fact the Government claims the audio would establish, Fed. R. Evid. 403 requires exclusion. For these reasons, the defense respectfully request that the Court grant the defense motion to require that any video exhibits be published without audio.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender
Soumyajit Dutta (OH 76762)
Assistant Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999

        Facsimile: (614) 469-5999

        Stacey_Macdonald@fd.org
        Soumyajit_Dutta@fd.org

        Attorneys for Cody Prater

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that the service will be accomplished by the CM/ECF system.

        /s/ Stacey MacDonald
        Stacey MacDonald (WA 35394)