UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America**

v.

**Cody Prater,**

**Defendant.**

Case No. 2:25-cr-56

Judge Michael H. Watson

## OPINION AND ORDER

Defendant objects to a subset of the Government's Exhibit 11. Obj., ECF No. 94. Specifically, he objects to the admissibility of certain of his Telegram chat messages and moves to exclude the same as irrelevant, unduly prejudicial, and improper "other acts" evidence. *Id.* Moreover, Defendant challenges a third-party-authored message as hearsay. *Id.*

First, the at-issue messages from Defendant purport to show Defendant offering to create AI-generated obscene images. *Id.* at 2. Because Defendant is charged only with "receipt" and "possession" offenses, he argues, his offer to produce or distribute is irrelevant, inflammatory, and improper propensity evidence. *Id.* at 2–4.

The Court disagrees. Defendant's offer to create AI-generated obscene materials is relevant to, at least, his motive, intent, absence of mistake, and lack of accident, all of which are admissible under Federal Rule of Evidence 404(b). For example, messages showing Defendant's familiarity with certain technology are necessarily distinct from messages showing Defendant's intent to receive

and possess AI-generated child sexual abuse material ("CSAM"). As such, the relevance of the at-issue messages is not substantially outweighed by the risk of unfair prejudice, confusion of the issue, or any of the other Rule 403 factors. Defendant's objection as to these messages is **OVERRULED**, and the parties are **ORDERED** to confer and submit a proposed limiting instruction addressing Rule 404(b) to be read to the jury contemporaneous with the admission of the messages.

Second, Defendant challenges, as hearsay, a message authored by an unnamed third party that states, in part, "Ever since it was discovered that SD 1.5 was knowingly trained on CSAM, every site's been dumping content, and people are expecting a big legal crack down on AI some time next year as a political selling point." Gov. Ex. 11(b)—Google pixel phone Axiom Tagged-Chat preview report-Telegram Messages-7_11_2024 (second).

This objection is likewise **OVERRULED**. Contrary to Defendant's assertion, the Government is plainly not offering the statement for the truth of whether stable diffusion was trained on CSAM but rather to show Defendant's state of mind in allegedly receiving and possessing AI-generated obscene visual representations of child sexual abuse. Specifically, it shows his knowledge that stable diffusion can create CSAM, which makes it more likely than without the evidence that he knew that the stable-diffusion-created images that he received and possessed depicted sexually explicit conduct and were obscene. As it is not offered for its truth, it is not hearsay. See Fed. R. Evid. 801(c)(2).

For these reasons, Defendant's motion is **OVERRULED** in its entirety, and the Clerk shall terminate ECF No. 94.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT