UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Cody Prater,

Defendant.

Case No. 2:25-cr-56

Judge Michael H. Watson

## OPINION AND ORDER

Defendant moves to exclude the audio portions of the three videos the Government intends to introduce at trial. Mot., ECF No. 89. Separately, the parties jointly move the Court to instruct the jury prior to closing arguments. Mot., ECF No. 88. The Court turns first to Defendant's motion.

Defendant argues that the audio portions of the video clips the Government intends to introduce at trial (which were submitted to the Court as Exhibits 10D, 10K, and 10T) are irrelevant under Federal Rule of Evidence 401 and are, therefore, inadmissible under Rule 402. Mot., ECF No. 89. Alternatively, Defendant contends that the audio's probative value is substantially outweighed by the risk of unfair prejudice, such that the Court should exclude the audio pursuant to Rule 403. *Id.* He contends that the audio risks jurors deciding the case based on emotional reaction. *Id.* Finally, he contends that a less prejudicial alternative is to play the videos without sound. *Id.*

The Government argues that it bears the burden of proving that the videos depict sexual intercourse or sadistic or masochistic abuse and that Defendant *knew* the videos depicted the same. Mem., ECF No. 90. It contends that the audio

contains the victims' "expressions of pain and other sounds that correspond to the activity depicted in the video[s]," such that it will assist the jury in determining whether the videos depict sexual intercourse or sadistic or masochistic abuse. *Id.* at 2. The Government also contends that it bears the burden, for Counts One and Four, of proving that real minors are involved and that the audio will help the jury determine the same. *Id.* Moreover, the Government contends that it has reasonably attempted to limit the risk of unduly inflaming the jury's passion by selecting only small clips from only certain videos to play and by otherwise using still images from various videos in a storyboard. *Id.*

Defendant replies that the jury will be unlikely to distinguish real sounds (e.g., crying) from AI-generated sounds, such that the audio will not aid the jury's determination as to whether the videos depict real children. Reply 1, ECF No. 93. Moreover, Defendant is willing to stipulate that the videos involve real people. *Id.* at 2. He also contends that the issue of sadistic or masochistic conduct is relevant only to sentencing. *Id.* at 3.

The Court agrees that the audio is relevant under Federal Rule of Evidence 401. The Government must prove—not just for sentencing but as an element in Counts One and Four—that the visual depictions involved "sexually explicit conduct" and that Defendant knew the same. "Sexually explicit conduct" includes actual or simulated sexual intercourse as well as actual or simulated sadistic or masochistic abuse. The audio makes it more likely than without the audio that, at least, sadistic or masochistic abuse is occurring in the videos. It certainly makes it more likely than without the audio that Defendant knew the same, especially as screaming and

crying suggests pain and abuse. Additionally, the audio makes it more likely than without the same that the individuals involved in the depictions are under the age of 18.[1]

In sum, the audio satisfies Rule 401 and is presumptively admissible under Rule 402.

Next, the audio is not substantially outweighed by unfair prejudice and therefore need not be excluded under Rule 403. It is true that the depictions, without audio, may be sufficient to prove sexual intercourse, sadistic or masochistic abuse, and the involvement of minors. Mere sufficiency of other evidence is not the test, however. See Fed. R. Evid. 403 (requiring probative value to be "substantially outweighed" to warrant exclusion). The Government must be able to prove its case, and even if the Government accepted Defendant's stipulation that the videos involve real people (or even real minors), it must still prove sexual intercourse or sadistic or masochistic abuse and Defendant's knowledge of the same. The audio is pertinent to that purpose and, unfortunately, the inflammatory nature of the audio is inherent to the type of crime Defendant is accused of committing. At bottom, the Court refuses to handicap the Government's presentation of evidence simply because that evidence, which Defendant allegedly knowingly received and possessed, is likely to invoke an emotional response from the jury. This is especially true given that: (1)

---

[1] The Court is hesitant to find, however, that the audio tends to make it more likely than without the same that the videos involve real children as the Government has not argued how it intends to prove (or that it is obvious) that the audio is real, as opposed to itself being AI-generated.

the images and videos, alone, will likely inflame the jury's passion such that the addition of the audio will be only incrementally inflammatory, and (2) the Government has proactively attempted to balance the relevance and prejudice by limiting the multitude of videos it could seek to admit to only three clips lasting no more than twenty seconds each. In lieu of admitting longer clips or additional videos, the Government has created a storyboard of still images captured from the other videos, which ameliorates the risk of inflaming the jury's passion caused by the audio.

In conclusion, because the audio is relevant and not substantially outweighed by the risk of prejudice, and because the Government will take (and has already taken) great steps to limit unfair prejudice, Defendant's motion, ECF No. 89, is **DENIED**, and the Government is **PERMITTED** to play the audio in connection with all three videos.

The parties' joint motion for the Court to read jury instructions before closing arguments, ECF No. 88, is **GRANTED**.

The Clerk shall terminate ECF Nos. 88 and 89.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**