**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

                                                   **Case No: 2:25-cr-56**

**v.**

                                            **JUDGE MICHAEL H. WATSON**

**CODY L. PRATER.**

**<u>FINAL JURY INSTRUCTIONS</u>**

1

## TABLE OF CONTENTS

INTRODUCTION…………………………………………………………………………..4

JURORS' DUTIES………………………………………………………………………5

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT...6-7

EVIDENCE DEFINED………………………………………………………….…..……..8

CONSIDERATION OF THE EVIDENCE……………………………………....………..9

DIRECT AND CIRCUMSTANTIAL EVIDENCE………………………………..…...10

CREDIBILITY OF WITNESSES……………………………………………………11-12

CREDIBILITY OF LAW ENFORCEMENT WITNESSES………..….…….……….13

NUMBER OF WITNESSES……………………………………………………………14

IMPLICIT BIAS…………………………………………………………………………15

LAWYER'S OBJECTIONS……………………………………………….…………..16

INDICTMENT…………………………………………………………………….....17

VERDICT        LIMITED        TO        CHARGES        AGAINST
DEFENDANT……………………………………………………….….……..18

SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES………..…………..19

OVERVIEW OF THE CRIMES CHARGED………………………………………20

ON OR ABOUT………………………………………………………………………21

INFERRING REQUIRED MENTAL STATES……………………………..………22

USE OF THE WORD "AND" IN THE INDICTMENT……………………………....23

DEFINITION OF THE CRIME – COUNT ONE: RECEIPT OF CHILD
PORNOGRAPHY………………………………………………………………24-26

DEFINITION OF THE CRIME – COUNT TWO: RECEIPT OF AN OBSCENE VISUAL
REPRESENTATION OF CHILD SEXUAL ABUSE ……………………………27-30

DEFINITION OF THE CRIME – COUNT THREE: POSSESSION OF AN OBSCENE
VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE …………………….31-32

DEFINITION OF THE CRIME – COUNT FOUR: POSSESSION OF CHILD
PORNOGRAPHY……………………………………………………………….…………33

SPECIAL EVIDENTIARY MATTERS…………………………………………………34

IMAGES AND VIDEOS OF CHILD PORNOGRAPHY……………………..……………35

DEFENDANT'S ELECTION NOT TO TESIFY OR PRESENT EVIDENCE………..…...36

OPINION TESTIMONY……………………………………………………………..…...37

WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS……………………..…..38

SUMMARIES AND OTHER MATERIALS NOT ADMITTED INTO EVIDENCE………..39

OTHER ACTS OF DEFENDANT…………………………………………………….…....40

PRIOR OFFENSE …………………………………………………………………....…..41

JUDICIAL NOTICE………………………………………………………………………..42

STIPULATIONS……………………………………………………………………..43–44

DELIBERATIONS AND VERDICTS – INTRODUCTION…………………..………..45

EXPERIMENTS, RESEARCH, INVESTIGATION, AND OUTSIDE

COMMUNICATIONS……………………………………………………………………46–47

UNANIMOUS VERDICT……………………………………………………….…………48

DUTY TO DELIBERATE………………………………………………….…….…..…49

PUNISHMENT………………………………………………………………..…………50

VERDICT FORM……………………………………………………………….………..51

COURT HAS NO OPINION……………………………………………………………52

JUROR NOTES………………………………………………………………………….53

JURY'S RECOLLECTION CONTROLS……………………………………………54

NOTIFY SECURITY OFFICER WHEN VERDICT IS READY……………………………55

WRITTEN INSTRUCTIONS……………………………………………………………56

## <u>NO. 1: INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that Defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## NO. 2: JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved Defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## <u>NO. 3: PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,</u><br><u>REASONABLE DOUBT</u>

As you know, Defendant has pleaded "Not Guilty" to the crimes charged in the Indictment.  An Indictment is not any evidence at all of guilt.  It is just the formal way that the Government tells Defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the Government presented evidence here in court that overcame the presumption and convinced you beyond a reasonable doubt that he is guilty.

This means that Defendant had no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish.  You must find Defendant not guilty unless the Government convinced you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the Government has proved Defendant guilty beyond a reasonable doubt on any of the counts, say so by returning a guilty verdict on that count

or counts.  If you are not convinced, say so by returning a not guilty verdict on that count or counts.

## NO. 4: EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence. My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore those questions.  Do not even think about them.  Do not speculate about what a witness might have said.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

8

## NO. 5: CONSIDERATION OF THE EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists.  We call this an "inference."   A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the Government to Defendant.

## NO. 6: DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I told you at the beginning of this trial, you heard both "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence you heard.  The law neither makes a distinction between the weight that you should give to either one nor says that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## NO. 7: CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the Government or Defendant, or anything to gain or lose from the case, which might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that

11

is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

## **NO. 8: CREDIBILITY OF LAW ENFORCEMENT WITNESSES**

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the federal government or the State of Ohio as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

Again, it is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

13

## NO. 9: NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## NO. 10: IMPLICIT BIAS

Do not decide the case based on "implicit biases."  As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of.  These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.  Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.  The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions.  Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

### NO. 11: LAWYER'S OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## **NO. 12: INDICTMENT**

Earlier I referred to a document known as a charging instrument, or an Indictment. An Indictment is the formal method of accusing a defendant of offenses and placing that defendant on trial.  It is not evidence against Defendant and does not create any inference of guilt.  It merely describes the charges made against Defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of Defendant.  In reaching your determination of whether the Government has proved Defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

## NO. 13: VERDICT LIMITED TO CHARGES AGAINST DEFENDANT

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that Defendant is accused of committing.

But before I do that, I want to emphasize that Defendant is on trial for only the particular crimes charged in the Indictment.  Your job is limited to deciding whether the Government has proved the crimes charged.

## NO. 14: SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

Defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge and to return a separate verdict for each one.  For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## NO. 15: OVERVIEW OF THE CRIMES CHARGED

I will now give you an overview of the crimes Defendant is accused of committing.

Count One charges Defendant with receipt of a visual depiction of a minor engaged in sexually explicit conduct.

Count Two charges Defendant with receiving obscene visual representations of the sexual abuse of children.

Count Three charges Defendant with possessing obscene visual representations of the sexual abuse of children.

Count Four charges Defendant with possessing a visual depiction of a prepubescent minor engaged in sexually explicit conduct.

## **NO.16: ON OR ABOUT**

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" certain dates.  The Government does not have to prove that the crimes happened on those exact dates.  But the Government must prove that the crimes happened reasonably close to those dates.

## NO. 17: INFERRING REQUIRED MENTAL STATES

Next, I want to explain something about proving Defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what Defendant said, what Defendant did, how Defendant acted, and any other facts or circumstances in evidence that show what was in Defendant's mind.

You may also consider the natural and probable results of any acts that Defendant knowingly did or did not do, and whether it is reasonable to conclude that Defendant intended those results. This, of course, is all for you to decide.

## NO. 18: USE OF THE WORD "AND" IN THE INDICTMENT

Although the Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## NO. 19: DEFINITION OF THE CRIME—COUNT ONE:
## RECEIPT OF CHILD PORNOGRAPHY

Count One of the Indictment charges Defendant with receipt of a visual depiction of a minor engaged in sexually explicit conduct.  For you to find Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* That Defendant knowingly received a visual depiction.

*Second*: That production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

*Third:* That the visual depiction was of a minor engaging in sexually explicit conduct.

*Fourth*: That Defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.

*Fifth*: That the visual depiction was received using any means or facility of interstate commerce, including the internet.

Now I will give you some more detailed instructions on some of these terms.

*Minor:* the term "minor" means any person under the age of 18 years.

*Visual Depiction*: the term "visual depiction" includes data stored on computer disk or by electronic means which is capable of conversion into a visual image as well as data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

*Sexually Explicit Conduct*: the term "sexually explicit conduct" means actual or simulated

24

1. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

2. Bestiality;

3. Masturbation;

4. Sadistic or masochistic abuse; or

5. Lascivious exhibition of the genitals or pubic area of a person.

*Lascivious Exhibition*: in deciding whether an exhibition is lascivious, you may consider these six factors:

1. Whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2. Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3. Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4. Whether the child is fully or partially clothed, or nude;

5. Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

6. Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious.  Instead, you must determine whether the visual depiction is lascivious based on its overall content.  It is for you to decide the weight or lack of weight to be given any of these factors.

25

_Interstate Commerce_: the term "in interstate commerce" means the production materials crossed or would cross a state line.  The term "means or facility of interstate commerce" includes the Internet or the telephone.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find Defendant not guilty of this charge.

## NO. 20: DEFINITION OF THE CRIME—COUNT TWO: RECEIPT OF AN OBSCENE VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE

Count Two of the Indictment charges Defendant with receiving obscene visual representations of the sexual abuse of children. For you to find Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

*First*: That Defendant knowingly received a visual depiction of any kind.

*Second*: That the visual depiction depicts a minor engaging in sexually explicit conduct.

*Third*: That the visual depiction is obscene.

*Fourth*: That Defendant knew, at the time of such receipt, the sexually oriented nature of the visual depiction.

*Fifth*: That Defendant knew, at the time of such receipt, the visual depiction depicted a minor.

*Sixth*: That the visual depiction had been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet.

Now I will give you some more detailed instructions on some of these terms.

The terms "a visual depiction" and "sexually explicit conduct" have the same meanings for purposes of Count Two as the definitions I provided you regarding Count One; and the definition regarding interstate commerce is also the same as for Count One. The term "minor" means any person under the age of 18 years; however, the United States is not required to prove the minor depicted actually exists.

27

*Knowingly:* Although the Government must prove that Defendant generally knew the materials were of a sexually oriented nature, the Government does not have to prove that Defendant knew the materials were legally obscene.

*Obscene:* Freedom of expression has contributed much to the development and well-being of our free society.  In the exercise of the fundamental constitutional right to free expression which all of us enjoy, sex may be portrayed, and the subject of sex may be discussed, freely and publicly.  Material is not to be condemned merely because it contains passages or sequences that are descriptive of sexual activity.  However, the constitutional right to free expression does not extend to that which is obscene.

To prove a matter is "obscene," the Government must show three things: (1) that the material appeals predominantly to prurient interest; (2) that the material depicts or describes sexual conduct in a patently offensive way; and (3) that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.

An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, as distinguished from a mere candid interest in sex.

The first test, therefore, is whether the predominant theme or purpose of the material, when viewed as a whole and not part by part, and when considered in relation to the intended and probable recipients, is an appeal to the prurient interest of 1) an average person in the community as a whole, or 2) to the prurient interest of members of a deviant sexual group.  In making this decision, you must examine the main or principal thrust of the material, when assessed in its entirety and based on its total effect, not on incidental themes or isolated passages or sequences.

28

The second test is whether the material depicts or describes, in a patently offensive way, sexual conduct such as ultimate sexual acts, normal or perverted, actual or simulated; masturbation; excretory functions; or lewd exhibition of the genitals.

These first two tests which I have described are to be decided by you, applying contemporary community standards. This means that you should make the decision in the light of contemporary standards that would be applied by the average person in this community, with an average and normal attitude toward—and interest in—sex. Contemporary community standards are those accepted in this community as a whole. You must decide whether the material would appeal predominantly to prurient interests and would depict or describe sexual conduct in a patently offensive way when viewed by an average person in this community as a whole, that is, by the community at large or in general. Matter is patently offensive by contemporary community standards if it so exceeds the generally accepted limits of candor in the entire community as to be clearly offensive. You must not judge the material by your own personal standards, if you believe them to be stricter than those generally held, nor should you determine what some groups of people may believe the community ought to accept or refuse to accept. Rather, you must determine the attitude of the community as a whole.

However, the prurient-appeal requirement may also be assessed in terms of the sexual interest of a clearly defined deviant sexual group if the material in question was intended to appeal to the prurient interest of that group, as distinguished from the community in general.

If you find that the material meets the first two tests of the obscenity definition, your final decision is whether the material, taken as a whole, lacks serious literary, artistic,

political, or scientific value.  Unlike the first two tests, this third test is not to be decided on contemporary community standards but rather on the basis of whether a reasonable person, considering the material as a whole, would find that the material lacks serious literary, artistic, political, or scientific value.  An item may have serious value in one or more of these areas even if it portrays sexually oriented conduct.  It is for you to say whether the material in this case has such value.

All three of these tests must be met before the material in question can be found to be obscene.  If any one of them is not met, the material would not be obscene within the meaning of the law.

*Computer:*  The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find Defendant not guilty of this charge.

### NO. 21: DEFINITION OF THE CRIME—COUNT THREE: POSSESSION OF AN OBSCENE VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE

Count Three of the Indictment charges Defendant with possessing obscene visual representations of the sexual abuse of children. For you to find Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* That Defendant knowingly possessed a visual depiction of any kind.

*Second*: That the visual depiction depicts a prepubescent minor engaging in sexually explicit conduct.

*Third:* That the visual depiction is obscene.

*Fourth*: That Defendant knew, at the time of such possession, the sexually oriented nature of the visual depiction.

*Fifth*: That Defendant knew, at the time of such possession, the visual depiction depicted a prepubescent minor.

*Sixth:* That the visual depiction had been shipped or transported in interstate or foreign commerce by any means, including by computer or the internet.

Now I will give you some more detailed instructions on some of these terms.

The terms "a visual depiction" and "sexually explicit conduct" have the same meanings for purposes of Count Three as the definitions I provided you regarding Count One; and the definitions for "minor," "knowingly," "obscene," and "interstate commerce" have the same meaning for Count Three as they did for Count Two.

31

_Prepubescent_: The term "prepubescent" means relating to or in the period preceding puberty and generally lacking adult sexual characteristics such as body hair and breast development.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find Defendant not guilty of this charge.

## NO. 22: DEFINITION OF THE CRIME—COUNT FOUR:
## POSSESSION OF CHILD PORNOGRAPHY

Count Four of the Indictment charges Defendant with possessing a visual depiction of a prepubescent minor engaged in sexually explicit conduct. For you to find Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* That Defendant knowingly possessed one or more files containing a visual depiction.

*Second*: That the production of the visual depiction involved the use of a prepubescent minor engaging in sexually explicit conduct.

*Third:* That the visual depiction was of a prepubescent minor engaging in sexually explicit conduct.

*Fourth*: That Defendant knew that the visual depiction was of a prepubescent minor engaging in sexually explicit conduct.

*Fifth*: That the visual depiction was received using any means or facility of interstate commerce.

The terms "minor", "a visual depiction", and "sexually explicit conduct," have the same meanings for purposes of Count Four as the definitions I provided you regarding Count One; and the definition regarding "interstate commerce" is also the same as for Count One. The definition of "prepubescent" is also the same for Count Four as it was for Count Three.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant not guilty of this charge.

33

## NO. 23: SPECIAL EVIDENTIARY MATTERS—INTRODUCTION

That concludes the part of my instructions explaining the elements of the crimes charged.  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## NO. 24: IMAGES AND VIDEOS OF CHILD PORNOGRAPHY

The Court has admitted certain images into evidence which you have viewed here in the courtroom.  You should not allow any feelings that you may have regarding these images to affect your determination in any manner.  The Government must still prove beyond a reasonable doubt each element of the crimes charged against Defendant before he can be found guilty.  You should consider these images in the same way as you would any other evidence offered by either side in this case.

## NO. 25: DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence.  The fact that Defendant did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove beyond a reasonable doubt that Defendant is guilty.  It is not up to Defendant to prove that he is innocent.

## NO. 26: OPINION TESTIMONY

You have heard the testimony of Mr. Christoper Beattie, Mr. Tyler Queen, and Ms. Chancey Davis, who testified as opinion witnesses.

You do not have to accept the opinions of Mr. Christoper Beattie, Mr. Tyler Queen, and Ms. Chancey Davis. In deciding how much weight to give their testimony, you should consider each witness's qualifications and how each one reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

## NO. 27: WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of several witnesses who testified to both facts and opinions.  Each type of testimony should be given the proper weight.

As to testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to testimony on opinions, you do not have to accept these witnesses' opinions. In deciding how much weight to give the opinions, you should consider the witness's qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

## NO. 28: SUMMARIES AND OTHER MATERIALS NOT ADMITTED INTO EVIDENCE

During the trial you have seen counsel use summaries, drawings, or similar material which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

## NO. 29: OTHER ACTS OF DEFENDANT

You have heard testimony that Defendant committed acts or wrongs other than the ones charged in the Indictment.  If you find that Defendant did those other acts or wrongs, you can consider the evidence only as it relates to the Government's claim on Defendant's knowledge, identity, or absence of mistake with respect to the charged crimes.  You must not consider it for any other purpose.

Remember that Defendant is on trial here only for the charges identified in the Indictment, not for other acts.  Do not return a guilty verdict unless the Government proves the crimes charged in the Indictment beyond a reasonable doubt.

## NO. 30: PRIOR OFFENSE

During the trial, you heard evidence that Defendant was previously convicted of Pandering Sexually-Oriented Matter Involving a Minor, in violation of Ohio Revised Code Section 2907.322(A)(1).

Consistent with Instruction No. 29, for Counts Two and Three, you may consider Defendant's prior convictions only as they relate to the Government's claim on Defendant's knowledge, identity, or absence of mistake.  However, despite Instruction No. 29, you may consider Defendant's prior convictions for their bearing on any matter to which they are relevant as to Counts I and IV.  It is entirely up to you to determine what weight, if any, such evidence deserves as to those counts.  In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.

However, you are cautioned again that Defendant is not on trial here for any acts or crimes not alleged in the Indictment.  Defendant may not be convicted of the crimes charged in the Indictment if you were to find only that he committed other crimes at some other time.  You are reminded that, at all times, the Government bears the burden of proving beyond a reasonable doubt that Defendant committed the offenses charged in the Indictment.

## NO. 31: JUDICIAL NOTICE

I have decided to accept the following as true, even though no evidence was presented on this point.  You may accept this fact as true, but you are not required to do so:

The city of Columbus, Ohio, is located within the Southern District of Ohio.

## NO. 32: STIPULATIONS

The Government and Defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

1.     The Nickname of Cody Prater: The parties agree that Defendant utilized the nickname Kaji Taiki.

2.     Means and Facilities of Interstate Commerce: The parties agree that the internet qualifies as a means and facility of interstate commerce.

3.     Coordinated Universal Time: The parties agree that "UTC" stands for Coordinated Universal Time, a unified time standard throughout the world.  When comparing UTC to Eastern Standard Time (EST), the time zone for the Southern District of Ohio, the time in EST is four hours behind UTC (UTC-4) during daylight savings time, which, in 2024, began on March 10 and concluded on November 3.  When daylight savings time is not in effect, EST is five hours behind UTC (UTC-5).

4.     Authenticity of Scene Photographs: The parties agree that if called to testify, Justin Myers, a Special Agent with Homeland Security Investigations, would state that he was present at 317 South Locust Street, McArthur, Ohio, when a search warrant was executed there on July 11, 2024, at approximately 10:00 a.m.  The parties agree that SA Myers took photographs of the residence on that date and time and that the photographs, identified as Government Exhibit 5A, truly and accurately depict the residence as it appeared on July 11, 2024.

5.     Data Copied from an Electronic Device or Storage Medium:  The parties agree that the certifications of Nicole Islam, a former Computer Forensic Analyst (CFA) with Homeland Security Investigations and Anna Edgar, a Special Agent and Computer

Forensic Analyst (CFA) with Homeland Security Investigations, properly authenticate the forensic extractions of the following items: Government Exhibits 9D, 9E, and 9F, identified as a Lian Li Gaming Desktop PC, Government Exhibit 12A, identified as a Lenovo A2107A-H 60015 16 GB Tablet PC, and Government Exhibit 11A, identified as a Google Pixel 7 Pro. That is, (i) Ms. Islam and Special Agent Edgar were qualified to conduct forensic extractions of these three devices, (ii) the process or system for copying those records is regularly verified by the Department of Homeland Security, Homeland Security Investigations, (iii) at all times pertinent to the copying, that process functioned properly and normally; and (iv) that the forensic extraction tools they utilized copied the data from the device in an unaltered fashion and reflect a true and accurate duplicate of the contents of those devices.

Defendant reserves the right to object to the admissibility and/or publication of some or all of these files on other grounds but agrees that the records are self-authenticating and otherwise admissible as data copied from an electronic device, storage medium, or file, pursuant to Federal Rule of Evidence 902(14).

44

## NO. 33: DELIBERATIONS AND VERDICTS—INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  The foreperson acts as the chairperson of the meeting and is your spokesperson here in court.

Once you start deliberating, do not talk to the jury officer, the courtroom deputy, to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, have the foreperson write the time and date and sign them, and then give the paper to the jury officer.  The jury officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits, except for Government's Exhibit 10B (used by Christopher Beattie) and Government's Exhibits 13A10 and 13E6 (used by Chancey Davis) will be sent to the jury room with you so you can review them during your deliberations.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone outside the jury room that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## NO.34: EXPERIMENTS, RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use electronic devices or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, X (formerly Twitter), Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can discuss the case only in the jury room with your fellow jurors during deliberations.  You must inform me if you become aware of another juror's violations of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important—indeed required—that you decide the case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

46

You are permitted to discuss the case only with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of the proceedings, and a mistrial could result, which would require the entire trial process to start over.  As I said at the beginning of trial, a juror who violates these rules will be held in contempt of court and could face criminal prosecution and jail time.

## NO. 35: UNANIMOUS VERDICT

Your verdicts, whether guilty or not guilty, must be unanimous as to each count.

To find Defendant guilty of a particular count, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find Defendant not guilty of a particular count, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict as to each count must be unanimous.

## NO. 36: DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what other jurors have to say, and then decide for yourself if the Government has proven Defendant guilty beyond a reasonable doubt on each count.

49

## NO. 37: PUNISHMENT

If you decide that the Government has proved Defendant guilty on one or more counts, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved Defendant guilty beyond a reasonable doubt.

## NO. 38: VERDICT FORM

I have prepared verdict forms that you should use to record your verdict.

If you decide that the Government has proved Defendant guilty beyond a reasonable doubt of one or more of the charges of the Indictment, say so by having your foreperson mark the appropriate place on the corresponding form. If you decide that the Government has not proved any one or more of the charges against Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the corresponding form. Your foreperson should then sign the forms and put the date on them. All other jurors should sign the forms. Your foreperson should then alert the jury officer that you have your verdicts.

## **NO. 39: COURT HAS NO OPINION**

Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved Defendant guilty beyond a reasonable doubt.

## **NO. 40: JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.  I allowed you to take notes during the parties' opening statements, and you may take notes also during closing arguments.  As I told you before, the lawyers' statements and arguments are not evidence.  The same is true for your notes based on those statements and arguments.  Your decision should be based only on the evidence, as I have defined it in these instructions, and nothing else.

## NO. 41: JURY'S RECOLLECTIONS CONTROLS

If any reference by the Court or by the attorneys to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or the attorneys.

You are the sole judges of the evidence received in this case.

## **NO. 42: NOTIFY JURY OFFICER WHEN VERDICT IS READY**

When you arrive at a verdict, you will notify the Jury Officer, who will inform the Court.

## <u>NO. 43: WRITTEN INSTRUCTIONS</u>

This concludes my instructions to you.  The written form of the instructions on the law I have just given you will be available to you in the jury room.  You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.  These written instructions represent the law that is applicable to the facts, as you find them to be.