IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:25-cr-00056 |
| Plaintiff, | : | |
| | : | JUDGE MICHAEL H. WATSON |
| v. | : | |
| | : | |
| CODY L. PRATER, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b), for the issuance of a Preliminary Order of Forfeiture. This motion is supported by the record in this case and the following memorandum.

**MEMORANDUM**

On November 18, 2025, a grand jury in the Southern District of Ohio returned a four-count Superseding Indictment charging defendant Cody L. Prater in Count 1 with Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); in Count 2 with Receiving Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(a)(l) and (d)(4); in Count 3 with Possessing Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(b)(l) and (d)(4); and in Count 4 with Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (Doc. 67.)

The forfeiture allegations in the Superseding Indictment provided notice to the defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 2253(a), of any unlawful visual depiction or property that contains such visual depiction as set forth in 18 U.S.C. § 2253(a)(1), and any property the defendant used or intended to use to commit the offenses

charged in Counts 1 and 4 of the Superseding Indictment; and pursuant to 18 U.S.C. § 1467(a), of any obscene material produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 71, and any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts 2 and 3 of the Superseding Indictment, including but not limited to the following (the "subject property"):

- A Gigabyte B450M Gaming Desktop Model Number DS3H, including its contents;
- A Samsung SSD 850 EVO 500 GB Computer, Model Number MZ-75E500, including its contents;
- A Western Digital SN530 NVMe 256 GB SSD, Model Number SDBPNPZ-256G-1006A, including its contents;
- A SanDisk Cruzer Dial "Tails" 32 GB Thumb Drive, Model Number BM180526434B, including its contents;
- A Kobee Cellular Phone, including its contents;
- A Micro Center USB3.1 16 GB Thumb Drive, including its contents;
- A Lenovo A2107A-H 16 GB Tablet, Serial Number XD00859922, including its contents;
- A black Samsung Smartphone, including its contents;
- A Samsung Galaxy A10e 32 GB Smartphone, Model Number GSM SM-2102DL, including its contents;
- A silver LG Smartphone, including its contents;
- A black LG Smartphone, including its contents;
- An Acer Aspire 7520-5757 Laptop, Serial Number 80804641316, including its contents;
- A Seagate Momentus Thin 320 GB SSD, Model Number ST320LT020, including its contents; and
- One Google Pixel 7 Pro with associated IMEI 352419782599670, including its contents.

(*Id.*)

On February 5, 2026, following a four-day trial, the jury returned its verdicts against the defendant finding him guilty on all counts of the Superseding Indictment. (Doc. 104.) At the conclusion of trial, the defendant consented to the forfeiture of all property listed in the forfeiture allegations of the Superseding Indictment and waived his right to the jury's determination of the forfeiture.

2

Title 18, United States Code, Section 2253(a) provides that a person who is convicted of an offense under 18 U.S.C. § 2252 involving a visual depiction described in such offense, shall forfeit to the United States the defendant's interest in any unlawful visual depiction or property that contains such visual depiction as set forth in 18 U.S.C. § 2253(a)(1), which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.  18 U.S.C. § 2253(a)(1) and (3).

Title 18, United States Code, Section 1467(a) provides that a person who is convicted of an offense under 18 U.S.C. § 1466A shall forfeit to the United States the defendant's interest in any obscene material produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 71; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.  18 U.S.C. § 1467(a)(1) and (3).

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure provides, in relevant part: "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense."  Fed. R. Crim. P. 32.2(b)(1)(A).  "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P. 32.2(b)(1)(B).

In this case, the United States has proved by a preponderance of the evidence that the subject property is property that contains an unlawful visual depiction as set forth in 18 U.S.C. § 2253(a)(1); is property that the defendant used or intended to use to commit the offenses charged

3

in Counts 1 and 4 of the Superseding Indictment; is obscene material which was transported, shipped, or received in violation of 18 U.S.C. § 1466A; and/or is property that the defendant used or intended to use to commit the offenses charged in Counts 2 and 3 of the Superseding Indictment.

Based on the evidence set forth in the record and the defendant's consent to forfeiture, the United States asserts that is has established the requisite nexus between the subject property and the offenses for which the jury found the defendant guilty.  Accordingly, the subject property is forfeitable to the United States under 18 U.S.C. § 2253(a)(1) and (3) and/or 18 U.S.C. § 1467(a)(1) and (3).

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, forfeiting the subject property to the United States.

        Respectfully submitted,

        DOMINICK S. GERACE II
        United States Attorney


        *s/ Emily Czerniejewski*
        EMILY CZERNIEJEWSKI (IL 6308829)
        Assistant United States Attorney
        Attorney for Plaintiff
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        (614) 469-5715
        Emily.Czerniejewski@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026, a copy of the foregoing United States' Motion for Preliminary Order of Forfeiture was filed with the Court's electronic filing system (CM/ECF), which will send electronic notification of such filing to all parties represented by attorneys who are registered CM/ECF users.

*s/ Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney