**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:25-cr-00056** |
| **Plaintiff,** | : | |
| | : | **JUDGE MICHAEL H. WATSON** |
| **v.** | : | |
| | : | |
| **CODY L. PRATER,** | : | |
| | : | |
| **Defendant.** | : | |

**PRELIMINARY ORDER OF FORFEITURE**

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, the Court HEREBY FINDS THAT:

On November 18, 2025, a grand jury in the Southern District of Ohio returned a four-count Superseding Indictment charging defendant Cody L. Prater in Count 1 with Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); in Count 2 with Receiving Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(a)(l) and (d)(4); in Count 3 with Possessing Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(b)(l) and (d)(4); and in Count 4 with Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  (Doc. 67.)

The forfeiture allegations in the Superseding Indictment provided notice to the defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 2253(a), of any unlawful visual depiction or property that contains such visual depiction as set forth in 18 U.S.C. § 2253(a)(1), and any property the defendant used or intended to use to commit the offenses charged in Counts 1 and 4 of the Superseding Indictment; and pursuant to 18 U.S.C. § 1467(a), of any obscene material produced, transported, mailed, shipped, or received in violation of Title 18,

United States Code, Chapter 71, and any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts 2 and 3 of the Superseding Indictment, including but not limited to the following (the "subject property"):

- A Gigabyte B450M Gaming Desktop Model Number DS3H, including its contents;
- A Samsung SSD 850 EVO 500 GB Computer, Model Number MZ-75E500, including its contents;
- A Western Digital SN530 NVMe 256 GB SSD, Model Number SDBPNPZ-256G-1006A, including its contents;
- A SanDisk Cruzer Dial "Tails" 32 GB Thumb Drive, Model Number BM180526434B, including its contents;
- A Kobee Cellular Phone, including its contents;
- A Micro Center USB3.1 16 GB Thumb Drive, including its contents;
- A Lenovo A2107A-H 16 GB Tablet, Serial Number XD00859922, including its contents;
- A black Samsung Smartphone, including its contents;
- A Samsung Galaxy A10e 32 GB Smartphone, Model Number GSM SM-2102DL, including its contents;
- A silver LG Smartphone, including its contents;
- A black LG Smartphone, including its contents;
- An Acer Aspire 7520-5757 Laptop, Serial Number 80804641316, including its contents;
- A Seagate Momentus Thin 320 GB SSD, Model Number ST320LT020, including its contents; and
- One Google Pixel 7 Pro with associated IMEI 352419782599670, including its contents.

(*Id.*)

On February 5, 2026, following a four-day trial, the jury returned its verdicts against the defendant finding him guilty on all counts of the Superseding Indictment.  (Doc. 104.)  At the conclusion of trial, the defendant consented to the forfeiture of all property listed in the forfeiture allegations of the Superseding Indictment and waived his right to the jury's determination of the forfeiture.

Based on the evidence set forth in the record and the defendant's consent to forfeiture, the subject property is forfeitable, pursuant to 18 U.S.C. § 2253(a)(1) and (3), as property that contains

an unlawful visual depiction, and/or property that the defendant used or intended to use to commit the offenses charged in Counts 1 and 4 of the Superseding Indictment; and/or pursuant to 18 U.S.C. § 1467(a)(1) and (3), as obscene material which was transported, shipped, or received, and/or property that the defendant used or intended to use to commit the offenses charged in Counts 2 and 3 of the Superseding Indictment.

The United States has established the requisite nexus between the subject property and the offenses for which the jury has found the defendant guilty.  The defendant had an interest in the subject property.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(1) and (3) and/or 18 U.S.C. § 1467(a)(1) and (3).

2.      The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3.      In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.  Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv).  Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4.      The notice must describe the forfeited property, state the times under the applicable

3

statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5.      Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6.      Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7.      The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8.      This Preliminary Order of Forfeiture is final as to the defendant and shall be made part of the sentence and included in the Judgment.  This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

**IT IS SO ORDERED.**

Dated: _____        _____

                                    HONORABLE MICHAEL H. WATSON
                                    UNITED STATES DISTRICT JUDGE